# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

Conghua Yan,

Plaintiff-Appellant,

v.

The State Bar of Texas, et al.,

Defendants-Appellees.

**APPELLANT'S MOTION FOR LEAVE TO FILE EXTRA-LENGTH OPENING BRIEF AND REQUEST FOR PROMPT RULING**

Appellant Conghua Yan, proceeding pro se, respectfully moves under Federal Rules of Appellate Procedure 32(a)(7)(B) and 32(e), and Fifth Circuit Rule 32.4, for leave to file an opening brief containing no more than 22,000 non-exempt words. The attached proposed opening brief is submitted solely to permit the Court to evaluate the scope of the appeal and the requested ceiling. **It is a working version, not Appellant's final filing**. Appellant is completing ROA-citation validation and final formatting. If the requested ceiling is approved before the due date, Appellant will file the final brief on or before June 15, 2026. No extension is requested if that relief is granted before the due date.

This motion is timely under Fifth Circuit Rule 32.4 because it is filed more than ten days before the opening brief is due. Appellant respectfully requests a ruling before June 15, 2026, if practicable, so that he can file the final brief on time without imposing the delay or additional work associated with a later rewrite.

**1. Requested relief**

Appellant respectfully requests an order before June 15, 2026, permitting him to file a final opening brief containing no more than 22,000 non-exempt words. The attached proposed brief is provided for evaluation of the requested ceiling only. If the Court denies the requested ceiling or authorizes a lower ceiling, Appellant alternatively requests an extension of at least fourteen days from the date of the Court's order, with such additional reasonable time as may be necessary if the permitted ceiling requires a more extensive rewrite.

**2. Substantial case-specific reasons support the requested extra length**

Federal Rule of Appellate Procedure 32(a)(7)(B) ordinarily limits a principal brief to 13,000 words. Federal Rule of Appellate Procedure 32(e) permits the Court, by order in a particular case, to accept a brief exceeding that limit. Fifth Circuit Rule 32.4 permits a party to move for an extra-length brief at least ten days before the brief is due. Appellant requests a ceiling of 22,000 words because this appeal combines distinct ruling paths that must be presented in one opening brief.

Good cause exists because this appeal does not present one ruling or one appellee. It requires a single opening brief to address intertwined threshold and merits rulings, multiple standards of review, distinct record sets, and a post-remand judgment, while separating the arguments applicable to DeAngelis, the SBTX Defendants, Barrows-Ybarra and Pigg, and U.S. Bank. The requested extra length permits a coherent presentation without collapsing party-specific issues or obscuring the procedural sequence.

The prior appeal provides a concrete baseline. In No. 24-10543, Appellant requested an 18,000-word opening brief, and Appellees consented. The proposed brief is only approximately 4,000 words longer. The **additional** words address **matters that did not exist** when the prior appeal was briefed: the post-remand adjudication of Pigg's Rule 12(c) motion, the denial of leave to file the proposed Fourth Amended Complaint, the resulting March 2026 final judgment, and the reassignment and de novo-review issue. The additional material cannot be omitted without obscuring the appellate posture. The district court's April 2024 judgment did not adjudicate Pigg. After this Court dismissed the prior appeal and remanded because Pigg's liability had not been adjudicated or addressed, the district court granted Pigg's Rule 12(c) motion, denied leave to amend, and entered final judgment. The present opening brief therefore must address both the earlier dismissal lanes and the new post-remand rulings.

The proposed brief is organized by separate lanes, not repetition:

1. common ERISA, *Younger*, Rule 12, and amendment issues;

2. DeAngelis-specific immunity and authority issues;

3. SBTX and disciplinary-defendant issues;

4. Barrows-Ybarra and Pigg issues;

5. RICO and antitrust issues spanning multiple appellees;

6. U.S. Bank-specific ERISA-distribution issues; and

7. sanctions, access-restriction, and reassignment issues.

Each lane addresses a distinct ruling path, appellee group, claim, standard, or record set. The sections are separated so that the Court and each appellee can identify the issues that concern that appellee without treating every issue as global.

The party-specific presentation is restrained. The approximate appellee-specific argument counts are: DeAngelis, 1,400 words; SBTX and the disciplinary defendants, 500 words; Barrows-Ybarra and Pigg, 1,500 words; and U.S. Bank, 1,100 words. No appellee-specific lane approaches the ordinary 13,000-word ceiling for a principal brief. The shared sections state common issues once and avoid repetitive presentations against individual appellees.

The proposed brief also contains necessary non-argument portions: Issues Presented, a Statement of the Case with the district-court roadmap, a Statement of Facts, a Summary of the Argument, Standards of Review, and a Conclusion. Those sections orient the Court to the layered rulings and reduce the risk that appellee-specific issues will be misunderstood as repetitive.

**3. Prompt resolution will prevent unnecessary delay and will not prejudice Appellees**

The attached proposed opening brief gives the Court a **concrete working version for evaluating** the requested ceiling. **It is not the final filing**. Appellant is completing ROA-citation validation and final formatting and can submit the final brief by June 15, 2026, if the requested ceiling is approved before the due date. No extension would then be necessary.

If the Court denies the requested ceiling or authorizes a lower ceiling, Appellant will need to restructure and rewrite the brief to conform to the permitted size. That process will require at least fourteen days from the date of the Court's order, and may require additional reasonable time if the permitted ceiling is materially lower. A prompt ruling before the due date will avoid preventable delay and reduce the burden on the Court and the parties.

**4. Conference statement**

Appellant has conferred with counsel for Appellees regarding this motion. Counsel for William Albert Pigg and counsel for Lori L. DeAngelis oppose. Counsel for all other Appellees consent.

**CONCLUSION**

For these reasons, Appellant respectfully requests that the Court:

1. **grant leave to file a final opening brief containing no more than 22,000 non-exempt words on or before June 15, 2026**;

2. treat the attached proposed opening brief as a working version submitted solely to evaluate the requested word ceiling, not as Appellant's final opening brief;

3. rule on this motion before June 15, 2026, if practicable;

4. if the Court denies the requested ceiling or authorizes a lower ceiling, **extend the opening-brief deadline for at least fourteen days** from the date of the Court's order, with such additional reasonable time as may be necessary if the permitted ceiling requires a more extensive rewrite; and

5. grant any further relief the Court deems just and proper.

Respectfully submitted,

*/s/ Conghua Yan*
Conghua Yan

Pro Se Appellant<br>
2140 E Southlake Blvd, Suite L-439<br>
Southlake, Texas 76092<br>
214-228-1886

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for Appellees regarding the relief requested in this motion. Counsel for William Albert Pigg and counsel for Lori L. DeAngelis oppose the motion. Counsel for all other Appellees consent to the requested relief.

*/s/ Conghua Yan*<br>
Conghua Yan

## CERTIFICATE OF SERVICE

I certify that on June 4, 2026, I served this motion and the attached proposed opening brief on all counsel of record through the Court's CM/ECF system where applicable and by email where applicable.

*/s/ Conghua Yan*<br>
Conghua Yan

## CERTIFICATE OF COMPLIANCE

This motion complies with Federal Rule of Appellate Procedure 27(d) because it contains 1,111 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f).

*/s/ Conghua Yan*<br>
Conghua Yan