**Case No. 26-10286**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

Conghua Yan,
v.
Plaintiff-Appellant

The State Bar of Texas, a private company; The Barrows Firm, a private company; Leslie Starr Barrows, in Individual Capacity, as Member of the State Bar of Texas; William Albert Pigg, in Individual Capacity, as Member of the State Bar of Texas; Samantha Ybarra, in Individual Capacity, as Member of the State Bar of Texas; Luis Jesus Marin, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Daniel Eulalio Martinez, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Rachel Ann Craig, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Lori L. DeAngelis, in Individual Capacity, as member of the State Bar of Texas and Official Capacity as Associate Judge; Tarrant County; U.S. Bank,

Defendants-Appellees

On Appeal from the United States District Court for the Northern District of Texas, Fort Worth Division Civil Action No. 4:23-CV-00758-Y, The Hon. Terry R. Means, Presiding

**STATUTORY ADDENDUM TO OPENING BRIEF FED. R. APP. P. 28(f)**

Conghua Yan
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com
Pro Se Appellant

1. Pension Protection Act of 2006, Pub. L. No. 109-280, 120 Stat. 780 (2006) .......3
2. 15 U.S. Code § 2 - Monopolizing trade a felony; penalty .....................................4
3. 15 U.S. Code § 15(a) - Suits by persons injured; amount of recovery ..................5
4. 18 U.S. Code § 664 - Theft or embezzlement from employee benefit plan ..........7
5. 18 U.S. Code § 1341 - Frauds and swindles ........................................................8
6. 18 U.S. Code § 1343 - Fraud by wire, radio, or television .................................10
7. 18 U.S. Code § 1961 - Definitions......................................................................11
8. 18 U.S. Code § 1962 - Prohibited activities .......................................................16
9. 18 U.S. Code § 1964 - Civil remedies ................................................................18
10. 28 U.S. Code § 636(b)(1) - Magistrate-judge recommendations and de novo review (selected cited provision) ..........................................................................20
11. 28 U.S. Code § 2106 - Determination ...............................................................21
12. 29 U.S. Code § 1056(d)(1), (3)(A), (B)(ii), (G), (H), and (K) - Selected cited provisions ...............................................................................................................22
13. 29 U.S. Code § 1104(a)(1)(D) - Fiduciary duties; plan documents ..................26
14. 29 U.S. Code § 1109(a) - Liability for breach of fiduciary duty .......................26
15. 29 U.S. Code § 1132(a)(2), (a)(3), and (e)(1) - Selected cited provisions ........27
16. 29 U.S. Code § 1144(a) - Selected cited provision...........................................28
17. 42 U.S. Code § 1983 - Civil action for deprivation of rights ............................29
18. Fed. R. App. P. 3(c)(4) - Orders merging into designated judgment ................30
19. Fed. R. Civ. P. 7(b)(1)(B) - Grounds stated with particularity..........................31
20. Fed. R. Civ. P. 8(b)(1)(A) - Defenses stated in short and plain terms...............32
21. Fed. R. Civ. P. 12(b) - How to present defenses ..............................................33
22. Fed. R. Civ. P. 15(a)(2) - Other amendments ....................................................34
23. Fed. R. Civ. P. 15(d) - Supplemental pleadings ................................................35
24. Fed. R. Civ. P. 54(b) - Multiple claims or parties; revision of interlocutory orders.......................................................................................................................36
25. Tex. Fam. Code § 7.001 - General Rule of Property Division ..........................37
26. Tex. Fam. Code Chapter 9 - Post-Decree Proceedings (selected cited provisions)...............................................................................................................38
27. Tex. Fam. Code § 201.007 - Powers of Associate Judge ..................................41
28. Tex. Fam. Code § 201.017 - Immunity.............................................................44
29. Tex. R. Civ. P. 99(a)-(b) - Issuance and form of citation .................................45
30. Tex. R. Disciplinary P. 17.09 - Immunity ........................................................46

1.**Pension Protection Act of 2006, Pub. L. No. 109-280, 120 Stat. 780 (2006)**

PL 109–280, August 17, 2006, 120 Stat 780

UNITED STATES PUBLIC LAWS

109th Congress - Second Session

Convening January 7, 2005

PL 109–280 (HR 4)

August 17, 2006
PENSION PROTECTION ACT OF 2006

**An Act To provide economic security for all Americans, and for other purposes**.

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,

## 2.**15 U.S. Code § 2 - Monopolizing trade a felony; penalty**

15 U.S.C.A. § 2

§ 2. Monopolizing trade a felony; penalty

Effective: June 22, 2004

Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court.

## 3.**15 U.S. Code § 15(a) - Suits by persons injured; amount of recovery**

15 U.S.C.A. § 15

**(a) Amount of recovery; prejudgment interest**

Except as provided in subsection (b), any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee. The court may award under this section, pursuant to a motion by such person promptly made, simple interest on actual damages for the period beginning on the date of service of such person's pleading setting forth a claim under the antitrust laws and ending on the date of judgment, or for any shorter period therein, if the court finds that the award of such interest for such period is just in the circumstances. In determining whether an award of interest under this section for any period is just in the circumstances, the court shall consider only--

**(1)** whether such person or the opposing party, or either party's representative, made motions or asserted claims or defenses so lacking in merit as to show that such party or representative acted intentionally for delay, or otherwise acted in bad faith;

**(2)** whether, in the course of the action involved, such person or the opposing party, or either party's representative, violated any applicable rule, statute, or court order providing for sanctions for dilatory behavior or otherwise providing for expeditious proceedings; and

**(3)** whether such person or the opposing party, or either party's representative,

engaged in conduct primarily for the purpose of delaying the litigation or increasing the cost thereof.

4.**18 U.S. Code § 664 - Theft or embezzlement from employee benefit plan**

18 U.S.C.A. § 664

§ 664. Theft or embezzlement from employee benefit plan

Effective: December 29, 2022

Any person who embezzles, steals, or unlawfully and willfully abstracts or converts to his own use or to the use of another, any of the moneys, funds, securities, premiums, credits, property, or other assets of any employee welfare benefit plan or employee pension benefit plan, or of any fund connected therewith, shall be fined under this title, or imprisoned not more than five years, or both.

As used in this section, the term "any employee welfare benefit plan or employee pension benefit plan" means any employee benefit plan subject to any provision of title I of the Employee Retirement Income Security Act of 1974.

5.**18 U.S. Code § 1341 - Frauds and swindles**

18 U.S.C.A. § 1341

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

6.**18 U.S. Code § 1343 - Fraud by wire, radio, or television**

18 U.S.C.A. § 1343

§ 1343. Fraud by wire, radio, or television

Effective: January 7, 2008

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

7.**18 U.S. Code § 1961 - Definitions**

18 U.S.C.A. § 1961

§ 1961. Definitions

Effective: June 25, 2022

As used in this chapter--

**(1)** “racketeering activity” means (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year; (B) any act which is indictable under any of the following provisions of title 18, United States Code: Section 201 (relating to bribery), section 224 (relating to sports bribery), sections 471, 472, and 473 (relating to counterfeiting), section 659 (relating to theft from interstate shipment) if the act indictable under section 659 is felonious, section 664 (relating to embezzlement from pension and welfare funds), sections 891-894 (relating to extortionate credit transactions), section 932 (relating to straw purchasing), section 933 (relating to trafficking in firearms), section 1028 (relating to fraud and related activity in connection with identification documents), section 1029 (relating to fraud and related activity in connection with access devices), section 1084 (relating to the transmission of gambling information), section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud), section 1351 (relating to fraud in foreign labor contracting), section 1425 (relating to the procurement of citizenship or nationalization unlawfully), section 1426 (relating to the reproduction of naturalization or citizenship papers), section 1427 (relating to the

sale of naturalization or citizenship papers), sections 1461-1465 (relating to obscene matter), section 1503 (relating to obstruction of justice), section 1510 (relating to obstruction of criminal investigations), section 1511 (relating to the obstruction of State or local law enforcement), section 1512 (relating to tampering with a witness, victim, or an informant), section 1513 (relating to retaliating against a witness, victim, or an informant), section 1542 (relating to false statement in application and use of passport), section 1543 (relating to forgery or false use of passport), section 1544 (relating to misuse of passport), section 1546 (relating to fraud and misuse of visas, permits, and other documents), sections 1581-1592 (relating to peonage, slavery, and trafficking in persons), sections 1831 and 1832 (relating to economic espionage and theft of trade secrets), section 1951 (relating to interference with commerce, robbery, or extortion), section 1952 (relating to racketeering), section 1953 (relating to interstate transportation of wagering paraphernalia), section 1954 (relating to unlawful welfare fund payments), section 1955 (relating to the prohibition of illegal gambling businesses), section 1956 (relating to the laundering of monetary instruments), section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity), section 1958 (relating to use of interstate commerce facilities in the commission of murder-for-hire), section 1960 (relating to illegal money transmitters), sections 2251, 2251A, 2252, and 2260 (relating to sexual exploitation of children), sections 2312 and 2313 (relating to interstate transportation of stolen motor vehicles), sections 2314 and 2315 (relating to interstate transportation of stolen property), section 2318 (relating to trafficking in counterfeit labels for phonorecords, computer programs or computer program documentation or packaging and copies of motion pictures or other audiovisual works), section 2319 (relating to criminal infringement of a copyright), section 2319A (relating to unauthorized fixation of and trafficking in

sound recordings and music videos of live musical performances), section 2320 (relating to trafficking in goods or services bearing counterfeit marks), section 2321 (relating to trafficking in certain motor vehicles or motor vehicle parts), sections 2341-2346 (relating to trafficking in contraband cigarettes), sections 2421-24 (relating to white slave traffic), sections 175-178 (relating to biological weapons), sections 229-229F (relating to chemical weapons), section 831 (relating to nuclear materials), (C) any act which is indictable under title 29, United States Code, section 186 (dealing with restrictions on payments and loans to labor organizations) or section 501(c) (relating to embezzlement from union funds), (D) any offense involving fraud connected with a case under title 11 (except a case under section 157 of this title), fraud in the sale of securities, or the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States, (E) any act which is indictable under the Currency and Foreign Transactions Reporting Act, (F) any act which is indictable under the Immigration and Nationality Act, section 274 (relating to bringing in and harboring certain aliens), section 277 (relating to aiding or assisting certain aliens to enter the United States), or section 278 (relating to importation of alien for immoral purpose) if the act indictable under such section of such Act was committed for the purpose of financial gain, or (G) any act that is indictable under any provision listed in section 2332b(g)(5)(B);

**(2)** “State” means any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, any territory or possession of the United States, any political subdivision, or any department, agency, or instrumentality thereof;

**(3)** “person” includes any individual or entity capable of holding a legal or

beneficial interest in property;

**(4)** “enterprise” includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity;

**(5)** “pattern of racketeering activity” requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity;

**(6)** “unlawful debt” means a debt (A) incurred or contracted in gambling activity which was in violation of the law of the United States, a State or political subdivision thereof, or which is unenforceable under State or Federal law in whole or in part as to principal or interest because of the laws relating to usury, and (B) which was incurred in connection with the business of gambling in violation of the law of the United States, a State or political subdivision thereof, or the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate;

**(7)** “racketeering investigator” means any attorney or investigator so designated by the Attorney General and charged with the duty of enforcing or carrying into effect this chapter;

**(8)** “racketeering investigation” means any inquiry conducted by any racketeering investigator for the purpose of ascertaining whether any person has been involved in any violation of this chapter or of any final order, judgment, or decree of any court of the United States, duly entered in any case or proceeding arising under this chapter;

**(9)** “documentary material” includes any book, paper, document, record, recording, or other material; and

**(10)** “Attorney General” includes the Attorney General of the United States, the Deputy Attorney General of the United States, the Associate Attorney General of the United States, any Assistant Attorney General of the United States, or any employee of the Department of Justice or any employee of any department or agency of the United States so designated by the Attorney General to carry out the powers conferred on the Attorney General by this chapter. Any department or agency so designated may use in investigations authorized by this chapter either the investigative provisions of this chapter or the investigative power of such department or agency otherwise conferred by law.

## 8.**18 U.S. Code § 1962 - Prohibited activities**

18 U.S.C.A. § 1962

§ 1962. Prohibited activities

**(a)** It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. A purchase of securities on the open market for purposes of investment, and without the intention of controlling or participating in the control of the issuer, or of assisting another to do so, shall not be unlawful under this subsection if the securities of the issuer held by the purchaser, the members of his immediate family, and his or their accomplices in any pattern or racketeering activity or the collection of an unlawful debt after such purchase do not amount in the aggregate to one percent of the outstanding securities of any one class, and do not confer, either in law or in fact, the power to elect one or more directors of the issuer.

**(b)** It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

**(c)** It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such

enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

**(d)** It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

9.**18 U.S. Code § 1964 - Civil remedies**

18 U.S.C.A. § 1964

§ 1964. Civil remedies

**(a)** The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons.

**(b)** The Attorney General may institute proceedings under this section. Pending final determination thereof, the court may at any time enter such restraining orders or prohibitions, or take such other actions, including the acceptance of satisfactory performance bonds, as it shall deem proper.

**(c)** Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962. The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final.

**(d)** A final judgment or decree rendered in favor of the United States in any criminal proceeding brought by the United States under this chapter shall estop the defendant from denying the essential allegations of the criminal offense in any subsequent civil proceeding brought by the United States.

10.**28 U.S. Code § 636 - Jurisdiction, powers, and temporary assignment**

28 U.S.C.A. § 636

§ 636. Jurisdiction, powers, and temporary assignment

Effective: December 1, 2009

**(b)(1)** Notwithstanding any provision of law to the contrary--

**(A)** a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

**(B)** a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

**(C)** the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

11.**28 U.S. Code § 2106 - Determination**

28 U.S.C.A. § 2106

§ 2106. Determination

The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

## 12.**29 U.S. Code § 1056 - Form and payment of benefits**

29 U.S.C.A. § 1056

§ 1056. Form and payment of benefits

Effective: December 29, 2022

**(d) Assignment or alienation of plan benefits**

**(1)** Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated.

**(3)(A)** Paragraph (1) shall apply to the creation, assignment, or recognition of a right to any benefit payable with respect to a participant pursuant to a domestic relations order, except that paragraph (1) shall not apply if the order is determined to be a qualified domestic relations order. Each pension plan shall provide for the payment of benefits in accordance with the applicable requirements of any qualified domestic relations order.

**(B)** For purposes of this paragraph--

**(ii)** the term "domestic relations order" means any judgment, decree, or order (including approval of a property settlement agreement) which--

**(I)** relates to the provision of child support, alimony payments, or marital property rights to a spouse, former spouse, child, or other dependent of a participant, and

**(II)** is made pursuant to a State or Tribal domestic relations law (including a community property law).

For purposes of clause (ii)(II), the term "Tribal" with respect to a domestic

relations law means such a law which is issued by or under the laws of an Indian tribal government (as defined in section 7701(a)(40) of Title 26), a subdivision of such an Indian tribal government, or an agency or instrumentality of either.

**(G)(i)** In the case of any domestic relations order received by a plan--

**(I)** the plan administrator shall promptly notify the participant and each alternate payee of the receipt of such order and the plan's procedures for determining the qualified status of domestic relations orders, and

**(II)** within a reasonable period after receipt of such order, the plan administrator shall determine whether such order is a qualified domestic relations order and notify the participant and each alternate payee of such determination.

**(ii)** Each plan shall establish reasonable procedures to determine the qualified status of domestic relations orders and to administer distributions under such qualified orders. Such procedures--

**(I)** shall be in writing,

**(II)** shall provide for the notification of each person specified in a domestic relations order as entitled to payment of benefits under the plan (at the address included in the domestic relations order) of such procedures promptly upon receipt by the plan of the domestic relations order, and

**(III)** shall permit an alternate payee to designate a representative for receipt of copies of notices that are sent to the alternate payee with respect to a domestic relations order.

**(H)(i)** During any period in which the issue of whether a domestic relations order

is a qualified domestic relations order is being determined (by the plan administrator, by a court of competent jurisdiction, or otherwise), the plan administrator shall separately account for the amounts (hereinafter in this subparagraph referred to as the "segregated amounts") which would have been payable to the alternate payee during such period if the order had been determined to be a qualified domestic relations order.

**(ii)** If within the 18-month period described in clause (v) the order (or modification thereof) is determined to be a qualified domestic relations order, the plan administrator shall pay the segregated amounts (including any interest thereon) to the person or persons entitled thereto.

**(iii)** If within the 18-month period described in clause (v)--

**(I)** it is determined that the order is not a qualified domestic relations order, or

**(II)** the issue as to whether such order is a qualified domestic relations order is not resolved,

then the plan administrator shall pay the segregated amounts (including any interest thereon) to the person or persons who would have been entitled to such amounts if there had been no order.

**(iv)** Any determination that an order is a qualified domestic relations order which is made after the close of the 18-month period described in clause (v) shall be applied prospectively only.

**(v)** For purposes of this subparagraph, the 18-month period described in this clause is the 18-month period beginning with the date on which the first payment would be required to be made under the domestic relations order.

**(K)** The term “alternate payee” means any spouse, former spouse, child, or other dependent of a participant who is recognized by a domestic relations order as having a right to receive all, or a portion of, the benefits payable under a plan with respect to such participant.

13.**29 U.S. Code § 1104(a)(1)(D) - Fiduciary duties; plan documents**

29 U.S.C.A. § 1104(a)(1)(D)

§ 1104. Fiduciary duties

*Selected cited provision: § 1104(a)(1)(D).*

(a) Prudent man standard of care

(1) Subject to sections 1103(c) and (d), 1342, and 1344 of this title, a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and--

. . . .

(D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III.

14.**29 U.S. Code § 1109(a) - Liability for breach of fiduciary duty**

29 U.S.C.A. § 1109(a)

§ 1109. Liability for breach of fiduciary duty

*Selected cited provision: § 1109(a).*

(a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

A fiduciary may also be removed for a violation of section 1111 of this title.

15.**29 U.S. Code § 1132 - Civil enforcement**

29 U.S.C.A. § 1132

**(a) Persons empowered to bring a civil action**

A civil action may be brought--

**(2)** by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;

**(3)** by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

**(e) Jurisdiction**

**(1)** Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.

16.**29 U.S. Code § 1144 - Other laws**

29 U.S.C.A. § 1144

§ 1144. Other laws

Effective: August 17, 2006

**(a) Supersedure; effective date**

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975.

17.**42 U.S. Code § 1983 - Civil action for deprivation of rights**

42 U.S.C.A. § 1983

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

18.**Fed. R. App. P. 3(c)(4) - Orders merging into designated judgment**

Rule 3. Appeal as of Right - How Taken

*Selected cited provision: Rule 3(c)(4).*

(c) Contents of the Notice of Appeal.

(4) The notice of appeal encompasses all orders that, for purposes of appeal, merge into the designated judgment or appealable order. It is not necessary to designate those orders in the notice of appeal.

19.**Fed. R. Civ. P. 7(b)(1)(B) - Grounds stated with particularity**

Rule 7. Pleadings Allowed; Form of Motions and Other Papers

*Selected cited provision: Rule 7(b)(1)(B).*

(b) Motions and Other Papers.

(1) In General. A request for a court order must be made by motion. The motion must:

(B) state with particularity the grounds for seeking the order;

20.**Fed. R. Civ. P. 8(b)(1)(A) - Defenses stated in short and plain terms**

Rule 8. General Rules of Pleading

*Selected cited provision: Rule 8(b)(1)(A).*

(b) Defenses; Admissions and Denials.

(1) In General. In responding to a pleading, a party must:

(A) state in short and plain terms its defenses to each claim asserted against it;

21.**Fed. R. Civ. P. 12(b) - How to present defenses**

Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing

*Selected cited provision: Rule 12(b), including paragraphs (1) and (6).*

(b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;

(2) lack of personal jurisdiction;

(3) improper venue;

(4) insufficient process;

(5) insufficient service of process;

(6) failure to state a claim upon which relief can be granted;

(7) failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

22.**Fed. R. Civ. P. 15(a)(2) - Other amendments**

Rule 15. Amended and Supplemental Pleadings

*Selected cited provision: Rule 15(a)(2).*

(a) Amendments Before Trial.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

23.**Fed. R. Civ. P. 15(d) - Supplemental pleadings**

Rule 15. Amended and Supplemental Pleadings

*Selected cited provision: Rule 15(d).*

(d) Supplemental Pleadings. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

24.**Fed. R. Civ. P. 54(b) - Multiple claims or parties; revision of interlocutory orders**

Rule 54. Judgment; Costs

*Selected cited provision: Rule 54(b).*

(b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief - whether as a claim, counterclaim, crossclaim, or third-party claim - or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

25. **Tex. Fam. Code § 7.001 – General Rule of Property Division**

V.T.C.A., Family Code § 7.001

§ 7.001. General Rule of Property Division

In a decree of divorce or annulment, the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.

26.**Tex. Fam. Code Chapter 9 - Post-Decree Proceedings (selected cited provisions)**

FAMILY CODE CHAPTER 9. POST-DECREE PROCEEDINGS

V.T.C.A., Family Code § 9.101

§ 9.101. Jurisdiction for Qualified Domestic Relations Order

(a) Notwithstanding any other provision of this chapter, the court that rendered a final decree of divorce or annulment or another final order dividing property under this title retains continuing, exclusive jurisdiction to render an enforceable qualified domestic relations order or similar order permitting payment of pension, retirement plan, or other employee benefits divisible under the law of this state or of the United States to an alternate payee or other lawful payee.

(b) Unless prohibited by federal law, a suit seeking a qualified domestic relations order or similar order under this section applies to a previously divided pension, retirement plan, or other employee benefit divisible under the law of this state or of the United States, whether the plan or benefit is private, state, or federal.

V.T.C.A., Family Code § 9.102

§ 9.102. Procedure

(a) A party to a decree of divorce or annulment may petition the court for a qualified domestic relations order or similar order.

(b) Except as otherwise provided by this code, a petition under this subchapter is governed by the Texas Rules of Civil Procedure that apply to the filing of an original lawsuit.

(c) Each party whose rights may be affected by the petition is entitled to receive

notice by citation and shall be commanded to appear by filing a written answer.

(d) The proceedings shall be conducted in the same manner as civil cases generally.

V.T.C.A., Family Code § 9.103

§ 9.103. Prior Failure to Render Qualified Domestic Relations Order

A party may petition a court to render a qualified domestic relations order or similar order if the court that rendered a final decree of divorce or annulment or another final order dividing property under this chapter did not provide a qualified domestic relations order or similar order permitting payment of benefits to an alternate payee or other lawful payee.

V.T.C.A., Family Code § 9.104

§ 9.104. Defective Prior Domestic Relations Order

If a plan administrator or other person acting in an equivalent capacity determines that a domestic relations order does not satisfy the requirements of a qualified domestic relations order or similar order, the court retains continuing, exclusive jurisdiction over the parties and their property to the extent necessary to render a qualified domestic relations order.

V.T.C.A., Family Code § 9.105

§ 9.105. Liberal Construction

The court shall liberally construe this subchapter to effect payment of retirement benefits that were divided by a previous decree that failed to contain a qualified

domestic relations order or similar order or that contained an order that failed to meet the requirements of a qualified domestic relations order or similar order.

27. **Tex. Fam. Code § 201.007 - Powers of Associate Judge**

V.T.C.A., Family Code § 201.007

§ 201.007. Powers of Associate Judge

Effective: September 1, 2017

(a) Except as limited by an order of referral, an associate judge may:

(1) conduct a hearing;

(2) hear evidence;

(3) compel production of relevant evidence;

(4) rule on the admissibility of evidence;

(5) issue a summons for:

(A) the appearance of witnesses; and

(B) the appearance of a parent who has failed to appear before an agency authorized to conduct an investigation of an allegation of abuse or neglect of a child after receiving proper notice;

(6) examine a witness;

(7) swear a witness for a hearing;

(8) make findings of fact on evidence;

(9) formulate conclusions of law;

(10) recommend an order to be rendered in a case;

(11) regulate all proceedings in a hearing before the associate judge;

(12) order the attachment of a witness or party who fails to obey a subpoena;

(13) order the detention of a witness or party found guilty of contempt, pending approval by the referring court as provided by Section 201.013;

(14) without prejudice to the right to a de novo hearing before the referring court under Section 201.015 and subject to Subsection (c), render and sign:

(A) a final order agreed to in writing as to both form and substance by all parties;

(B) a final default order;

(C) a temporary order; or

(D) a final order in a case in which a party files an unrevoked waiver made in accordance with Rule 119, Texas Rules of Civil Procedure, that waives notice to the party of the final hearing or waives the party's appearance at the final hearing;

(15) take action as necessary and proper for the efficient performance of the associate judge's duties; and

(16) render and sign a final order if the parties waive the right to a de novo hearing before the referring court under Section 201.015 in writing before the start of a hearing conducted by the associate judge.

(b) An associate judge may, in the interest of justice, refer a case back to the referring court regardless of whether a timely objection to the associate judge hearing the trial on the merits or presiding at a jury trial has been made by any party.

(c) A final order described by Subsection (a)(14) becomes final after the expiration of the period described by Section 201.015(a) if a party does not request a de novo hearing in accordance with that section. An order described by Subsection (a)(14) or (16) that is rendered and signed by an associate judge constitutes an order of the referring court.

(d) An answer filed by or on behalf of a party who previously filed a waiver described in Subsection (a)(14)(D) shall revoke that waiver.

(e) An order signed before May 1, 2017, by an associate judge under Subsection (a)(16) is a final order rendered as of the date the order was signed.

28. **Tex. Fam. Code § 201.017 - Immunity**

V.T.C.A., Family Code § 201.017

§ 201.017. Immunity

An associate judge appointed under this subchapter has the judicial immunity of a district judge. All existing immunity granted an associate judge by law, express or implied, continues in full force and effect.

29.**Tex. R. Civ. P. 99(a)-(b) - Issuance and form of citation**

RULE 99. ISSUANCE AND FORM OF CITATION

*Selected cited provisions: Rule 99(a)-(b).*

a. Issuance. Upon the filing of the petition, the clerk, when requested, shall forthwith issue a citation and deliver the citation as directed by the requesting party. The party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition. Upon request, separate or additional citations shall be issued by the clerk. The clerk must retain a copy of the citation in the court's file.

b. Form. The citation shall (1) be styled "The State of Texas," (2) be signed by the clerk under seal of court, (3) contain name and location of the court, (4) show date of filing of the petition, (5) show date of issuance of citation, (6) show file number, (7) show names of parties, (8) be directed to the defendant, (9) show the name and address of attorney for plaintiff, otherwise the address of plaintiff, (10) contain the time within which these rules require the defendant to file a written answer with the clerk who issued citation, (11) contain address of the clerk, (12) notify the defendant that in case of failure of defendant to file and answer, judgment by default may be rendered for the relief demanded in the petition, and (13) notify the defendant that the defendant may be required to make initial disclosures. The citation shall direct the defendant to file a written answer to the plaintiff's petition on or before 10:00 a.m. on the Monday next after the expiration of twenty days after the date of service thereof. The requirement of subsections 10, 12, and 13 of this section shall be in the form set forth in section c of this rule.

30.**Tex. R. Disciplinary P. 17.09 - Immunity**

TX Rules Disc.P. 17.09

17.09. Immunity

No lawsuit may be instituted against any Complainant or witness predicated upon the filing of a Grievance or participation in the attorney disciplinary and disability system. All members of the Commission, the Chief Disciplinary Counsel (including Special Assistant Disciplinary Counsel appointed by the Commission and attorneys employed on a contract basis by the Chief Disciplinary Counsel), all members of Committees, all members of the Board of Disciplinary Appeals, all members of the District Disability Committees, all officers and Directors of the State Bar, and the staff members of the aforementioned entities are immune from suit for any conduct in the course of their official duties. The immunity is absolute and unqualified and extends to all actions at law or in equity.

## CERTIFICATE OF SERVICE

I certify that on June 21, 2026, I served 26-10286 Opening Brief and Appendix A, Statutory Addendum to Opening Brief, in Case No. 26-10286, *Conghua Yan v. State Bar of Texas, et al.*, by email courtesy service. Service was made on counsel of record and on Harris, Finley & Bogle, P.C. counsel, who, although not having appeared in this appeal, expressly consented to service by email. The recipients were:

ccyrier@hfblaw.com; lriley@hfblaw.com; rolandjohnson@hfblaw.com; ctucker@hfblaw.com; Michael.Graham@texasbar.com; amanda.kates@texasbar.com; rlemoine@texasbar.com; royce.lemoine@texasbar.com; melissa.hill@morganlewis.com; roberta.leone@morganlewis.com; elizabeth.hong@morganlewis.com; nymanagingclerk@morganlewis.com; tyler.j.hill@morganlewis.com; michele.boerder@morganlewis.com; keowens@tarrantcountytx.gov; maschuit@tarrantcountytx.gov; wapigg@pigglawfirm.com; and njames@hfblaw.com.

*/s/ Conghua Yan*
Conghua Yan
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com
Plaintiff-Appellant, Pro Se