# United States Court of Appeals
## for the Fifth Circuit

## Case No. 25-11370

Conghua Yan,
Plaintiff - Appellant
v.
William A. Pigg, in Individual Capacity, as Member of the State of Texas,
Defendant - Appellee

## consolidated with

## No. 26-10286

Conghua Yan,
Plaintiff - Appellant
v.
The State Bar of Texas, a private company; The Barrows Firm, a private company; Leslie Starr Barrows, in Individual Capacity, as Member of the State Bar of Texas; William Albert Pigg, in Individual Capacity, as Member of the State of Texas; Samantha Ybarra, in Individual Capacity, as Member of the State Bar of Texas; Luis Jesus Marin, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Daniel Eulalio Martinez, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Rachel Ann Craig, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Lori L. Deangelis, in Individual Capacity, as member of the State Bar of Texas and Official Capacity as Associated Judge; U.S. Bank,
Defendants - Appellees

## Citation of Supplemental Authority Under Fed. R. App. P. 28(j)

June 29, 2026

Dear Clerk:

Under Fed. R. App. P. 28(j), Appellant submits *Margolin v. National Association of Immigration Judges*, 608 U.S. \_\_\_, No. 25-767, slip op. at 4 (May 26, 2026) (per curiam).

*Margolin* is pertinent to Issue 10 and Opening Brief pages 69-71. Appellant argued that the **district court entered a with-prejudice Rule 12(b)(6) dismissal of the Sherman Act § 2 claim against the State Bar of Texas (SBTX), even though SBTX's amended motion presented no claim-specific Rule 12(b)(6) challenge to that antitrust consumer-injury theory**, and the FCR recommended dismissal on Rule 12(b)(1) grounds. The antitrust merits ground came from the court, not SBTX.

*Margolin* confirms that this procedure violates the party-presentation principle. The Supreme Court held that a court violates that principle when it decides "a case different from the one [respondent] advanced." *Id.* The Court also condemned transforming the parties' actual dispute into a broader unraised theory "without giving either side a chance to address its theory." *Id.* That is what occurred here: the district court converted SBTX's jurisdictional/immunity presentation into a sua sponte, with-prejudice Rule 12(b)(6) antitrust merits dismissal.

*Margolin* supports vacatur of the SBTX antitrust dismissal for claim-specific adversarial review under the governing Rule 12 standard.

Respectfully submitted,

*/s/ Conghua Yan*
Conghua Yan
Pro Se Appellant
2140 E. Southlake Blvd., Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com

**Certificate of Service**

I certify that on June 29, 2026, I served a copy of this Rule 28(j) letter on all counsel of record and parties through the Court's CM/ECF system or by other means required by Fed. R. App. P. 25.

*/s/ Conghua Yan*

**Certificate of Compliance**

I certify that the body of this Rule 28(j) letter contains 197 words, excluding the caption, signature block, and certificates.

*/s/ Conghua Yan*