**United States Court of Appeals
for the Fifth Circuit**

**Case No. 25-11370**

Conghua Yan,
Plaintiff - Appellant
v.
William A. Pigg, in Individual Capacity, as Member of the State of Texas,
Defendant - Appellee

**consolidated with**

**No. 26-10286**

Conghua Yan,
Plaintiff - Appellant
v.
The State Bar of Texas, a private company; The Barrows Firm, a private company; Leslie
Starr Barrows, in Individual Capacity, as Member of the State Bar of Texas; William
Albert Pigg, in Individual Capacity, as Member of the State of Texas; Samantha Ybarra,
in Individual Capacity, as Member of the State Bar of Texas; Luis Jesus Marin, in
Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as
Assistant Disciplinary Counsel for the Office of the CDC; Daniel Eulalio Martinez, in
Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as
Assistant Disciplinary Counsel for the Office of the CDC; Rachel Ann Craig, in
Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as
Assistant Disciplinary Counsel for the Office of the CDC; Lori L. Deangelis, in
Individual Capacity, as member of the State Bar of Texas and Official Capacity as
Associated Judge; U.S. Bank,
Defendants - Appellees

**Citation of Supplemental Authority Under Fed. R. App. P. 28(j)**

July 3, 2026

Dear Clerk:

Under Fed. R. App. P. 28(j), Appellant submits [Carden v. Minton, Bassett, Flores & Carsey, P.C., No. 24-0834, slip op. at 2, 14–17 (Tex. June 26, 2026) (Devine, J.).](). *Carden* is pertinent to Issues 13 and 15 and Opening Brief pages 81–91.

Appellant argued that the district court recast pleaded attorney-fee extraction, altered-order conduct, and ERISA-plan-asset diversion as ordinary advocacy, domestic-relations dissatisfaction, or generic money laundering.

*Carden* confirms that Texas law **does not** categorically treat **attorney fee misconduct** as **protected advocacy** merely because it **occurred in litigation**. A **direct payor** who was not the client **had standing** to pursue **economic-loss fraud and contract theories** for **unperformed services**, **failure to account**, **excessive fees**, and **unearned fees**. The Court also rejected shielding claims alleging fees were "excessive, unearned, and **fraudulently procured**" when independent from the underlying judgment. Id.

That supports vacatur because Texas common-law attorney immunity **cannot** replace claim-specific analysis for RICO, antitrust, or § 1983 where Appellant alleged **attorney-fee extraction** and **ERISA-plan-asset diversion** through relabeled support papers.

Respectfully submitted,

*/s/ Conghua Yan*
Conghua Yan
Pro Se Appellant
2140 E. Southlake Blvd., Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com

**Certificate of Service**

I certify that on July 3, 2026, I served a copy of this Rule 28(j) letter on all counsel of record and parties through the Court's CM/ECF system or by other means required by Fed. R. App. P. 25.

*/s/ Conghua Yan*

**Certificate of Compliance**

I certify that the body of this Rule 28(j) letter contains 177 words, excluding the caption, signature block, and certificates.

*/s/ Conghua Yan*