# United States Court of Appeals for the Fifth Circuit

Case No. 25-11370

CONGHUA YAN,

*PLAINTIFF - APPELLANT*

V.

WILLIAM A. PIGG, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE OF TEXAS,

*DEFENDANT - APPELLEE*

consolidated with

No. 26-10286

CONGHUA YAN,

*PLAINTIFF – APPELLANT*

V.

THE STATE BAR OF TEXAS, A PRIVATE COMPANY; THE BARROWS FIRM, A PRIVATE COMPANY; LESLIE STARR BARROWS, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS; WILLIAM ALBERT PIGG, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE OF TEXAS; SAMANTHA YBARRA, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS; LUIS JESUS MARIN, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS, AND OFFICIAL CAPACITY AS ASSISTANT DISCIPLINARY COUNSEL FOR THE OFFICE OF THE CDC; DANIEL EULALIO MARTINEZ, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS, AND OFFICIAL CAPACITY AS ASSISTANT DISCIPLINARY COUNSEL FOR THE OFFICE OF THE CDC; RACHEL ANN CRAIG, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS, AND OFFICIAL CAPACITY AS ASSISTANT DISCIPLINARY COUNSEL FOR THE OFFICE OF THE CDC; LORI L. DEANGELIS, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS, AND OFFICIAL CAPACITY AS ASSOCIATED JUDGE; U.S. BANK,

*DEFENDANTS – APPELLEES*

*On Appeal from the United States District Court for the*
*Northern District of Texas*
*Civil Action No. 4:23-CV-00758-Y*

**BRIEF OF APPELLEES**
**THE STATE BAR OF TEXAS, LUIS JESUS MARIN, DANIEL EULALIO MARTINEZ, AND RACHEL ANN CRAIG**

SEANA WILLING
CHIEF DISCIPLINARY COUNSEL

MICHAEL GRAHAM
APPELLATE COUNSEL

ROYCE LEMOINE
DEPUTY COUNSEL FOR ADMINISTRATION
OFFICE OF THE CHIEF DISCIPLINARY COUNSEL
COMMISSION FOR LAWYER DISCIPLINE
STATE BAR OF TEXAS
royce.lemoine@texasbar.com
P.O. BOX 12487
AUSTIN, TEXAS 78711-2487
512.427.1350; FAX: 512.427.4253

United States Court of Appeals for the Fifth Circuit

Case No. 25-11370

CONGHUA YAN,

*PLAINTIFF - APPELLANT*

V.

WILLIAM A. PIGG, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE OF TEXAS,

*DEFENDANT - APPELLEE*

consolidated with

No. 26-10286

CONGHUA YAN,

*PLAINTIFF – APPELLANT*

V.

THE STATE BAR OF TEXAS, A PRIVATE COMPANY; THE BARROWS FIRM, A PRIVATE COMPANY; LESLIE STARR BARROWS, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS; WILLIAM ALBERT PIGG, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE OF TEXAS; SAMANTHA YBARRA, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS; LUIS JESUS MARIN, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS, AND OFFICIAL CAPACITY AS ASSISTANT DISCIPLINARY COUNSEL FOR THE OFFICE OF THE CDC; DANIEL EULALIO MARTINEZ, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS, AND OFFICIAL CAPACITY AS ASSISTANT DISCIPLINARY COUNSEL FOR THE OFFICE OF THE CDC; RACHEL ANN CRAIG, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS, AND OFFICIAL CAPACITY AS ASSISTANT DISCIPLINARY COUNSEL FOR THE OFFICE OF THE CDC; LORI L. DEANGELIS, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS, AND OFFICIAL CAPACITY AS ASSOCIATED JUDGE; U.S. BANK,

*DEFENDANTS – APPELLEES*

*On Appeal from the United States District Court for the*
*Northern District of Texas*
*Civil Action No. 4:23-CV-00758-Y*

**BRIEF OF APPELLEES**
**THE STATE BAR OF TEXAS, LUIS JESUS MARIN, DANIEL EULALIO MARTINEZ, AND RACHEL ANN CRAIG**

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

**PLAINTIFF/APPELLANT**
CONGHUA YAN – PRO SE

**APPELLEES FILING THIS BRIEF**
The State Bar of Texas
Luis Jesus Marin
Daniel Eulalio Martinez
Rachel Ann Craig

**COUNSEL FOR APPELLEES FILING THIS BRIEF**
SEANA WILLING
Chief Disciplinary Counsel

MICHAEL GRAHAM
Appellate Counsel

ROYCE LEMOINE
DEPUTY COUNSEL FOR ADMINISTRATION
OFFICE OF THE CHIEF DISCIPLINARY COUNSEL
STATE BAR OF TEXAS
P.O. Box 12487
Austin, Texas 78711-2487
512.427.1350; 1.877.953.5535
Fax: 512.427.4253
Email: royce.lemoine@texasbar.com

| **APPELLEES:** | **COUNSEL FOR APPELLEES** |
|---|---|
| The Barrows Firm<br>Leslie Starr Barrows<br>Samantha Ybarra | Jon-William Nathaniel James<br>Caroline M. Cyrier<br>Harris, Finley & Bogle, P.C.<br>777 Main St., Ste. 1800<br>Fort Worth, Texas 76102<br>njames@hfblaw.com<br>ccyrier@hfblaw.com<br>Tel: (817) 870-8700 |
| William Albert Pigg | William Albert Pigg – *pro se*<br>10455 N. Central Expressway<br>Dallas, Texas 75231<br>wapigg@pigglawfirm.com<br>Tel: (214) 551-9391 |
| The Honorable Lori L. DeAngelis<br>Tarrant County | Katherine Elizabeth Owens<br>Mallory Schuit<br>Tarrant County Criminal District<br>Attorney's Office<br>401 W. Belknap, 9th Floor – Civil Division<br>Fort Worth, Texas 76196<br>keowens@tarrantcountytx.gov<br>maschuit@tarrantcountytx.gov<br>Tel: (817) 884-1675 |
| U.S. Bank | Tyler James Hill<br>Melissa D. Hill<br>Morgan, Lewis & Bockius LLP<br>1717 Main Street, Ste. 3200<br>Dallas, Texas 75201<br>Tyler.j.hill@morganlewis.com<br>Melissa.hill@morganlewis.com<br>Tel: (214) 466-4160 |

ROYCE LEMOINE

## STATEMENT REGARDING ORAL ARGUMENT

Because this appeal involves the application of well-established principles of law, Appellees believe oral argument is unnecessary to aid the Court's decisional process.

## TABLE OF CONTENTS PAGE


CERTIFICATE OF INTERESTED PERSONS ........................................................ 4

STATEMENT REGARDING ORAL ARGUMENT ........................................................ 6

TABLE OF CONTENTS ........................................................ 7

TABLE OF AUTHORITIES ........................................................ 9

STATEMENT OF ISSUES ........................................................ 12

STATEMENT OF THE CASE ........................................................ 13

SUMMARY OF THE ARGUMENTS ........................................................ 18

STANDARDS OF REVIEW ........................................................ 19

ARGUMENT ........................................................ 21

I. The State Bar of Texas is a public corporation and administrative agency of the judicial branch under the control of the Texas Supreme Court. It is entitled to immunity protection. The Eleventh Amendment (Sovereign Immunity), Official Immunity, and TRDP 17.09 bar all of Yan's purported theories and claims against the State Bar of Texas, Marin, Martinez, and Craig.. ........................................................ 21

A. The Eleventh Amendment bars Yan's implausible theories and claims against SBOT Appellees.. ........................................................ 21

B. Marin, Martinez, and Craig are also entitled to immunity protection under the TRDPs. ........................................................ 27

II. Yan failed to plead a plausible "cognizable" claim against the SBOT Appellees and did not have a "cognizable" interest in the outcome of the CDC's investigation of his disciplinary complaints against Pigg and Barrows. ........................................................ 28

III. This Court should find Yan's Appeal as to the SBOT Appellees frivolous and order him to pay damages pursuant to FED. R. APP. P. 38. ....................30

CONCLUSION....................36

CERTIFICATES OF SERVICE AND COMPLIANCE....................37

# TABLE OF AUTHORITIES

CASES PAGE

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .......... 20, 28

*Austin Municipal Securities, Inc., et. al.,*
757 F.2d 676 (5th Cir. 1985) .......... 27

*Barrera–Montenegro v. United States*,
74 F.3d 657 (5th Cir. 1996) .......... 19

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544, 570 (2007) .......... 20

*Bishop v. State Bar of Texas*,
791 F.2d 435 (5th Cir. 1986) .......... 26, 27

*Bombardier Aerospace Emp. Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough,*
354 F.3d 348, 351 (5th Cir. 2003) .......... 19

*Boyle v. United States*
556 U.S. 938 (2009) .......... 26

*Coghlan v. Starkey,*
852 F.2d 806 (5th Cir. 1988) .......... 35

*Diddel v. Davis,*
No. H-04-4811, 2006 WL 8444647 (S.D. Tex. Jan. 30, 2006) .......... 27

*Fernandez-Montes v. Allied Pilots Ass'n,*
987 F.2d 278 (5th Cir. 1993) .......... 20, 28

*Green v. State Bar of Texas*,
27 F.3d 1083 (5th Cir. 1994) .......... 21, 26

*Krempp v. Dobbs*,
775 F.2d 1319 (5th Cir. 1985) .......... 26

*Lane v. Halliburton*,
529 F.3d 548 (5th Cir. 2008) ........................................................................19

*Linda R.S. v. Richard D.,*
410 U.S. 614 (1973)........................................................................................29

*Martinez v. State Bar of Texas,*
797 F.App'x. 167 (5th Cir. 2020) ....................................................................29

*Medlin v. State Bar of Texas,*
579 F.Supp. 3d 957 (S.D. Tex. 2020)..............................................................31

*Pennhurst State Sch. & Hosp. v. Halderman*
465 U.S. 89 (1984)..........................................................................................21

*Washington v. Comm'n for Lawyer Discipline*,
No. 1:23-CV-00526-JRN, 2024 WL 303880
(W.D. Tex. Jan. 25, 2024) ...............................................................................31

*Webster v. Comm'n for Lawyer Discipline,*
704 S.W.3d 478, 485 (Tex.2024) ....................................................................33

*Yan v. State Bar of Texas, et. al.,*
No. 24-10543, 2025 WL 2759560 (5th Cir. Sept. 29, 2025)...........................16

STATUTES AND RULES PAGE
18 U.S.C. § 1027 .................................................................................................22
18 U.S.C. § 1349 ...........................................................................................22, 26
18 U.S.C. § 1962(a) .......................................................................................22, 26
18 U.S.C. § 1962(d) ..................................................................................13, 22, 26
42 U.S.C. § 1983 .................................................................................................22

FED. R. CIV. P. 12(b)(1)............................................................................15, 16, 19, 34
FED. R. CIV. P. 12(b)(6)......................................................................12, 16, 19, 28, 34
FED. R. CIV. P. 38 ..................................................................................12, 30, 35

TEX. GOV'T CODE § 81.011(a) ....................................................................18, 26

TEX. RULES DISCIPLINARY P. R. 2.10 ....22, 23
TEX. RULES DISCIPLINARY P. R. 2.12 ....22
TEX. RULES DISCIPLINARY P. R. 2.13 ....22, 23, 24, 32
TEX. RULES DISCIPLINARY P. R. 5.02(D) ....22, 23, 24
TEX. RULES DISCIPLINARY P. R. 17.09 ....12, 18, 21, 27, 28

TEX. DISCIPLINARY R. PROF'L CONDUCT, PREAMBLE ¶15 ....35

## STATEMENT OF ISSUES

**I. Appellee, the State Bar of Texas, is a governmental agency of the judicial branch that was created to assist the Texas Supreme Court in its regulation of the practice of law. The State Bar of Texas is entitled to immunity under the Eleventh Amendment (Sovereign Immunity). Appellees Marin, Martinez, and Craig are current/former employees of the State Bar of Texas and are entitled to immunity under the Eleventh Amendment (Sovereign Immunity) and Rule 17.09 of the Texas Rules of Disciplinary Procedure. Did the United States District Court (Northern District of Texas) correctly rule that Appellees are entitled to immunity protection as to all of Yan's theories and claims against them and therefore Yan lacked standing to sue Appellees?**

**II. Appellees <u>did not dismiss</u> Yan's disciplinary complaints against Pigg and Barrows, and Yan has not alleged a single plausible claim against them. Did the United States District Court (Northern District of Texas) correctly rule that Yan's antitrust/racketeering theories and claims against Appellees were not "plausible" and should be dismissed pursuant to Rule 12(b)(6), of the Texas Federal Rules of Civil Procedure with prejudice?**

**III. Is this appeal brought against the State Bar Appellees frivolous and brought in violation of FED. R. APP. P. 38?**

## <u>STATEMENT OF THE CASE</u>

Three years ago, Yan filed the underlying lawsuit (the basis of this appeal) on or about July 21, 2023. As to Appellees, the State Bar of Texas, Luis Marin, Daniel Martinez, and Rachel Craig (collectively, the "SBOT Appellees"), Yan's theories and/or claims were initially premised on his purported belief that the SBOT Appellees should not have dismissed two disciplinary complaints he filed against *his* attorney, William Albert Pigg, and opposing counsel, Leslie Starr Barrows, related to his displeasure over the entry of a Qualified Domestic Relations Order (QDRO) in his contentious divorce proceeding in Tarrant County, Texas. ROA.31-178. Yan also claimed that the SBOT Appellees' "dismissal" of his disciplinary complaints amounted to actions taken in concealment/support of Pigg and Barrows' "criminal acts," in his divorce matter and thereby made each SBOT Appellee a "RICO conspirator as defined by *18 U.S.C. 1962(d).*" ROA.59-62.

<u>However, ***none*** of the SBOT Appellees named in Yan's lawsuit dismissed the disciplinary complaints Yan filed against Pigg and/or Barrows</u>. In fact, Yan's own documentation (attached to his pleadings) showed that his complaints were dismissed by a summary disposition panel (*made up of volunteer attorney and public members*) of the District 7 Grievance Committee on or about July 13, 2023. ROA.121-122, 127-128. Further, those same documents showed that the individual

who assigned Yan's complaints to the panel for review, was the Chief Disciplinary Counsel (CDC), and **not any of the named SBOT Appellees**. Id.

The SBOT Appellees filed their initial motion to dismiss Yan's lawsuit on August 10, 2023, notifying Yan that his allegations that Appellees made a "dismissal decision" concerning his complaints were ***false***, and wholly contradicted by his own exhibits attached to his lawsuit. ROA.222-244. On September 8, 2023, Yan filed his *Second Amended Complaint for Civil RICO, and Antitrust etc., Demand Declaratory Relief, Injunctive Relief, Damage Relief, and Jury Demand* asserting the exact same above-described ***false*** allegations against the individual SBOT Appellees. ROA.716-863.

On September 18, 2023, Yan filed his *Third Amended Complaint for Civil RICO, and Antitrust etc., Demand Declaratory Relief, Injunctive Relief, Damage Relief, and Jury Demand* (the "3rd Amended Complaint"). ROA.1053-1216. But instead of correcting his pleadings, Yan regurgitated his assertion that the SBOT Appellees' "decision ***not to proceed*** with these grievance complaints stems from accepting Defendant Leslie Starr Barrows' criminal solicitation." ROA.1084. He also rehashed derogatory ***false*** statements about Marin, Martinez, and Craig as set forth below. ROA.363-368, 1122-1127. ARGUMENT, SEC. III, *infra*. Further, Yan requested the Northern District Court award him compensatory damages against

Appellees in the amount of $200,000, punitive damages in the amount of $1,000,000, and treble damages in the amount of $1,000,000. ROA.1101.

The SBOT Appellees' initial dismissal motion (filed August 10, 2023) was rendered moot by the Northern District Court on September 19, 2023. On October 2, 2023, the SBOT Appellees filed their First Amended Motion to Dismiss (the "First Amended Dismissal Motion"), asserting that Yan had, again, failed to put forth even one plausible claim against any of the SBOT Appellees named in his lawsuit. ROA.1349-1372. Appellees' First Amended Dismissal Motion requested all claims in Yan's "lawsuit" – as set forth in Yan's 3rd Amended Complaint - be dismissed "pursuant to Federal Rules of Civil Procedure 12(b)(1) or, alternatively, 12(b)(6)," which included Yan's "conclusory claims under … 15 U.S.C. §2…" ROA.1354, 1567-1575.

On December 28, 2023, U.S. Magistrate Judge Jeffrey L. Cureton issued his report and recommended that the Northern District Court grant SBOT Appellees' First Amended Dismissal Motion finding: "it is clear that Yan alleges that [Appellees] role in the conspiracy was perpetuated through the denial of his complaints," and their "actions taken as a part of their employment at the State Bar of Texas," thus, "Yan lacks standing" to bring his claims against the SBOT Appellees and such claims are barred by the Eleventh Amendment. ROA.1682-1699.

On April 23, 2024, U.S. District Judge Mark T. Pittman entered an order adopting Judge Cureton's findings, endorsing his conclusions, and accepting his recommendations in part. ROA.2078-2094. As to the SBOT Appellees specifically, Judge Pittman adopted Judge Cureton's conclusion that Yan lacked standing to bring his claims against Appellees (excepting his racketeering allegations and theories) and dismissed all such claims *without prejudice* pursuant to FED. R. CIV. P. 12(b)(1). As to Yan's racketeering allegations and theories, Judge Pittman independently determined that Yan's "racketeering" and/or "RICO/antitrust claims" against SBOT Appellees failed to state even a "plausible claim" for relief and dismissed them *with prejudice*, pursuant to FED. R. CIV. P. 12(b)(6). ROA.2088-2092. Yan then appealed Judge Pittman's Order on June 12, 2024. ROA.2155-2156.

On September 29, 2025, this court dismissed Yan's appeal and remanded it back to the Northern District Court for further proceedings. In its per curiam opinion, this court set forth that one of the Appellees, William Albert Pigg, did not file a dismissal motion with the Northern District Court, and the district court failed to adjudicate or address Yan's claims against him. ROA.2186-2188. *Yan v. State Bar of Texas, et. al.*, No. 24-10543, 2025 WL 2759560 (5th Cir. Sept. 29, 2025).

Between October 2, 2025 and October 20, 2025, Yan filed multiple motions for partial summary judgment, multiple briefs, a motion for injunction, and a motion for reconsideration which were all struck. ROA.2182, 2548. On November 21, 2025,

Appellee Pigg filed Defendant William Albert Pigg's Motion for Judgment on the Pleadings Pursuant to FRCP 12(c) ("Motion for Judgment"). ROA.2559-2573. On December 11, 2025, Yan filed his response and objections to Pigg's motion. ROA.2633-2657. On December 30, 2025, Yan filed a motion for leave requesting the court allow him to file a "Fourth Amended Complaint." ROA.2665-2785. Yan's proposed Fourth Amended Complaint **still** failed to correct any of the ***false*** allegations made against the individual SBOT Appellees. ROA.2697-2712, 2739, 2758.

On February 19, 2026, U.S. Magistrate Judge Jeffrey L. Cureton submitted his Findings, Conclusion, and Recommendation on Defendant William Pigg's Motion for Judgment and Plaintiff's Motion for Leave to file Fourth Amended Complaint. ROA.2981-2992. In his recommendation, Judge Cureton referenced Yan's "eighty-two-page Third Amended Complaint," and cited *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) to support his finding that Yan failed to plead factual allegations that "raise a right to relief above the speculative level…," and that Yan's claims of an existence of a conspiracy "do not come close to alleging 'enough factual matter (taken as true) to suggest that an agreement was made.'" ROA.2983, 2987. Additionally, Judge Cureton stated that Judge Pittman's analysis in his April 23, 2024 order - dismissing Yan's claims against the Appellees that had previously filed dismissal motions - also applied to Yan's allegations against Pigg. ROA.2985. On

March 10, 2026, U.S. District Judge Terry R. Means adopted Judge Cureton's recommendation and dismissed Yan's remaining claims against Pigg. ROA.3064-3065. This appeal followed.

## SUMMARY OF THE ARGUMENTS

The State Bar of Texas is an agency of the judicial branch of the State of Texas, created by the Texas Legislature to assist the Texas Supreme Court with its regulation of the practice of law. TEX. GOV'T CODE ANN. § 81.011(a)-(b) (West 2017). It derives its funding, in part, from membership dues, publications, CLE programs, professional development, advertising review, and services provided to the public. It is entitled to immunity protection for the assistance it provides the Texas Supreme Court.

Marin is a Classification Attorney with the office of the Chief Disciplinary Counsel (the "CDC"). Martinez is a former Classification Attorney of the CDC's office, and Craig is a former Assistant Disciplinary Counsel of the CDC's office (Dallas Region). All are entitled to Sovereign Immunity, Official Immunity, and/or unqualified immunity ***from suit*** pursuant to Rule 17.09 of the Texas Rules of Disciplinary Procedure (the "TRDPs"), for their action(s) taken in accordance with the TRDPs.

On April 23, 2024, the Northern District Court correctly held that the SBOT Appellees are entitled to immunity protection from Yan's theories and claims <u>related</u>

to the actions they took in assisting the CDC in her handling of his disciplinary complaints against Pigg and Barrows. ROA.2078-2096, 3064-3065. The Court also properly determined that Yan failed to state a "plausible" claim against the SBOT Appellees related to his conclusory "RICO/antitrust claims," and his *theory* that they participated in a "conspiratorial scheme to launder money and protect against market competition…" ROA.2091-2094.

## STANDARDS OF REVIEW

This Court reviews de novo the district court's dismissal under Rule 12(b)(1), just as it does with dismissals under Rule 12(b)(6). *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot and Wansbrough,* 354 F.3d 348, 351 (5th Cir. 2003)). In reviewing the dismissal order, the Court takes the well-pled factual allegations of the complaint as true and views them in the light most favorable to the plaintiff. *Id.* Under Rule 12(b)(1), the Court may find a plausible set of facts by considering any of the following: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

FED. R. CIV. P. 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. To avoid dismissal under Rule 12(b)(6), a plaintiff

must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice" to save a complaint from dismissal. *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993).

## Argument

***I. The State Bar of Texas is a public corporation and administrative agency of the judicial branch under the control of the Texas Supreme Court. It is entitled to immunity protection. The Eleventh Amendment (Sovereign Immunity), Official Immunity, and TRDP 17.09 bar all of Yan's purported theories and claims against the State Bar of Texas, Marin, Martinez, and Craig.***

### A. The Eleventh Amendment bars Yan's implausible theories and claims against SBOT Appellees.

The Eleventh Amendment of the United States Constitution bars suits in federal court against a state or one of its agencies, regardless of the relief requested, by anyone other than the federal government or another state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). That is, in general, the Eleventh Amendment leaves federal courts without jurisdiction to entertain suits directed against states. *Green v. State Bar of Texas*, 27 F.3d 1083, 1087 (5th Cir. 1994).

Here, Yan filed his lawsuit seeking damages of more than $2,000,000.00 on allegations primarily focused on the entry of a Qualified Domestic Relations Order (QDRO) in his divorce proceeding, which he asserts amounted to "theft" or "embezzlement." ROA.1056. Yan also put forth some misdirected claims against three individual SBOT Appellees surrounding the handling of two disciplinary complaints he subsequently filed against Pigg and Barrows with the CDC's office in 2022. Those complaints were dismissed on or about July 13, 2023, by a volunteer

summary disposition panel of the District 7 Grievance Committee, pursuant to TRDP 2.13. ROA.1154-1155. TEX. RULES DISCIPLINARY P.R. 2.13 & 5.02(D).

While Yan's pleadings generally stated: (1) he has "lodged" claims against Appellees "under *42 U.S.C. §1983…*"; (2) the State Bar violated 18 U.S.C. §1962(d); and (3) that Marin's, Martinez's, and/or Craig's "decision" to dismiss his complaints against Barrows and Pigg amount(ed) to violation(s) of 18 U.S.C. §1962(a), 18 U.S.C. §1027, and/or 18 U.S.C. §1349, he failed to plausibly articulate how any of the SBOT Appellees could have taken the actions he complained of, in light of the procedural requirements of the TRDPs. ROA.1069, 1082-1085. Additionally, the documentation he attached to his pleadings clearly shows that none of the SBOT Appellees named in the underlying lawsuit dismissed his complaints against Pigg and Barrows.[1] ROA.1130-1131. Yan further failed to plead any facts or

[1] As set forth in the documents attached to Yan's 3rd Amended Complaint, Yan's grievances against Barrow and Pigg were initially classified as inquiries by the CDC (as communicated to Yan by the CDC's classification attorneys, Marin and Martinez) on October 25, 2022, and February 15, 2023, respectively. TEX. RULES DISCIPLINARY P.R. 2.10(A). ROA.1150-1153. Yan appealed those ***classification*** decisions made by the CDC, pursuant to TRDP 2.10(A), to the Board of Disciplinary Appeals ("BODA"). ID. BODA's Executive Director, Jenny Hodgkins, notified Yan on or about January 20, 2023, and April 6, 2023, that his grievances had been returned to the CDC's office to be investigated as Complaints, pursuant to TRDP 2.12. TEX. RULES DISCIPLINARY P.R. 2.12. ROA.1146-1147. On May 17, 2023, Yan was notified that the CDC had completed her investigation and placed both complaints on a Summary Disposition Panel Docket. TEX. RULES DISCIPLINARY P.R. 2.13. ROA.1148-1149. ***Pursuant to TRDP 2.13, only the Summary Disposition Panel (made up of volunteer attorney and public members) can decide if a Complaint should be dismissed or proceed in accordance with TRDPs 2.14 and 2.15.*** On July 13, 2023, Craig notified Yan that the Summary Disposition Panel of the District 7 Grievance Committee "voted to dismiss" his Complaints after "reviewing all the evidence submitted and obtained during the investigation." ROA.1154-1155.

allegations to show that any of the SBOT Appellees took any action outside the scope of their employment that could defeat their entitlement to immunity protection.

In response to the Northern District Court's order dismissing his claims on April 23, 2024, Yan appealed and filed his brief with this court on October 7, 2024 (the "2024 Brief"). *Yan v. State Bar of Texas, et. al.*, 5th Circuit, No.# 25-10543, Dkt. #49. In his 2024 Brief, Yan contradicted his prior claim that Marin and Martinez "dismissed the case," by stating they "dismissed [his] grievances," while at the same time acknowledging that it was BODA that subsequently reversed the CDC's initial classification decisions on his grievances.[2] *Id* at 27. ROA.1081-1083. Additionally, Yan reiterated his ***false*** claim that Craig dismissed his complaints against Pigg and Barrows, even though he admitted in his response to the SBOT Appellees' dismissal motion that he "would have included *Kristin Virginia Brady* and *the District 7 Grievance Committee Summary Disposition Panel* in the suit if this suit were for 'the ultimate decision to dismiss …'" his complaints.[3] ROA.527.

In his latest brief, Yan references the allegations contained in his 3rd Amended Complaint and still misstates that "Marin and Martinez dismissed the Barrows and

[2] Pursuant to TRDP 2.10, the "Chief Disciplinary Counsel shall within thirty days examine each Grievance received to determine whether it constitutes an Inquiry, a Complaint, or a Discretionary Referral." TEX. RULES DISCIPLINARY P.R. 2.10.

[3] A Complaint can only be dismissed by a "Summary Disposition Panel," of the appropriate District Grievance Committee. See TEX. RULES DISCIPLINARY P.R. 1.06(II), 2.13 & 5.02(D).

Pigg grievances; after BODA-Reversals, Craig dismissed both again." Opening Brief of Appellant, p. 79. And now Yan claims his pleadings require an "officer-by-officer inquiry into whether the proper official possessed the particular enforcement connection…" Opening Brief of Appellant, p. 79. **But no such inquiry is needed**. The TRDPs, as promulgated by the Texas Supreme Court, clearly set forth how disciplinary complaints are "dismissed" and who has the authority to dismiss a complaint. TEX. RULES DISCIPLINARY P.R. 2.13 and 5.02(D). And Yan's own exhibits confirm that his complaints were dismissed by a volunteer summary disposition panel of the District 7 Grievance Committee, and that the CDC, herself, assigned those complaints to the panel in accordance with TRDP 2.13 and 5.02(D). ROA.1148-1149, 1154-1155. TEX. RULES DISCIPLINARY P.R. 2.13 and 5.02(D). Further, Yan's latest brief does not address the Northern District Court's finding that his allegations against the SBOT Appellees are merely related to their assisting the CDC in her handling of his disciplinary complaints against Pigg and Barrows. ROA.1691.

To this day, Yan has not identified even one plausible action/inaction taken by Marin, Martinez and/or Craig outside of the scope of their employment with the CDC's office. And since the documentation attached to Yan's 3rd Amended Complaint clearly shows that Marin, Martinez, and/or Craig did not render any of

the "decisions," he claims made them participants in his purported "conspiracy," they should have never been named as defendants in his lawsuit. ROA.1053-1216.

A cursory review of Yan's 3rd Amended Complaint shows he failed to plead any purported facts against any of the individual SBOT Appellees (Marin, Martinez, and Craig) that could even remotely imply they had any involvement with the central issue asserted by Yan in his lawsuit. ROA.1053-1216. That being, Yan's belief that the QDRO entered by the 324th District Court in his divorce matter was "manipulated" by Pigg and Barrows to secure the payment of attorney fees from his "out-of-state retirement accounts…" and constitutes "theft or embezzlement." ROA.1056. Opening Brief of Appellant, p. 51. And Yan admits that the Tarrant County Sheriff's office declined to investigate his criminal complaint related to *those* same underlying claims. ROA.1084, 1161.

Here, Yan failed to make any *plausible* assertions in his pleadings (as no evidence exists that would support any such assertions) that any of the SBOT Appellees: (1) participated in entry of the QDRO in his divorce proceedings; (2) received any income from the entry of the QDRO; (3) took actions related to the alleged grievance he filed with the CDC's office that affect interstate commerce; (4) were part of an "organization" that worked with Barrows, Pigg, and/or Judge DeAngelis as a "continuing unit to achieve a common purpose"; and/or (5) took any unlawful act in carrying out their job responsibilities to assist the CDC in her

administrative handling of his disciplinary complaints against Pigg and Barrows. *See* 18 U.S.C. §1962(a)-(d); 18 U.S.C. §1349; and *Boyle v. United States,* 556 U.S. 938, 943-944 (2009). Further, while Yan claimed in his 2024 Brief that the SBOT Appellees "knew BarrowsYbarra usurped judicial authority by altering the QDRO," he made no such claim in his underlying lawsuit, provided no appellate court decision finding that Judge DeAngelis' authority had been usurped, and is unable to plead that **any** of the SBOT Appellees had any ability to make the "dismissal decision" he claims resulted in the purported racketeering conduct he alleges. 2024 Brief, p. 66. ROA.1082. Further, in his latest brief, it appears Yan makes no such assertion. Opening Brief of Appellant, *see generally.*

As set forth above, the State Bar is an agency of the State of Texas and is entitled to the immunity provided by the Eleventh Amendment. See *Green*, 27 F.3d at 1087; *Krempp v. Dobbs*, 775 F.2d 1319, 1321 (5th Cir. 1985); and *Bishop v. State Bar of Tex.*, 791 F.2d 435, 438 (5th Cir. 1986). All assistant disciplinary counsels of the CDC are also entitled to Eleventh Amendment immunity.[4] *See Green*, 27 F.3d at 1087; *Krempp,* 775 F.2d at 1321. Because the SBOT Appellees are protected by 11th Amendment immunity while doing their job, the Northern District Court properly determined that: 1) Yan's claims were related to the SBOT Appellees'

[4] The State Bar is an agency of the Texas judicial department. TEX. GOV'T CODE ANN. §81.011(a) (West 2017).

"actions taken as a part of their employment at the State Bar of Texas"; 2) SBOT Appellees are "entitled to Eleventh Amendment immunity" protection; and 3) Yan lacked standing to sue the SBOT Appellees. ROA.1691, 2087.

### B. Marin, Martinez, and Craig are also entitled to immunity protection under the TRDPs.

In relevant part, TRDP 17.09 provides unqualified immunity to the CDC and her staff members for any action taken in the course of their official duties:

> All members of the Commission, the Chief Disciplinary Counsel (including Special Assistant Disciplinary Counsel appointed by the Commission [for Lawyer Discipline] and attorneys employed on a contract basis by the Chief Disciplinary Counsel), all members of Committees, all officers and Directors of the State Bar, and the staff members of the aforementioned entities are immune from suit for any conduct in the course of their official duties. The immunity is *absolute and unqualified* and extends to all actions at law or in equity.
>
> —TEX. RULES DISCIPLINARY P. R. 17.09 (emphasis added).

The issue of immunity may be decided as a matter of law based on the lawsuit and any attachments thereto. *See Austin Municipal Securities, Inc., et. al.*, 757 F.2d 676, 691-92 (5th Cir. 1985) (finding that disciplinary officers had not waived their absolute immunity from suit). Recognizing the importance of the disciplinary process, courts grant broad immunity to those involved in the process. *Bishop* 791 F.2d at 438; *Diddel v. Davis*, Civil Action No. H-04-4811, 2006 WL 8444647 (S.D. Tex. Jan. 30, 2006).

Marin, Martinez and Craig are/were attorneys employed by the CDC and Yan's claims against them related only to their actions taken in assisting the CDC meet her obligation under the TRDPs in handling Yan's attorney disciplinary complaints against Pigg and Barrows. As such, Yan's claims do not survive the protection afforded Appellees provided by TRDP 17.09.

### ***II. Yan failed to plead a plausible "cognizable" claim against the SBOT Appellees and did not have a "cognizable" interest in the outcome of the CDC's investigation of his disciplinary complaints against Pigg and Barrows.***

As mentioned above, to avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft* 556 U.S. at 570. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice" to save a complaint from dismissal. *Fernandez-Montes* 987 F.2d at 284.

Here, Yan's "racketeering/antitrust claims" against the SBOT Appellees were premised on his assertions that they "dismissed" his disciplinary complaints against Pigg and Barrows. Yan asserts that those dismissals "established an extremely effective shield system under the guise of a self-regulated disciplinary system…", to cover up Pigg and Barrows' wrongdoing in his divorce matter. ROA.1098. However, as set forth above, none of the SBOT Appellees dismissed his complaints. His complaints were "dismissed" by a panel of volunteer attorney/public members of the

District 7 Grievance Committee. And as Judge Pittman set forth in his *Order Accepting the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and Independently Assessing Additional Motion* (entered on April 23, 2024), “vehemence cannot substitute for facts.” ROA.2092. And, here, Yan’s “allegations are conclusory and utterly devoid of factual support.” Id.

The fact remains that Yan’s disciplinary complaints against Pigg and Barrows were dismissed by a volunteer summary disposition panel of the District 7 Grievance Committee on or about July 13, 2023. ROA.1154-1155. And a complainant is not entitled to personal relief associated with the processing of his/her disciplinary grievances filed with the CDC’s office. *Martinez v. State Bar of Texas*, 797 F.App’x. 167, 168 (5th Cir. 2020). Yan, therefore, could not have sustained a “direct injury,” as he claims related to the dismissal of his complaints against Pigg and Barrows, because he does not possess a “cognizable interest in the decision to prosecute a third party.” ROA.773, 1110-1111. *Turnbull v. Board of Dirs. of the State Bar of Tex.,* No. 24-50260, 2024 WL 4903274 (5th Cir. Nov. 27, 2024) (citing *Martinez,* 797 F.App’x. at 168, and *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding “a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another”)).

## *III. This Court should find Yan's Appeal as to the SBOT Appellees frivolous and order him to pay damages pursuant to* ***FED. R. APP. P. 38.***

Throughout his myriad of pleadings, motions, requests, and purported judicial notices over the past three (3) years, Yan has set forth a multitude of ever-changing conclusory allegations in his quest to obtain a judgment of more than $2,000,000 from those he sued. And while his allegations have mostly been focused on his feud with Appellees Pigg and Barrows and the court's rulings in his contentious divorce matter, at one point he even claimed that he had "identified that Marin, Martinez, and Craig committed crimes," apparently in hopes of obtaining a monetary windfall by disparaging and including the State Bar, Marin, Martinez, and Craig in his lawsuit. ROA.531. As set forth above, Yan's demonstratively ***false*** allegations were never supported by any criminal charge, indictment, or even the exhibits attached to his own pleadings.

Even after repeatedly being informed via the Appellees' motions and pleadings that Marin, Martinez, and Craig could not have possibly taken the actions he complained of, Yan continued to push these ***false***, frivolous, and malicious narratives in an attempt to tarnish the reputation of three individuals who have/had consistently followed the TRDPs while working for the CDC's office, and to bolster his wrongful pursuit of a more than $2,000,000 judgment. Yan has now done the

same thing with his filings of his last two briefs with this court. Opening Brief of Appellant, *see generally.*

In the past, litigants involved in lawsuits against the State Bar and employees of the CDC's office - in federal court - have been told that: "The State of Texas may structure the licensing of lawyers as it pleases as long as they do not contravene the Constitution." See *Medlin v. State Bar of Texas*, 579 F.Supp. 3d 957, 958 (S.D. Tex. 2020). Courts have also found lawsuits - filed by complainants against individuals working for the CDC's office on such conclusory claims and/or false allegations (i.e. claiming individual CDC employees dismissed their grievances/complaints) – to be ***frivolous***. See Cause No. D-1-GN-24-002025; styled *Edward Randolph Turnbull, IV, v. Commission for Lawyer Discipline, et. al*., in the 201st Judicial District Court, Travis County, Texas, and *Craig A. Washington v. State Bar of Texas et. al.,* No. 1:23-CV-00526-JRN, 2024 WL 303880 *8 (W.D. Tex. Jan. 25, 2024) (conclusory claims filed against the State Bar, the Commission for Lawyer Discipline, and two CDC's office employees held to be frivolous).

Here, Yan's conjured-up theories and purported claims against the individual SBOT Appellees amount to a fictional story that hinges on his ***false*** claim that they purportedly made a "dismissal decision" related to his disciplinary complaints to cover up "criminal acts" purportedly taken by Pigg and Barrows that amounts to "theft or embezzlement." ROA.362-369, 1122-1127.

Yan is aware; however, that the TRDPs only allow a volunteer panel of a district grievance committee to dismiss a complaint (pursuant to TRDP 2.13), **and** that if an attorney is found to have "committed" the "criminal act" of "theft" or "embezzlement," (which are Intentional Crimes under TRDP 1.06(V)) the TRDPs require the CDC to initiate a disciplinary proceeding with the Board of Disciplinary Appeals for compulsory discipline *after the entry of a Judgment of Conviction* (pursuant to Part VIII of the TRDPs). But despite his awareness, Yan appears to have ignored these clearly known facts in order to sling his ***false*** narrative in hopes of obtaining the retribution he seeks against Pigg and Barrows.

Even at the outset, Yan made numerous ***false*** statements throughout his pleadings to support his quest to bring the SBOT Appellees into the quagmire that now surrounds his personal feud with Judge Lori DeAngelis, his lawyer, and the opposing counsel in his divorce matter. He appears to have made these ***false*** statements just because he does not like the court's decisions in his divorce proceeding, the Tarrant County Sheriff office's response to his criminal complaint, and/or the outcome of the decision of the volunteer panel of the District 7 Grievance Committee to dismiss his disciplinary complaints. But instead of focusing on his appeal of the decisions made in his divorce matter, Yan decided to file a federal lawsuit against the judge, his lawyer, opposing counsel, and multiple state agencies and *falsely* claim that:

1. Marin, Martinez, and Craig's "treatment of Plaintiffs grievance when compared to the treatment of grievance filed against Attorney General Ken Paxton was not equal." ROA.363, 365, 368, 1122-1127. This statement is categorically false as set forth in *Commission for Lawyer Discipline v. Warren Kenneth Paxton, Jr.,* Cause No. 471-02574-2022, in the 471st District Court of Collin County, Texas (which set forth that the CDC initially classified the grievances against Paxton as inquiries, and BODA reversed the CDC's decision – just like with Yan's grievances). Ironically, the Texas Supreme Court confirmed the CDC also classified a grievance against Webster as an Inquiry, dismissed the disciplinary action, and contradicted most of Yan's arguments by insinuating that disciplinary matters concerning allegations that an attorney made misrepresentations to a court should be based on an action taken, or referral made, by the "court to whom the statements were made…" *Webster v. Comm'n for Lawyer Discipline*, 704 S.W.3d 478, 484-485 (Tex.2024).

2. Marin, Martinez, and Craig "lie[d] through [his/her] teeth,' and 'chose to support these RICO racketeering activities' through the issuance of [his/her] decisions on Yan's complaints." ROA.363, 365, 368, 1122-1127. This statement is categorically false as evident by Yan's own supporting documentation showing Marin and Martinez were not even involved with his complaints after BODA reversed the initial classification decision of the Chief Disciplinary Counsel, herself. Further, Craig's letter to Yan dated May 18, 2023, informed him that it was the Chief Disciplinary Counsel who assigned his complaints to the "Summary Disposition Panel," and the panel would "review all information, documents, and evidence submitted during the investigation…" ROA.1148-1149. This is also refuted by *Yan's own admission* in his response to Appellees dismissal motion, wherein he stated he "would have included Kristin Virginia Brady and the District 7 Grievance Committee Summary Disposition Panel in the suit if this suit were for '***the ultimate decision to dismiss …***'" his complaints. ROA.527.

And Despite Yan's subsequent admissions (set forth above) that these previous purported allegations are ***false,*** he has continued to make these types of generalized statements in his pleadings and taken no action to dismiss the individual

SBOT Appellees from his lawsuit.

Here, in his latest brief, Yan – once again - has resurrected his implausible allegations against the SBOT Appellees and presented to this court that Marin, Martinez, and Craig somehow "dismissed" his grievances and complaints to "conceal" the actions of the attorneys involved in his divorce proceedings. Opening Brief of Appellant, p. 79. And despite being notified by the Northern District Court that his "fanciful" allegations against the SBOT Appellees failed to even meet the minimum requirements of Rule 12(b)(1) and Rule 12(b)(6), he chose to include Appellees in his latest appeal and disparage them even further.

Over the past (4) years, Yan has shown the ability to research and use Artificial Intelligence to assist him in drafting arguments, notices, motions, and pleadings. ROA.2691-2692. He has also shown the ability to pull allegations from other federal court pleadings to use them in his own lawsuit, even when the allegations don't apply. ROA.363-368. (See ¶s 341, 359, 361, 379, 381) and Case No. 1:23-cv-00314, *Turnbull v. Comm'n Lawyer Discipline et. al.*, in the United States District Court (Western District of Texas) (Dkt. #1, page 21 ¶ 68, page 25 ¶ 77, and Dkt. #20 page 22 ¶ 68). Unfortunately, during this same period, Yan has shown little ability or desire to admit his mistakes toward those individuals who he has maliciously brought into his ongoing feud with Judge Lori DeAngelis, Pigg, and Barrows.

Regardless, the facts remain that Marin, Martinez, and/or Craig did not dismiss Yan's disciplinary complaints against Pigg and Barrows, and the Texas' attorney disciplinary system does not provide remedies to a complainant that files a grievance. *See e.g.,* TEX. DISC. R. PROF. CONDUCT, PREAMBLE ¶15 ("Violation of a rule does not give rise to a private cause of action…"). Further, Yan's own pleadings and documentation show his claims against Marin, Martinez, and Craig are ***false***.

FED. R. APP. P. 38, allows this court to find that Appellant's appeal was frivolous and to award damages irrespective of such a finding by the district court. *See Coghlan v. Starkey*, 852 F.2d 806, 808 (5th Cir. 1988). Here, Yan's appeal against the SBOT Appellees amounts to an unjustified burden on all SBOT Appellees who have expended countless hours and resources to respond to Yan's appellate brief(s), and sort through Yan's implausible theories and allegations set forth in the voluminous court record he himself has created over the past 3 years. For all the reasons set forth above, and the fact that Yan filed this appeal against the SBOT Appellees contrary to long-standing precedent and the existence of the documentation he attached to his pleadings – Appellees respectfully request this court find Yan's appeal, as against the SBOT Appellees, is *frivolous* and consider awarding damages based on the reasonable amount of $75 per hour for attorney work performed (30 hours) to sift through the record and respond to Yan's latest brief.

## CONCLUSION

The Court should affirm the district court's judgment and further, find Yan's appeal is frivolous as to the SBOT Appellees under Rule 38 of the Federal Rules of Appellate Procedure.

Respectfully submitted,

SEANA WILLING
CHIEF DISCIPLINARY COUNSEL

MICHAEL GRAHAM
APPELLATE COUNSEL

ROYCE LEMOINE
STATE BAR CARD NO. 24026421
DEPUTY COUNSEL FOR ADMINISTRATION
OFFICE OF THE CHIEF DISCIPLINARY COUNSEL
COMMISSION FOR LAWYER DISCIPLINE
STATE BAR OF TEXAS
P.O. BOX 12487
AUSTIN, TEXAS 78711-2487
512.427.1350; FAX: 512.427.4253
royce.lemoine@texasbar.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the Court's CM/ECF system on July 16, 2026. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the Court's CM/ECF system.

______________________________

ROYCE LEMOINE

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed R. App. P. 32(a)(7)(B) because this brief contains 5698 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed R. App. P. 32(a)(5) and the type of style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman font 14-point type face.

______________________

ROYCE LEMOINE

Dated: July 16, 2026.