# In the United States Court of Appeals for the Fifth Circuit

---

No. 25-11370

---

Conghua Yan,

Plaintiff– Appellant,

v.

William A. Pigg, *in Individual Capacity, as Member of the State of Texas,*

Defendant – Appellee,

CONSOLIDATED WITH

---

No. 26-10286

---

Conghua Yan,

Plaintiff – Appellant

v.

State Bar of Texas, a private company; Barrows Firm, a private company; Leslie Starr Barrows, in Individual Capacity, as Member of the State Bar of Texas; William A. Pigg, in Individual Capacity, as Member of the State Bar of Texas; Luis Jesus Marin, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Daniel Eulalio Martinez, in Individual Capacity, as Member of the State Bar of Texas, and official capacity as Assistant Disciplinary Counsel for the Office of the CDC; Rachel Ann Craig, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Lori L. Deangelis, in individual capacity, as member of the State Bar of Texas and official capacity as Associated Judge; Tarrant County; U.S. Bank,

Defendants - Appellees

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
USDC No. 4:23-CV-758

## BRIEF FOR DEFENDANT-APPELLEE LORI L. DEANGELIS

☐

PHIL SORRELLS
Tarrant County Criminal
District Attorney

**MALLORY ANN SCHUIT**
State Bar No. 24078212
**KATHERINE E. OWENS**
State Bar No. 240781683
Assistant Criminal District Attorneys
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor – Civil
Fort Worth, Texas 76196
817-884-1233 – Telephone
817-884-1675 – Facsimile
E-Mail: maschuit@tarrantcountytx.gov
E-Mail: keowens@tarrantcountytx.gov

COUNSEL FOR DEFENDANT-APPELLEE LORI DEANGELIS

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal:

Plaintiff-Appellant Conghua Yan, pro se;

Defendants-Appellee The State of Texas, represented by Roy Adams of the Office of the Attorney General for the State of Texas;

Defendants-Appellee Leslie Starr Barrows, represented by J. Nathaniel James and Caroline Cyrier of Harris, Finley & Bogle, P.C.;

Defendant-Appellee William Pigg, represented by William Pigg of William A Pigg PLLC;

Defendant-Appellee Lori DeAngelis, represented by Katherine E. Owens in the District Court and Katherine E. Owens and Mallory A. Schuit in this Court; and

Defendant-Appellees Panopyra P.L.L.C., Fuyan Wang, and Yuanli Tang, represented by Charles Davis Chapman of the Law Office of C Davis Chapman and Cody Martin of Martin Oostdyk, PLLC; and

i

Defendant-Appellee Jiayin Zheng, pro se.

/s/*Mallory Ann Schuit*
Mallory Ann Schuit

Counsel of Record for Defendant-
Appellee Lori DeAngelis

**STATEMENT REGARDING ORAL ARGUMENT**

Defendant/Appellee Lori DeAngelis contends that oral argument will not assist the Fifth Circuit in resolving the issues on appeal because the governing legal principles are well settled. Because the District Court's "Order Accepting Findings, Conclusions, and Recommendation of the United States Magistrate Judge and Independently Assessing Additional Motion" is thorough and well-reasoned (ROA.2078-2095), the March 10, 2026 Final Judgment (ROA.3065) should be summarily affirmed upon submission on the briefs.

However, if oral argument is granted, Defendant/Appellee Lori DeAngelis requests an opportunity to argue in response.

TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ..................................... i

STATEMENT REGARDING ORAL ARGUMENT ........................... iii

TABLE OF CONTENTS ................................................................ iv

TABLE OF AUTHORITIES ........................................................... vi

STATEMENT OF JURISDICTION ...................................................1

    A.    District Court Jurisdiction ..................................................1

    B.    Court of Appeals Jurisdiction ...........................................1

ISSUES PRESENTED .....................................................................2

STATEMENT OF THE CASE ...........................................................3

    A.    Conghua Yan is challenging state family court Associate Judge Lori DeAngelis's judicial rulings in federal court. ...................................................................3

    B.    Judge DeAngelis moved to dismiss all of Yan's claims against her ...........................................................4

    C.    The District Court correctly dismissed all of Yan's claims against Judge DeAngelis. ...................................5

SUMMARY OF THE ARGUMENT ....................................................7

ARGUMENTS AND AUTHORITIES .................................................8

I.    This Court should affirm the dismissal of Yan's claims against Judge DeAngelis. .................................................8

    A.    12(b)(1) standard of review ..............................................8

    B.    12(b)(6) standard of review ..............................................8

C.    The District Court correctly determined that Yan lacked standing to sue Judge DeAngelis, who is immune from Yan's claims...................................9

D.    The District Court properly determined that Judge DeAngelis was immune from Yan's claims.......12

II.    Alternative grounds in Associate Judge DeAngelis's motion to dismiss support an affirmance..............................17

PRAYER FOR RELIEF........................................................19

CERTIFICATE OF SERVICE..............................................21

CERTIFICATE OF COMPLIANCE.....................................22

# TABLE OF AUTHORITIES

Page(s)

Cases

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ...........................................................................9

*Bailey v. Willis,*
  No. 4:17-CV-276, 2018 WL 2126476 (E.D. Tex. Jan. 11, 2018)...........11

*Bauer v. Tex.,*
  341 F.3d 352 (5th Cir. 2003) ...................................................... 10, 12

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ...........................................................................8

*Collins v. Garcia,*
  No. 3:18-CV-3299-N-BH, 2020 WL 4296376
  (N.D. Tex. May 12, 2020) ...................................................................11

*Daves v. Dallas Cnty., Tex.,*
  22 F.4th 522 (5th Cir. 2022) ..............................................................14

*Davis v. Tarrant Cnty. Tex.,*
  565 F.3d 214 (5th Cir. 2009) .............................................................14

*Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys,*
  675 F.3d 849 (5th Cir. 2012) ...............................................................9

*Forrester v. White,*
  484 U.S. 219 (1988) .........................................................................16

*Harry v. Lauderdale Cnty.,*
  212 F. App'x 344 (5th Cir. 2007) .......................................................15

*Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga.,*
  892 F.3d 719 (5th Cir. 2018) ...............................................................8

*Kokkonen v. Guardian Life Ins. Co.,*
  511 U.S. 375 (1991) ...........................................................................8

*Lauren C. by & through Tracey K. v. Lewisville Indep. Sch. Dist.*,
904 F.3d 363 (5th Cir. 2018) ...............................................................17

*Machetta v. Moren*
726 F. App'x 219 (5th Cir. June 4, 2018) .......................................11, 12

*Mark v. Spears*,
722 F. App'x 362 (5th Cir. 2018) ..........................................................19

*McKinley v. Abbott*,
643 F.3d 403 (5th Cir. 2011) ................................................................13

*Mireles v. Waco*,
502 U.S. 9 (1991) ..................................................................................13

*Pennhurst State Sch. & Hosp. v. Halderman*,
465 U.S. 89 (1984) ................................................................................18

*R2 Invs. LDC v. Phillips*,
401 F.3d 638 (5th Cir. 2005) .................................................................9

*Ramming v. United States*,
281 F.3d 158 (5th Cir. 2001) .................................................................8

*Rodgers v. 323rd Dist. Court Tarrant Cnty. Tex.*,
797 F. App'x 889 (5th Cir. 2020) .........................................................14

*Ruiz v. Estelle*,
161 F.3d 814 (5th Cir. 1998) ................................................................12

*Spencer v. Kemna*,
523 U.S. 1 (1998) ..................................................................................10

*Turner v. Raynes*,
611 F.2d 92 (5th Cir. 1980) ..................................................................14

*Stump v. Sparkman*,
435 U.S. 349 (1978) ..............................................................................16

*Warnock v. Pecos Cnty, Tex.*,
88 F.3d 341 (5th Cir. 1996) ..................................................................13

vii

*Wood v. Parker Cnty.,*
  463 F. App'x 360 (5th Cir. 2012) ........................................................... 15

*Yan v. State Bar of Texas, et al.,*
  No. 4:23-CV-00758-P, 2023 WL 8649817 (N.D. Tex. December 13,
  2023) ..................................................................................................... 3

*Yan v. Taylor,*
  No. 4:23-cv-0288-P, 2024 WL 1173737 (N.D. Tex. March 19, 2024) ..... 3

*Yohey v. Collins,*
  985 F.2d 222 (5th Cir. 1993) ........................................................... 10, 19

Statutes

Tex. Fam. Code Ann. § 201.017 .............................................................. 13

Tex. Fam. Code Ann. § 201.308 .............................................................. 13

Rules

Fed. R. Civ. P. 12(b)(1) ........................................................................... 8

Fed R. Civ. P. 12(b)(6) ............................................................................ 8

## STATEMENT OF JURISDICTION

### A.  District Court Jurisdiction

Because Conghua Yan asserted a claim under the RICO Act and 42 U.S.C. § 1983, the District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

### B.  Court of Appeals Jurisdiction

Pursuant to 28 U.S.C. § 1291, this Court has jurisdiction over the District Court's March 10, 2026 Final Judgment (ROA.3065), which Yan timely appealed (ROA.3070).

## ISSUES PRESENTED

**Response to Appellant's Issues:** Yan stated 19 issues presented. Appellant's Br. at 17-25. Only Issue 11 (and its four subparts) relate specifically to Judge DeAngelis by challenging her judicial immunity. Appellant's Br. at 20-21.

This Court should overrule the issues raised in Yan's arguments about Judge DeAngelis and affirm the District Court's dismissal of Yan's claims against Judge DeAngelis on the basis that: (1) Yan lacked standing to sue Judge DeAngelis; (2) Judge DeAngelis was entitled to judicial immunity; and (3) Judge DeAngelis raised alternative, independent grounds in her motion to dismiss.

STATEMENT OF THE CASE

**A.    Conghua Yan is challenging state family court Associate Judge Lori DeAngelis's judicial rulings in federal court.**

Appellant Conghua Yan's ("Yan") complaints against Texas Associate Judge Lori DeAngelis ("Judge DeAngelis") arose during the pendency of his divorce proceeding. ROA.1069, ¶ 62; ROA.1072-1081. Judge DeAngelis presided over a portion of Yan's divorce and made rulings, including ordering Yan to pay child support as well as attorney's fees to both Yan's and his wife's attorneys from certain funds under Yan's control. ROA.1070, ¶ 68; ROA.1073-1076, ¶¶ 79-93.

Rather than challenging these rulings in state court, Yan sued in federal district court, alleging (among other things) a mass conspiracy among his former lawyer (Pigg), his wife's former lawyer (Barrows), and Judge DeAngelis. ROA.1070-1072, ¶¶ 68-78.[1] Yan sought to recover over

---

[1] This is Yan's third lawsuit against official actors (and second against Judge DeAngelis) for violations of law stemming from his divorce proceedings. On March 22, 2023, Yan sued the Tarrant County Sheriff's Office, Tarrant County District Attorney's Office, and specific employees for allegedly failing to investigate and prosecute Plaintiff's claims of perjury against witnesses in his divorce case. This case was subsequently dismissed with prejudice. *Yan v. Taylor,* No. 4:23-cv-0288-P, 2024 WL 1173737 (N.D. Tex. March 19, 2024) (Pittman, J.) (accepting magistrate's recommendation that Plaintiff's claims against various county and state actors be dismissed for lack of standing), *aff'd* No. 24-10288, 2024 WL 4579606 (5th Cir. October 25, 2024), *cert. denied* 145 S. Ct. 2793 (2025). Then, on July 21, 2023, Plaintiff filed a nearly identical suit to this current suit against Judge DeAngelis and Tarrant County, Texas, among other defendants. This case was also subsequently dismissed with prejudice. *Yan v. State Bar of Texas, et al.,* No. 4:23-CV-00758-P, 2023 WL

3

$2.2 million in compensatory and punitive damages from Judge DeAngelis for alleged damages arising out of her judicial rulings in Yan's ongoing divorce proceeding. ROA.1114-1116, ¶¶ 276-296; ROA.1132-1133, ¶¶ 414-424.

**B.     Judge DeAngelis moved to dismiss all of Yan's claims against her.**

Judge DeAngelis filed a motion to dismiss all of Yan's claims against her, raising the following grounds:

1.     Yan lacked standing to sue Judge DeAngelis for the judicial rulings she made in Yan's underlying state court proceeding;

2.     The District Court should abstain under the *Younger* abstention doctrine;

3.     Yan's claims were barred by judicial immunity;

4.     Yan's official capacity claims against Judge DeAngelis were barred by Eleventh Amendment immunity;

5.     Yan did not state a claim under section 1983 or other law; and

---

8649817, at *4 (N.D. Tex. December 13, 2023) (Pittman, J.) (accepting magistrate's recommendation that Plaintiff's claims against Judge DeAngelis and other defendants be dismissed for lack of standing), *appeal dismissed for lack of jurisdiction and remanded*, No. 24-10543 (5th Cir. Sept. 29, 2025) (per curiam).

6.     Yan's individual capacity claims against Judge DeAngelis were barred by qualified immunity.

ROA.1228-1229.

## C.     The District Court correctly dismissed all of Yan's claims against Judge DeAngelis.

The United States Magistrate Judge recommended granting Judge DeAngelis's motion to dismiss, concluding that Yan lacked standing to sue Judge DeAngelis and finding that abstention under Younger was appropriate. ROA.1686-1689. Yan objected, ROA.1705-1709, and Judge DeAngelis responded, ROA.1731.

The District Court overruled Yan's objections and accepted the United State Magistrate Judge's findings, conclusions, and recommendations. ROA.2078-2095. Specifically, the District Court agreed that Yan lacked standing to sue Judge DeAngelis and determined that Judge DeAngelis was immune from Yan's claims. ROA.2082-2086. The District Court dismissed Yan's other claims against other parties and signed a Final Judgment. ROA.2096. Thereafter, Yan filed a motion to alter the judgment, ROA.2097, which the District Court denied, ROA.18 (noting electronic order for ECF 137). Yan then appealed. ROA.2155.

This Court then dismissed the appeal for want of jurisdiction because the claims against Pigg had not been finally disposed. ROA.2186-2188.

The case was remanded to the District Court for further proceedings. On March 10, 2026, U.S. District Judge Terry R. Means adopted Judge Cureton's recommendation and dismissed Yan's remaining claims against Pigg. ROA.3064. A Final Judgment then issued, which Yan appealed. ROA.3065; ROA.3070.

## SUMMARY OF THE ARGUMENT

Conghua Yan, a Texas family court litigant who appeared before Judge DeAngelis, has twice sued Judge DeAngelis in federal court because he disagreed with her family court rulings. Instead of confining himself to his state court remedies, he alleged in federal court a conspiracy among his lawyer, his wife's lawyer, and Judge DeAngelis (among other causes of action).

On appeal, Yan submitted a long and convoluted brief. Yan's arguments, however, do nothing to change the bottom line—that the District Court did not err in granting Judge DeAngelis's motion to dismiss. First, the District Court properly determined that Yan lacked standing to sue Judge DeAngelis. Second, the District Court properly determined that Judge DeAngelis was immune from suit for damages. Moreover, Judge DeAngelis raised other independent dismissal grounds that support the District Court's ruling.

For these reasons, this Court should affirm the District Court's April 23, 2024 order dismissing Yan's claims against Judge DeAngelis (ROA.2078) and the Final Judgment (ROA.3065).

ARGUMENTS AND AUTHORITIES

## I. This Court should affirm the dismissal of Yan's claims against Judge DeAngelis.

For the following reasons, this Court should overrule Yan's issues on appeal and affirm the District Court's Final Judgment dismissing all of Yan's claims against Judge Lori DeAngelis. *See* ROA.2078; ROA.3065.

### A. 12(b)(1) standard of review

This court reviews de novo a district court's decision to dismiss based on lack of subject matter jurisdiction and applies the same standard as the district court. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the burden is on the plaintiff to establish jurisdiction to survive the motion. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1991).

### B. 12(b)(6) standard of review

This Court reviews a dismissal for failure to state a claim de novo. *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga.*, 892 F.3d 719, 726 (5th Cir. 2018). To avoid a motion to dismiss under rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). This "demands more than" alleging that "the-defendant-unlawfully-harmed-me . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

This Court accepts all well-pleaded facts as true and views all facts in the light most favorable to plaintiffs. *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012). However, this Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

## C.    The District Court correctly determined that Yan lacked standing to sue Judge DeAngelis.

The bulk of Yan's Brief is focused on issues and case law that are simply irrelevant to the District Court's ruling dismissing Yan's claims against Judge DeAngelis for lack of standing. In fact, Yan does not even argue that he has Article III standing to sue DeAngelis for her judicial decisions. *See generally* Appellant's Br. at 72-77, ¶¶ 95-106. The only time Yan even mentions standing as it pertains to his claims against DeAngelis is within his discussion of immunity, stating "[w]hether judicial immunity limits a particular remedy is distinct from whether Article III standing existed to challenge the alleged federal injury." *Id.* at 73-74, ¶ 98. Yan offered no further analysis of a standing argument. *See*

9

*generally id.* at 72-77, ¶¶ 95-106. Yan's failure to refute the absence of Article III standing constitutes abandonment of any such argument. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Even if Yan did not abandon this argument, the District Court correctly analyzed Judge DeAngelis's standing arguments and correctly concluded that Yan lacked standing to sue Judge DeAngelis. ROA.2078 (referencing, agreeing with, and accepting ROA.1682-1699). Article III of the Constitution limits federal court jurisdiction to live "case[s] or controvers[ies]." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). This means that Yan had to show that he and "the defendant [Judge DeAngelis] have adverse legal interests." *See Bauer v. Tex.*, 341 F.3d 352, 358-59 (5th Cir. 2003).[2]

Yan made no such showing (nor did he even attempt to do so). Rather, all of Yan's complaints about Judge DeAngelis expressly concern her judicial rulings in Yan's state court family law proceeding. ROA.1070 at ¶ 68 (complaining that Judge DeAngelis ordered Plaintiff to prepay

---

[2] Yan claims that *Bauer* "does not resolve the pleaded theory" because "[t]he pleaded injury was concrete." Appellant's Br. at 73, ¶¶ 97-98. To the extent Yan is arguing that *Bauer* is inapplicable, he is wrong. *Bauer* stands for the proposition that the justiciable controversy requirement is not satisfied between a state court litigant and state court judge "where the judge acts in his adjudicatory capacity"—which is exactly what occurred here. *Bauer*, 341 F.3d at 359.

$10,000 in attorneys' fees for both parties' attorneys), ¶ 70 (complaining that Judge DeAngelis ordered Plaintiff to pay $25,000 to attorney Barrows and $25,000 to attorney Pigg from Plaintiff's 401k); *see also* ROA.1195-1198 (the challenged judicial rulings).

The law is clear—Yan has no case or controversy with the judge who issued rulings in his divorce proceeding. Instead, his disagreement with and about state court rulings can and should only be litigated against his actual adversary—his wife—not the judge who made the disputed rulings. *See Collins v. Garcia*, No. 3:18-CV-3299-N-BH, 2020 WL 4296376, at *4 (N.D. Tex. May 12, 2020), *report and recommendation adopted*, No. 3:18-CV-3299-N-BH, 2020 WL 4284580 (N.D. Tex. July 27, 2020); *Bailey v. Willis*, No. 4:17-CV-276, 2018 WL 2126476 at *1 (E.D. Tex. Jan. 11, 2018), *report and recommendation adopted*, No. 4:17-CV-276, 2018 WL 2126476 (E.D. Tex. May 8, 2018).

To illustrate, in *Machetta v. Moren*, a disgruntled family court litigant sued the Texas state judges who presided over his case, seeking injunctive and declaratory relief. 726 F. App'x 219, 219-20 (5th Cir. June 4, 2018) (per curiam). This Court affirmed the district court's dismissal of the case "because no case or controversy exists between 'a judge who

11

adjudicates claims under a statute and a litigant who attacks the constitutionality of the statute.'" *Id*. at 220 (quoting *Bauer*, 341 F.3d at 361). This Court further stated that "[w]ithout a case or controversy there is no standing, and without standing, no subject matter jurisdiction." *Id*. (citing *Ruiz v. Estelle*, 161 F.3d 814, 829 (5th Cir. 1998)). This is so because the judge is not the cause of the statute being enacted or enforced. *Id*.

This is precisely the case here. The entire basis of Yan's claims against Judge DeAngelis stems from her judicial decisions during the pendency of his state court family law case. *See* Appellant's Br. at 72-76, ¶¶ 96-103. It is axiomatic that there is no case or controversy between Yan (a family court litigant) and Judge DeAngelis (the judge presiding over his case).

For these reasons, this Court should affirm the District Court's dismissal of Yan's claims against Judge DeAngelis for lack of standing.

**D.      The District Court properly determined that Judge DeAngelis was immune from Yan's claims.**

In addition to determining Yan lacked standing to sue Judge DeAngelis, the District Court also specifically ruled that Judge

DeAngelis is immune from Yan's claims in the lawsuit.[3] ROA.2083-2084. On appeal, Yan persists in arguing that Judge DeAngelis is not entitled to judicial immunity because she is an associate judge. Appellant's Br. at 20, 76. This is not the law. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam) (stating that "[a] long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages" and applying judicial immunity doctrine in action brought against state court judge).

Both elected state district court judges and their appointed state court associate judges can properly invoke the doctrine of judicial immunity.[4] ROA.2085 (citing Tex. Fam. Code Ann. § 201.017 (noting

---

[3] Yan claims this ruling should be vacated because the District Court cited *McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011), in support of a proposition the case does not contain. Appellant's Br. at 72, ¶ 95 and 76, ¶ 105. The District Court cited *McKinley* as "holding that state judges who are sued 'because of [their] office as judge' are entitled to Eleventh Amendment immunity unless the pleadings clearly articulate an independent constitutional violation." ROA.2085. While *McKinley* does not contain this quotation, tis legal principle is well-established in the Fifth Circuit. *See Warnock v. Pecos Cnty, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). An inadvertent mis-citation to a sound legal principal does not constitute reversible error.

[4] As Yan has pleaded throughout these proceedings, Judge DeAngelis was acting in her capacity as an associate judge in ordering the payment of child support and attorneys' fees in Yan's family law case. *See, e.g.*, ROA.1070 at ¶¶ 68, 70; ROA.1073-1075. Section 201 of the Texas Family Code enumerates the powers of Texas associate judges and establishes a framework for associate judge rulings that can then be challenged before the elected district court judge. *See* Tex. Fam. Code Ann. § 201.308 (enumerating the powers of associate judges), § 201.316 (discussing action a referring

13

"[a]n associate judge . . . has the judicial immunity of a district judge"));

*Daves v. Dallas Cnty., Tex.*, 22 F.4th 522, 532–42 (5th Cir. 2022); *see also Davis v. Tarrant Cnty. Tex.,* 565 F.3d 214, 221 (5th Cir. 2009); *Rodgers v. 323rd Dist. Court Tarrant Cnty. Tex.*, 797 F. App'x 889 (5th Cir. 2020) (per curiam) (agreeing associate judge enjoyed absolute judicial immunity for rulings in state family court proceedings).

As the District Court pointed out, to get around Judge DeAngelis's judicial immunity, Yan would need to have pleaded that Judge DeAngelis acted in the complete absence of jurisdiction or that her actions were nonjudicial in nature. ROA.2083-2086. *See Turner v. Raynes*, 611 F.2d 92, 95 (5th Cir. 1980) ("If a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of

---

court can take on an associate judge's ruling), § 201.317 (providing the right to a de novo hearing).

14

his jurisdiction and would be immune.").[5] The District Court properly found that Yan failed to do so. ROA.2083-2086.

Now, on appeal, Yan has attempted to recharacterize Judge DeAngelis's judicial decisions as exceeding her jurisdiction to avoid the proper dismissal of his claims.[6] Appellant's Br. at 72-77, ¶¶ 95-106. Specifically, he recast Judge DeAngelis's judicial decisions as "an alleged pre-decree mechanism routing ERISA assets to private attorneys through a fabricated support label." *See id.* at 73, ¶ 97. These semantics are nonsensical and do nothing to disguise the fact Yan is complaining about Judge DeAngelis's judicial decisions directly related to his family law case. In fact, Yan even admits "the challenged act was judicial in form: DeAngelis allegedly issued an order." *See id.* at 74, ¶ 99.

---

[5] *See also Harry v. Lauderdale Cnty.*, 212 F. App'x 344, 347 (5th Cir. 2007) (explaining that even where state appellate court held that judge acted without subject matter jurisdiction that holding was "not coterminous with the conclusion that [the judge] acted in 'complete absence of all subject matter jurisdiction' " because if "this were the case, each and every time a judge decided an issue where an appellate court later found subject matter jurisdiction lacking, that judge would have no judicial immunity," and that "proposition seems antithetical to the concerns underlying absolute judicial immunity"); *Wood v. Parker Cnty.*, 463 F. App'x 360, 361 (5th Cir. 2012) ("[T]he judges of the county court at law are entitled to immunity because they did not act in clear absence of all jurisdiction, despite the state appellate court later determining the county court lacked subject matter jurisdiction over the testamentary trust issues presented.").

Yan's argument regarding the "nature of the function" does not change this analysis. *See id.* Yan cited *Forrester v. White,* 484 U.S. 219, 229 (1988), in which the Supreme Court distinguished a judge's performance of an administrative function (the act of demoting and discharging an employee) from a judge's judicial or adjudicative function (issuing rulings and orders in court cases).

Yan also cited *Stump v. Sparkman,* claiming that its clear-absence-of-all-jurisdiction exception is applicable, but this case does not advance Yan's argument either. 435 U.S. 349, 356-57 (1978). In *Stump*, the Supreme Court emphasized that "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Id.* Further, it held that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was done in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* Yan did not plead that DeAngelis took any such acts in clear absence of all jurisdiction, nor could he. ROA.1072-1081.

Thus, rather than supporting Yan's novel theory, these cases confirm that Judge DeAngelis is entitled to judicial immunity. Simply

16

put, there is no plausible basis for Yan to argue Judge DeAngelis did not act in her judicial function when she issued orders in his state court family law case.

Because the District Court properly found that Yan did not plead that Judge DeAngelis acted without any authority or jurisdiction in issuing attorney's fees rulings in Yan's state family law proceeding, the District Court correctly determined that Yan could not overcome Judge DeAngelis's judicial immunity and dismissed Yan's claims. ROA.2083-2086.

Accordingly, this Court should affirm the District Court's ruling that Judge DeAngelis was entitled to judicial immunity.

## II.    Alternative grounds in Judge DeAngelis's motion to dismiss support an affirmance.

"This Court may affirm on grounds other than those relied upon by the district court when the record contains an adequate and independent basis for that result." *Lauren C. by & through Tracey K. v. Lewisville Indep. Sch. Dist.*, 904 F.3d 363, 374 (5th Cir. 2018). Judge DeAngelis moved to dismiss on several alternative grounds that were not expressly reached. *Compare* ROA.1227-1240 (Judge DeAngelis's motion to dismiss), *with* ROA.1682-1699; ROA.1686-1689 (analyzing and

17

recommending dismissal for lack of standing) *and* ROA.2082-2086 (dismissing on standing and judicial immunity grounds).

Specifically, in addition to raising standing and judicial immunity dismissal grounds, Judge DeAngelis moved to dismiss on the following independent bases supporting affirmance:

- Because Yan's claims against Judge DeAngelis sought injunctive relief concerning his state court divorce proceedings, the district court should abstain from exercising jurisdiction over any such claims. ROA.1229; ROA.1232-1233; ROA.1236.

- Because Judge DeAngelis functioned as a state judicial official when presiding over the portion of Yan's family law proceeding that he is complaining about, Yan's official-capacity claims against Judge DeAngelis were barred by Eleventh Amendment Immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). ROA.1229; ROA.1236-1237.

- The Court should abstain from deciding issues pending in state court under the *Younger* doctrine. ROA.1228; ROA.1232-1233.

- Yan failed to state a claim against Judge DeAngelis under RICO, section 1983, or other law. ROA.1229; ROA.1237-1238.

18

- Yan's individual-capacity claims against Judge DeAngelis are barred by qualified immunity. ROA.1229; ROA.1239.

Because Yan failed to brief any of these independent grounds for affirmance, he waived his right to challenge them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Mark v. Spears*, 722 F. App'x 362 (5th Cir. 2018). However, were this Court to examine the other grounds for dismissal stated above, those independent grounds support the affirmance of the District Court's "Order Accepting the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and Independently Assessing Additional Motion" dismissing Yan's claims against Judge DeAngelis (ROA.2078-2095) and its March 10, 2026 Final Judgment (ROA.3065).

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Defendant Lori DeAngelis respectfully requests the following relief from this Court: (1) overrule Conghua Yan's issues on appeal; (2) affirm the District Court's "Order Accepting the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and Independently Assessing Additional Motion" dismissing Yan's claims against Judge DeAngelis (ROA.2078-

2095) and the March 10, 2026 Final Judgment (ROA.3065); and (3) grant

all such further relief to which Judge DeAngelis is entitled.

Respectfully submitted,

/s/ *Mallory Ann Schuit*

**MALLORY ANN SCHUIT**
State Bar No. 24078212
**KATHERINE E. OWENS**
State Bar No. 240781683
Assistant Criminal District Attorneys

PHIL SORRELLS
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Tarrant County District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor – Civil Division
Fort Worth, Texas 76196
817-884-1233 – Telephone
817-884-1675 – Facsimile
E-Mail: maschuit@tarrantcountytx.gov
E-Mail: keowens@tarrantcountytx.gov

**COUNSEL FOR DEFENDANT - APPELLEE, LORI DEANGELIS**

## CERTIFICATE OF SERVICE

I certify that, on July 21, 2026 a true and correct copy of the above and foregoing document was served to all parties who have entered and appeared (via their counsel) and Mr. Lyle W. Cayce, Clerk of the United States Court of Appeals for the Fifth Circuit, via the Court's CM/ECF Document Filing System.

Conghua Yan                          *Via Regular U.S. Mail*
2140 E Southlake Blvd,
Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com
**PRO SE PLAINTIFF**


*/s/ Mallory Ann Schuit*
**MALLORY ANN SCHUIT**

21

# CERTIFICATE OF COMPLIANCE

### With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

The undersigned counsel certifies this brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because this brief contains 3,592 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f), as computed by the word-processing system used to prepare this brief.

This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Windows, version 10 in 14-point Century Schoolbook typeface (other than footnotes, which are in 12-point Century Schoolbook typeface per 5TH CIR. R. 32.1).

*/s/Mallory Ann Schuit*
**MALLORY ANN SCHUIT**

Dated: July 21, 2026