Case No. 25-11370

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

Conghua Yan,

*Plaintiff–Appellant*

v.

William A. Pigg, in Individual Capacity, as Member of the State of Texas,

*Defendant–Appellee*

consolidated with

No. 26-10286

Conghua Yan,

*Plaintiff - Appellant*

v.

The State Bar of Texas, a private company; The Barrows Firm, a private company; Leslie Starr Barrows, in Individual Capacity, as Member of the State Bar of Texas; William Albert Pigg, in Individual Capacity, as Member of the State of Texas; Samantha Ybarra, in Individual Capacity, as Member of the State Bar of Texas; Luis Jesus Marin, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Daniel Eulalio Martinez, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Rachel Ann Craig, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Lori L. Deangelis, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Associated Judge; U.S. Bank,

*Defendants - Appellees*

On Appeal from the United States District Court
for the Northern District of Texas
Civil Action No. 4:23-CV-00758-P-BJ

## BRIEF OF APPELLEES THE BARROWS FIRM, LESLIE STARR BARROWS, AND SAMANTHA YBARRA

J. Nathaniel James
**Harris, Finley & Bogle, P.C.**
777 Main Street, Suite 1800
Fort Worth, Texas 76102
Telephone:  817-870-8700
Facsimile:   817-332-6121
njames@hfblaw.com

ii

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal:

| Plaintiff/Appellant: | Counsel for Appellant: |
|---|---|
| Conghua Yan | Pro Se |

| Defendants/Appellees: | Counsel for Appellees: |
|---|---|
| The Barrows Firm, P.C., Leslie Starr Barrows, and Samantha Ybarra | J. Nathaniel James (appellate) Roland K. Johnson (trial) Caroline M. Cyrier (trial) Harris, Finley & Bogle, P.C. 777 Main Street, Suite 1800 Fort Worth, Texas 76102 Telephone:  817-870-8700 Email: njames@hfblaw.com |
| State Bar of Texas, Luis Jesus Marin, Daniel Eulalio Martinez, and Rachel Ann Craig | Royce LeMoine (trial and appellate) Michael G. Graham (appellate) Amanda M. Kates (trial) Office of the Chief Disciplinary Counsel State Bar of Texas P.O. Box 12487 Austin, Texas 78711-2487 Telephone:  512-427-1339 Email: Royce.lemoine@texasbar.com |
| Lori DeAngelis | Katherine E. Owens (appellate) Mallory Ann Schuit (appellate) M. Keith Ogle (trial) Tarrant County Criminal District Attorney's Office |

401 W. Belknap, 9th Flr. – Civil Division
Fort Worth, Texas 76196
Telephone:  817-884-1233
Email: keowens@tarrantcountytx.gov

Albert Pigg

William A. Pigg – *Pro se*
10455 N. Central Expressway, Ste. 109
Dallas, Texas 75231
Telephone:  214-551-9331
Email: wapigg@pigglawfirm.com

U.S. Bank

Tyler J. Hill
Morgan, Lewis & Bockius, LLP
1717 Main Street, Ste. 3200
Dallas, Texas 75201
Telephone:  214-466-4160
Email: Tyler.j.hill@morganlewis.com

Melissa D. Hill (Pro Hac Vice)
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178
Telephone:  212-309-6000
Email: Melissa.hill@morganlewis.com

**Additional Interested Persons**

Texas Lawyers' Insurance
Exchange

Non-party

*/s/ J. Nathaniel James*
J. Nathaniel James

Attorney of record for Appellees the Barrows
Firm, Leslie Starr Barrows, and Samantha
Ybarra

iv

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is unnecessary to aid the Court's decisional process because this appeal involves the application of well-established principles of law.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ...................................................... iii

STATEMENT REGARDING ORAL ARGUMENT ........................................ v

TABLE OF CONTENTS.................................................................................. vi

TABLE OF AUTHORITIES ........................................................................... ix

STATEMENT OF JURISDICTION................................................................ 1

A.  District Court Jurisdiction ................................................................ 1

B.  Appellate Jurisdiction ...................................................................... 1

STATEMENT OF ISSUES IN RESPONSE ..................................................... 2

STATEMENT OF THE CASE....................................................................... 3

I.  Introduction........................................................................................ 3

II.  The Complaint alleges that an agreed family court order resulted
from a state-wide conspiracy. ................................................................ 4

III.  The Complaint requests federal court intervention in his divorce. .......... 7

    A.  After granting leave to file a Third Amended Complaint, the
    district court granted the Barrows Appellees' motions to
    dismiss. ...................................................................................... 8

    B.  Following a jurisdictional remand by this Court, the district
    court dismissed the remaining claims against Pigg and
    entered judgment. ....................................................................... 9

SUMMARY OF THE ARGUMENT ............................................................... 11

ARGUMENT AND AUTHORITIES.............................................................. 13

I.  The dismissal order is reviewed de novo. ............................................... 13

II.  Yan's "reframing" argument does not limit the Court's scope of review..................................................................................... 14

III. The district court properly considered jurisdictional grounds prior to separately determining the Complaint failed to state any plausible claim. ...................................................................... 16

IV.  Yan's factual allegations squarely implicate attorney immunity. .......... 17

V.   The Court should affirm the dismissal of Yan's RICO claims for failure to state a claim.............................................................. 20

  A.  The RICO claims were properly dismissed because Yan failed to plead facts showing a pattern of racketeering activity. ........................................................................ 20

    1.  The Complaint does not plead sufficient facts to show closed-ended continuity. ..................................... 21

    2.  The Complaint does not plead sufficient facts to show open-ended continuity........................................ 23

  B.  Yan failed to plausibly plead the commission of any RICO predicate act............................................................... 26

    1.  Complaints about adversarial litigation conduct are insufficient to state a RICO claim................................ 27

    2.  Yan failed to meet the heightened pleading requirements for the mail or wire fraud predicates............ 28

    3.  Yan's Section 664 allegations conflates lawful conduct with a supposed predicate act of theft or embezzlement.................................................. 30

VI.  The attempted constitutional and Section 1983 claims fail because Barrows is a private actor. ................................................ 32

  A.  No direct constitutional claims against private actors. ................ 32

  B.  Barrows did not act under color of state law.............................. 33

C.      Yan also failed to plausibly plead any violation of constitutional rights. ...................................................................... 35

VII.   The district court properly dismissed any intended antitrust claim. ...... 38

VIII.  In the alternative, if necessary, *Younger* abstention applies.................... 41

IX.    The district court allowed Yan ample opportunity to plead his best case and did not abuse its discretion by refusing leave to amend for a fourth time.............................................................................................. 45

      A.      As the district court correctly held, Yan has pleaded his best case. .................................................................................... 46

      B.      The district court did not abuse its discretion in denying leave to amend the complaint a fourth time. ............................... 47

            1.     There is no entitlement to serial amendment. ..................... 48

            2.     Yan strategically delayed his request for amendment. ....... 49

            3.     The proposed amendment, including the derivative ERISA theory, was futile. .................................................. 50

X.     Yan is not entitled to reassignment in the event of any remand. ........... 52

CONCLUSION ............................................................................................. 54

CERTIFICATE OF SERVICE ........................................................................ 55

CERTIFICATE OF COMPLIANCE ............................................................... 56

# TABLE OF AUTHORITIES

## Federal Cases

*Abraham v. Singh*,
480 F.3d 351 (5th Cir. 2007) ..................................................................20

*Acad. Of Allergy & Asthma in Primary Care v. Quest Diagnostics, Inc.*,
998 F.3d 190 (5th Cir. 2021) ..................................................................49

*Allen v. Walmart Stores, L.L.C.*,
907 F.3d 170 (5th Cir. 2018) ..................................................................47

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*,
526 U.S. 40 (1999)..................................................................................35

*Asadi v. G.E. Energy (USA), L.L.C.*,
720 F.3d 620 (5th Cir. 2013) ...........................................................15, 20

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................13

*Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*,
103 F.4th 383 (5th Cir. 2024) ................................................................48

*Ballew v. Cont'l Airlines, Inc.*,
668 F.3d 777 (5th Cir. 2012) ..................................................................17

*Bazrowx v. Scott*,
136 F.3d 1053 (5th Cir. 1998) ..........................................................39, 48

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..........................................................................13, 34

*Blue v. UAL Corp.*,
160 F.3d 383 (7th Cir. 1998) ..................................................................51

*Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*,
748 F.3d 631 (5th Cir. 2014) ..................................................................24

*Brinkmann v. Johnston*,
  793 F.2d 111 (5th Cir. 1986) ......................................................34

*Bye v. MGM Resorts Int'l, Inc.*,
  49 F.4th 918 (5th Cir. 2022) ......................................................14

*Cinel v. Connick*,
  15 F.3d 1338 (5th Cir. 1994) ......................................................33

*D&T Partners, L.L.C. v. Baymark Partners Mgmt., L.L.C.*,
  98 F.4th 198 (5th Cir. 2024) .............................................*passim*

*Dennis v. Sparks*,
  449 U.S. 24 (1980)......................................................................33

*Efron v. Embassy Suites, Inc.*,
  223 F.3d 12 (1st Cir. 2000)....................................................22, 26

*Escalante v. Lidge*,
  34 F.4th 486 (5th Cir. 2022) ......................................................15

*Estate of Merkel v. Pollard*,
  354 F. App'x 88 (5th Cir. 2009)..................................................43

*Farmers Texas Cty. Mut. Ins. Co. v. 1st Choice Accident and Injury,
  L.L.C.*,
  168 F.4th 271 (5th Cir. 2026) ..........................................47, 49, 50

*Feld Ent. Inc. v. Am. Soc'y for the Prevention of Cruelty to Animals*,
  873 F. Supp. 2d 288 (D.D.C. 2012)............................................28

*Ferrer v. Chevron Corp.*,
  484 F.3d 776 (5th Cir. 2007) ......................................................13

*Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*,
  565 F.3d 200 (5th Cir. 2009) ......................................................29

*Foman v. Davis*,
  371 U.S. 178 (1962)....................................................................19

*Freeman v. Continental Gin Co.*,
  381 F.2d 459 (5th Cir. 1967) ......................................................50

*Garza v. Lorenzo-Giguere*,
277 F. App'x 444 (5th Cir. 2008) ........................................................................17

*Gibson v. Berryhill*,
411 U.S. 564 (1973) ..............................................................................................42

*Gilbert v. Donahoe*,
751 F.3d 303 (5th Cir. 2014) ................................................................................16

*Grant v. Cuellar*,
59 F.3d 523 (5th Cir. 1995) ..................................................................................14

*Guardino v. Hart*,
No. 22-20278, 2023 WL 3818378 (5th Cir. 2023) ...............................................19

*Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*,
304 F.3d 476 (5th Cir. 2002) ................................................................................15

*H.J. Inc. v. Nw. Bell Tel. Co.*,
492 U.S. 229 (1989) ..................................................................................21, 22, 24

*Heinze v. Tesco Corp.*,
971 F.3d 475 (5th Cir. 2020) ................................................................................13

*Herrmann Holdings Ltd. v. Lucent Techs. Inc.*,
302 F.3d 552 (5th Cir. 2002) ................................................................................48

*Hill v. McClellan*,
490 F.2d 859 (5th Cir. 1974) ................................................................................35

*In re Burzynski*,
989 F.2d 733 (5th Cir. 1993) ....................................................................23, 25, 30

*In re Comshare, Inc. Sec. Litig.*,
183 F.3d 542 (6th Cir. 1999) ................................................................................15

*In re Great Lakes Dredge & Dock Co.*,
624 F.3d 201 (5th Cir. 2010) ................................................................................13

*Jackson v. Metro. Edison Co.*,
419 U.S. 345 (1974).............................................................................................35

*Jacquez v. Procunier,*
801 F.2d 789 (5th Cir. 1986) ......................................................39, 45, 46

*Jennings v. Auto Meter Prod., Inc.,*
495 F.3d 466 (7th Cir. 2007) .................................................................23

*Jewell v. City of Covington, Ga.,*
425 F.2d 459 (5th Cir. 1970) .................................................................32

*Johnson v. Sawyer,*
120 F.3d 1307 (5th Cir. 1997) ...............................................................53

*Juidice v. Vail,*
430 U.S. 327 (1977).............................................................................44

*Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan,*
555 U.S. 285 (2009).............................................................................51

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
511 U.S. 375 (1994).............................................................................13

*Kruebbe v. Beevers,*
692 F. App'x 173 (5th Cir. 2017) ...........................................................14

*La. Debating & Literary Ass'n v. City of New Orleans,*
42 F.3d 1483 (5th Cir. 1995) .................................................................42

*Link v. Wabash R.R. Co.,*
370 U.S. 626 (1962).........................................................................31, 36

*Lozano v. Ocwen Fed. Bank, FSB,*
489 F.3d 636 (5th Cir. 2007) .................................................................39

*Lynch v. Cannatella,*
810 F.2d 1363 (5th Cir. 1987) ...............................................................34

*M. D. by Stukenberg v. Abbott,*
119 F.4th 373 (5th Cir. 2024) ............................................................52, 53

*Malvino v. Delluniversita,*
840 F.3d 223 (5th Cir. 2016) .................................................................21

*Matassarin v. Lynch*,
174 F.3d 549 (5th Cir. 1999) .................................................................51

*Matzen v. McLane*,
764 Fed. App'x 402 (5th Cir. 2019) ......................................................17

*Mayeaux v. La. Health Serv. and Indem. Co.*,
376 F.3d 420 (5th Cir. 2004) .................................................................47

*McAfee v. 5th Cir. Judges*,
884 F.2d 221 (5th Cir. 1989) .................................................................34

*McLin v. Twenty-First Jud. Dist.*,
79 F.4th 411 (5th Cir. 2023) .................................................................17

*Metropolitan Life Ins. Co. v. Wheaton*,
42 F.3d 1080 (7th Cir. 1994) .................................................................51

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*,
457 U.S. 423 (1982) .......................................................................42, 45

*Miller v. Sam Houston State Univ.*,
986 F.3d 880 (5th Cir. 2021) .................................................................53

*Mills v. Crim. Dist. Ct. No. 3*,
837 F.2d 677 (5th Cir. 1988) .................................................................33

*Moore v. Sims*,
442 U.S. 415 (1979).................................................................................43

*N. Miss. Commc'ns Inc. v. Jones*,
792 F.2d 1330 (5th Cir. 1986) ...............................................................40

*N.Y. Life Ins. Co. v. Brown*,
84 F.3d 137 (5th Cir. 1996) ...................................................................37

*Olivarez v. T-Mobile USA, Inc.*,
997 F.3d 595 (5th Cir. 2021) .................................................................48

*Ortiz v. Am. Airlines, Inc.*,
5 F.4th 622 (5th Cir. 2021) ...................................................................16

*Pennzoil Co. v. Texaco, Inc.*,
481 U.S. 1 (1987)................................................................43, 44

*Plotkin v. IP Axess Inc.*,
407 F.3d 690 (5th Cir. 2005) ...................................................13

*Price v. Pinnacle Brands Inc.*,
138 F.3d 602 (5th Cir. 1998) ...................................................48

*Priester v. Lowndes County*,
354 F.3d 414 (5th Cir. 2004) ...................................................33

*Richard v. Hoechst Celanese Chem. Grp, Inc.*,
355 F.3d 345 (5th Cir. 2003) ...................................................34

*Ricks v. Khan*,
135 F.4th 296 (5th Cir. 2025) ..................................................48

*Santander v. Salazar*,
133 F.4th 471 (5th Cir. 2025) ..................................................16

*SIL-FLO, Inc. v. SFHC, Inc.*,
917 F.2d 1507 (10th Cir. 1990) ................................................22

*Smith v. Ayer*,
101 U.S. 320 (1979)..............................................................31

*Snow Ingredients, Inc. v. SnoWizard, Inc.*,
833 F.3d 512 (5th Cir. 2016) ........................................19, 27, 28

*Sprint Communications, Inc. v. Jacobs*,
571 U.S. 69 (2013)......................................................43, 44, 45

*Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*,
200 F.3d 307 (5th Cir. 2000) ...................................................40

*Stripling v. Jordan Prod. Co., LLC*,
234 F.3d 863 (5th Cir. 2000) ...................................................47

*Taylor Pub. Co. v. Jostens*,
216 F.3d 465 (5th Cir. 2000) ...................................................40

*Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*,
  975 F.2d 1134 (5th Cir. 1992) .......................................................................14

*Tex. Ass'n of Bus. v. Earle*,
  388 F.3d 515 (5th Cir. 2004) .........................................................................42

*Troice v. Proskauer Rose, LLP*,
  816 F.3d 341 (5th Cir. 2016) .........................................................................17

*United States v. Martino*,
  648 F.2d 367 (5th Cir. 1981) .........................................................................27

*United States v. Pendergraft*,
  297 F.3d 1198 (11th Cir. 2002) .....................................................................28

*United States v. Perez-Gorda*,
  115 F.4th 653 (5th Cir. 2024) ..................................................................29, 30

*United States v. Rodriguez*,
  33 F.4th 807 (5th Cir. 2022) .........................................................................15

*United States v. Wilkes*,
  20 F.3d 651 (5th Cir. 1994) ...........................................................................14

*United States v. Winters*,
  174 F.3d 478 (5th Cir. 1999) .........................................................................52

*Van Velzer v. Amegy Bank*,
  713 F. App'x 377 (5th Cir. 2018) ..................................................................28

*Ward v. Sante Fe Ind. Sch. Dist.*,
  393 F.3d 599 (5th Cir. 2004) .........................................................................15

*West v. Atkins*,
  487 U.S. 42 (1988).........................................................................................33

*Word of Faith World Outreach Ctr. Church, Inc. v. Morales*,
  986 F.2d 962 (5th Cir. 1993) .........................................................................42

*XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*,
  513 F.3d 146 (5th Cir. 2008) .........................................................................14

*Yohey v. Collins*,
  985 F.2d 222 (5th Cir. 1993) ...................................................................................14

*Younger v. Harris*,
  401 U.S. 37 (1971)..................................................................................*passim*

*Zastrow v. Hous. Auto Imports Greenway Ltd.*,
  789 F.3d 553 (5th Cir. 2015) ...................................................................................25

## State Cases

*Alpert v. Crain, Caton & James, PC*,
  178 S.W.3d 398 (Tex. App.—Houston [1st Dist.] 2005, pet.
  denied)........................................................................................................18

*Campos v. S. Tex. Beverage Co.*,
  679 S.W.2d 739 (Tex. App.—El Paso 1984, no writ).........................................35

*Cantey Hanger, LLP v. Byrd*,
  467 S.W.3d 477 (Tex. 2015) ...........................................................................17, 18

*Celotex Corp. v. Tate*,
  797 S.W.2d 197 (Tex. App.—Corpus Christi-Edinburg 1990, writ
  dism'd by agreement) .......................................................................................37

*Dancy v. Daggett*,
  815 S.W.2d 548 (Tex. 1991) ...............................................................................31

*Herschberg v. Herschberg*,
  994 S.W.2d 273 (Tex. App.—Corpus Christi-Edinburg 1999, no
  pet.) .........................................................................................................31

*Johnson v. State Farm Mut. Ins. Co.*,
  520 S.W.3d 92 (Tex. App—Austin 2017, pet. denied) ...............................32, 35

*Mitchell v. Chapman*,
  10 S.W.3d 810 (Tex. App.—Dallas 2000, pet. denied)......................................18

*Republican Party of Tex. v. Dietz*,
  940 S.W.2d 86 (Tex. 1997).................................................................................32

*Taylor v. Tolbert*,
  644 S.W.3d 637, 653 (Tex. 2022) ......................................................................18

*Yancy v. United Surgical Partners Intern., Inc.*,
   236 S.W.3d 778 (Tex. 2007) ....................................................................37

## **Federal Statutes and Rules**

18 U.S.C. § 664 ................................................................................26, 27, 30

18 U.S.C. § 1027 ....................................................................................26, 27

18 U.S.C. § 1341 ....................................................................................26, 27

18 U.S.C. § 1343 ............................................................................26, 27, 30

18 U.S.C. § 1349 ....................................................................................26, 27

18 U.S.C. § 1961(1) ....................................................................................27

18 U.S.C. § 1962(a) ..........................................................................2, 20, 26

18 U.S.C. § 1962(c) ..............................................................................20, 26

18 U.S.C. § 1962(d) ..............................................................................20, 26

28 U.S.C. § 1291 ............................................................................................1

28 U.S.C. § 1331 ............................................................................................1

28 U.S.C. § 1343(a)(3) ..................................................................................1

29 U.S.C. § 1056 ....................................................................................27, 30

42 U.S.C. § 1983 ...................................................................................*passim*

Fed. R. Civ. P. 9 ..........................................................................................30

Fed. R. Civ. P. 9(b) ................................................................................13, 28

Fed. R. Civ. P. 12(b)(1) .........................................................................*passim*

Fed. R. Civ. P. 12(b)(6) .........................................................................*passim*

Fed. R. Civ. P. 15 ........................................................................................47

Fed. R. Civ. P. 28 ........................................................................................14

## State Statutes

Tex. Fam. Code § 8.351 ...................................................................................30

Tex. Fam. Code § 9.101 ...................................................................................30

Texas Penal Code § 37.03 ...............................................................................27

Texas Penal Code § 39.03(a)(2).......................................................................27

## Miscellaneous

5 Charles Alan Wright et al., *Federal Practice and Procedure* § 1297
   (1990) ..........................................................................................................14

## STATEMENT OF JURISDICTION

**A.     District Court Jurisdiction**

Yan asserted claims arising under federal statutes and violations of the United States Constitution. Accordingly, the district court had statutory jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

**B.     Appellate Jurisdiction**

This Court has jurisdiction over the March 10, 2026 Final Judgment under 28 U.S.C. § 1291. ROA.3065. Following the Court's jurisdictional reversal and remand in Case No. 24-10543 [ROA.2186], the district court resolved the previously unadjudicated claims against Pigg by order granting judgment on the pleadings. ROA.3064. The claims against all other parties were dismissed by the district court's earlier April 23, 2024 order. ROA.2078. The district court entered a final judgment on March 10, 2026. ROA.3065.

## STATEMENT OF ISSUES IN RESPONSE

1.  Whether the Judgment should be affirmed because Yan failed to plead facts demonstrating any plausible claim against the Barrows Appellees?

2.  Whether the dismissal of the RICO claims against the Barrows Appellees should be affirmed, including because:

    A.  Yan failed to plead continuity facts necessary to show a pattern of racketeering activity;

    B.  Yan failed to plead facts supporting a reasonable inference that any RICO predicate crimes were committed;

    C.  Yan failed to plead injury from the use or investment of alleged racketeering income necessary to state a claim under 18 U.S.C. § 1962(a); and

    D.  Yan failed to plead facts supporting the conclusory conspiracy allegations?

3.  Whether the dismissal of the constitutional and Section 1983 claims should be affirmed including because Barrows is a purely private actor and Yan failed to plausibly plead any constitutional violation?

4.  Whether the district court properly dismissed the putative antitrust claim against the Barrows Appellees because Yan pleaded no facts supporting the necessary element of anticompetitive predatory conduct?

5.  In the alternative, if necessary, whether the district court properly dismissed any remaining claims against the Barrows Appellees based on the doctrine of attorney immunity?

6.  In the alternative, if necessary, whether abstention under the *Younger* doctrine is appropriate because Yan's requests for injunctive and declaratory relief sought federal court interference with his ongoing state court divorce and child custody proceeding?

7.  Whether the district properly exercised its discretion in denying leave to file a fourth amended complaint?

**STATEMENT OF THE CASE**

## I.     Introduction

This appeal rises from the dismissal of Conghua Yan's ("Yan") Third Amended Complaint (the "Complaint") asserting RICO, antitrust, and constitutional claims against his attorney, opposing counsel, and the associate judge involved in his ongoing Texas divorce, against the bank that disbursed funds from his retirement account in compliance with the family court's order, and against the State Bar of Texas ("State Bar") and attorneys from its Office of Chief Disciplinary Counsel ("OCDC") based on the dismissal of grievances filed by Yan against his attorney and opposing counsel. The Complaint spans more than 400 paragraphs and references scores of federal and state statutory provisions, each of which is incorporated by reference in the statement of each cause of action. ROA.1088, 1102-03, 1117.

All of Yan's claims relate to his highly contentious divorce and child custody litigation in Tarrant County district court. ROA.1070-87.[1] Appellees Leslie Starr Barrows ("Barrows") and Samantha Ybarra ("Ybarra") are attorneys who represented Yan's wife, Fuyan Wang ("Wang"). ROA.1073-75. At the time, Barrows and Ybarra were associated with The Barrows Firm, P.C. (the "Firm"), also

---

[1] At the time of the Complaint, the divorce was ongoing in Tarrant County district court. ROA.1047.

an Appellee. ROA.1075. Barrows, Ybarra, and the Firm are collectively referred to herein as the "Barrows Appellees."[2] Yan was represented by Appellee William Albert Pigg ("Pigg"). ROA.1071.

The following summarizes Yan's factual allegations against the Barrows Appellees which, though disputed, are relayed with deference to the liberal construction of pleadings afforded to pro se litigants and the governing standards of review.

## II. The Complaint alleges that an agreed family court order resulted from a state-wide conspiracy.

The centerpiece of Yan's Complaint is an April 13, 2022, interim Associate Judge's Report ("AJR") by Appellee Associate Judge DeAngelis ("DeAngelis"). ROA.1076, 1198. As shown on the face of the AJR, Yan appeared personally and was represented by counsel at the April 13, 2022, hearing. ROA.1198. The AJR includes the following order: "Mr. Yan is ordered to withdraw or borrow $50,000 from his retirement account or as much as allowed. Each attorney is awarded $25,000.00 in fees. Mr. Yan is responsible for the cost of QDRO." ROA.1198. Notwithstanding the AJR, Yan did not withdraw any funds or otherwise comply with the order. ROA.1140.

---

[2] The district court referred to the Barrows Appellees as the "Attorney Defendants." ROA.1680.

Yan alleges that Barrows subsequently prepared a proposed "Order for Garnishment of U.S. Bank 401 (K) Savings Plan" (the "QDRO"). ROA.1200-02. The QDRO was sent to Yan, via Pigg, his attorney of record. ROA.1202. After Pigg signed the QDRO as an *agreed order*, it was submitted to and signed by non-party District Judge Judith Wells around April 26, 2022. ROA.1077. The QDRO recites that Yan was ordered to pay spousal support in the amount of $25,000.00 and directs Yan's retirement plan administrator to pay that sum to his spouse as the alternate payee "c/o The Barrows Firm P.C." ROA.1200-02. Yan claims the family court never heard a request for spousal support. ROA.1093.

While admitting that Pigg, his attorney, signed the QDRO, Yan claims he did so without his knowledge or consent. ROA.1078. Yan pleads he first learned of the QDRO three months later in July of 2022 and, by letter, objected to U.S. Bank to prevent the distribution. ROA.1078-79. On August 5, 2022, when Barrows learned that Yan was trying to stop payment, Barrows emailed Pigg. ROA.1139. Heavily redacted versions of the emails are attached to the Complaint as Exhibit 1. ROA.1135. The unredacted portion of Barrows' email states "[Redacted] He said you are writing to US Bank objecting to the Order that you signed off and the Order that the judge has signed off on. In order for us to obtain our attorney's fees, the order must say the fees are for spousal support. There is no way around it [Redacted]." ROA.1139.

5

By late August of 2022, the dispute over enforcement of the QDRO had not been resolved. ROA.1095-97. Attachments to Yan's Complaint show that Barrows was the only one that sought to involve the state court in resolving that dispute. ROA.1142. Instead of joining Barrow's request for a hearing, Pigg, acting on Yan's behalf, promptly responded that the QDRO had been approved and would be paid by U.S. Bank. ROA.1142. The Complaint is silent regarding any attempts by Yan to object or otherwise submit his dispute to the family court.

Yan subsequently filed a criminal report with the Tarrant County Sheriff's Department. ROA.1161. That case was closed on January 4, 2023. ROA.1161. Yan also subsequently filed disciplinary grievances with the OCDC. On July 13, 2023, the OCDC informed Yan that his grievances against Pigg and Barrows had been dismissed because there was "no just cause to believe that [Pigg or Barrows] has committed professional misconduct." ROA.1154-55.

Using conspiracy as his theory of everything, Yan fills in the expansive factual gaps with broad and conclusory allegations of coordinated criminal conduct. To explain his attorney's endorsement of the QDRO, Yan concludes that "Barrows solicited William Albert Pigg to sign this order. Under a conspiracy William Albert Pigg signed this fraudulent order." ROA.1077. To explain why the court signed the QDRO, Yan simply concludes that DeAngelis was a coconspirator too. ROA.1078. Upon dismissing his criminal complaint and grievances, Tarrant County and the

OCDC became coconspirators as well. Yan's conspiratorial inferences are supported by his conclusory assertion that all the individual defendants share a joint interest in securing payment from the retirement account because all are licensed Texas attorneys and members of the State Bar. ROA.1055.

### III. The Complaint requests federal court intervention in his divorce.

Within days of the OCDC's dismissal of his grievances, Yan filed this lawsuit. ROA.31; ROA.1154-55. Ultimately, Yan named as defendants each of the Barrows Appellees, Pigg, Tarrant County, the State Bar, DeAngelis, U.S. Bank, and three employees of the OCDC, Marin, Martinez and Craig. ROA.1053. In each of the four iterations of his complaint, Yan alleged the existence of a massive conspiracy involving the attorneys, judges, bank, county, and the State Bar purporting to involve the systematic use of interim spousal support orders to unlawfully abstract retirement benefits from family law litigants for the alleged purpose of solidifying the State Bar's monopoly power. According to Yan:

> the principle behind these alleged RICO schemes is quite simple: to drain as much money as possible from the victims, including funds from federally prohibited resources, in the quickest manner possible. Each conspirator benefits from their share of the income but must conceal the truth from the victims.

ROA.1055. Although Yan places them in the context of the claimed statewide conspiracy, all of the allegations against the Barrows Appellees relate solely to their representation of Yan's spouse in the divorce.

On September 18, 2023, Yan was afforded leave to file the fourth iteration of his complaint to "plead his best case." ROA.10-11. By his Complaint, a 434-paragraph fusillade, Yan alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Sherman Act, the United States and Texas Constitutions, and 42 U.S.C. § 1983. ROA.1053-1134. Yan also asserted broad requests for declaratory and injunctive relief, including requests for injunctive relief terminating Judge DeAngelis' employment, dissolving the Barrows Firm, dissolving the State Bar, and generally prohibiting all Texas attorneys from accepting payment of attorneys' fees pursuant to court orders. ROA.1100, 1113, 1116.

In addition to the fanciful requests for injunctive relief, Yan's scattershot references to myriad federal and state statutory provisions compound the nebulous nature of his Complaint. As the district court ultimately observed, though Yan was given three opportunities to amend, Yan's "factual allegations [remain] none clearer." ROA.2079. While attempting a liberal construction afforded pro se pleadings, Appellees were left guessing about Yan's putative claims.

**A.** **After granting leave to file a Third Amended Complaint, the district court granted the Barrows Appellees' motions to dismiss.**

On September 22, 2023, Ybarra moved to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6). ROA.1273. Barrows and the Barrows Firm also jointly moved to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6). ROA.1438-1470. In response to the Barrows Appellees' motions to dismiss, along

with dismissal motions filed by other defendants, the magistrate issued Findings, Conclusions and Recommendations ("FCR") recommending the dismissal of Yan's claims against the Barrows Appellees based on the doctrine of attorney immunity. ROA.1698. Yan objected to the FCR's application of attorney immunity. ROA.1709-11.

The district court conducted *de novo* review. ROA.2078. While concluding that the Complaint generally triggered attorney immunity, the court sustained Yan's objection to applying the doctrine to certain federal statutory claims. ROA.2089. The district court also concluded the Complaint was subject to dismissal under Rule 12(b)(6). ROA.2091. Concluding that Yan had pleaded his best case and that further amendments would not further the litigation (ROA.2081), the district court ordered the dismissal of Yan's RICO and Antitrust claims against the Barrows Appellees with prejudice pursuant to Rule 12(b)(6) (the "Dismissal Order"). ROA.2093. The district court dismissed Yan's remaining claims without prejudice pursuant to Rule 12(b)(1). ROA.2089. On April 23, 2024, the district court entered a Final Judgment dismissing the Complaint. ROA.2096.

**B.    Following a jurisdictional remand by this Court, the district court dismissed the remaining claims against Pigg and entered judgment.**

On June 12, 2024, Yan filed a notice of appeal. ROA.2155. This Court determined it lacked appellate jurisdiction and reversed and remanded for the district

9

court to adjudicate the claims asserted against Pigg. ROA.2186-2188. The mandate issued on October 20, 2025. ROA.2185.

On November 21, 2025, Pigg filed a Rule 12(c) Motion for Judgment on the Pleadings. ROA.2558. After full briefing on Pigg's Motion, Yan sought leave to file a Fourth Amended Complaint. ROA.2665. In addition to realleging previously dismissed claims, Yan also sought to add new parties, including Judge William Harris, the judge assigned to preside over his state court divorce, Judge David Evans, the Presiding Judge of the 8th Administrative Judicial Region in Texas, and Gene Wilder, the District Clerk for Tarrant County. ROA.2690. On February 19, 2026, the magistrate issued an order recommending that Pigg's Motion be granted and Yan's Motion for Leave be denied. ROA.2981.

Yan filed a motion seeking the recusal of District Judge Mark Pittman based on "personal, professional, civic, and ceremonial ties" to Judge Evans and Judge Harris, the two judges Yan sought to add as defendants by his Motion for Leave. ROA.2993. Judge Pittman recused on February 27, 2026, and the case was reassigned to District Judge Terry R. Means. ROA.28. After objections by Yan [ROA.3028], Judge Means accepted the magistrate's findings and conclusions and dismissed the remaining claims with prejudice. ROA.3064. On March 10, 2026, the district court entered a Final Judgment. ROA.3065. Yan filed a Notice of Appeal on March 30, 2026. ROA.3070.

# SUMMARY OF THE ARGUMENT

The central theme of Yan's Complaint is that a Texas family court erred and exceeded its authority by entering an agreed domestic relations order requiring payment from Yan's retirement account at U.S. Bank. The Complaint is silent regarding attempts to challenge the order in state court. Instead, based on automatic conclusions of organized criminality, Yan took his complaints elsewhere. Collecting additional defendants along the way, he went first to the bank, then to the police, then to the State Bar, and, ultimately, to federal court.

The Complaint reflects Yan's reflexive response to each adverse determination he faced. Filling in the factual gaps with conclusory allegations of layered conspiracies involving judges, attorneys, law enforcement, and the State Bar, Yan concludes that the family court order evidences a statewide pattern of racketeering activity contrived to solidify the State Bar's supposed monopoly power. The Complaint not only fails to deliver facts supporting the fantastical conspiracy, Yan's substitution of conclusions and speculation for facts render all claims against the Barrows Appellees both factually implausible and legally infirm.

On appeal, Yan undertakes a misguided attack on the district court's analysis rather than a demonstration of the Complaint's sufficiency. But, the Court reviews judgments, not opinions. This judgment can be affirmed based on numerous, independent grounds raised by the Barrows Appellees.

11

The RICO claims fail because the Complaint concerns isolated litigation conduct without the continuity necessary to support the claimed pattern of racketeering activity. Even if the Court credited Yan's conclusory accusations of unlawful conduct, all such allegations are temporally confined to the span of a few months of litigation in his ongoing, contentious divorce. Due to the lack of continuity facts, all the RICO claims fail.

The constitutional and civil rights claims fail because Barrows is a purely private actor. Yan's allegations that she conspired with any state actor are premised solely on conclusions and unreasonable inferences from the bare facts alleged.

To the extent Yan attempted an antitrust claim against the Barrows Appellees, that too fails. Yan ignores that predatory conduct sufficient to support a monopoly claim must be anti-competitive. Yan's assertion that he was victimized in the divorce are not allegations of anti-competitive conduct by opposing counsel.

The district court rightly observed that Yan was given adequate opportunity to plead his best case and did not abuse its discretion in refusing leave to file a fifth complaint. The district court properly dismissed the Complaint against Barrows, Ybarra, and the Firm.

## ARGUMENT AND AUTHORITIES

**I.      The dismissal order is reviewed de novo.**

The dismissal order is reviewed *de novo*. *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020).

To avoid dismissal under Rule 12(b)(1), the party asserting jurisdiction has the burden of establishing it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To avoid dismissal under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Well-pleaded facts are accepted as true and the complaint is construed "in the light most favorable to the plaintiff." *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010).

Although the complaint is construed in favor of the plaintiff, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Mere labels and formulaic recitations of the elements of a claim are insufficient. *Twombly*, 550 U.S. at 555. Additionally, Rule 9(b) requires that allegations of fraud be made with particularity. Fed. R. Civ. P. 9(b). "At a minimum, Rule 9(b) requires allegations of the particulars of 'time, place, and contents of the false representations, as well as

the identity of the person making the misrepresentation and what he obtained thereby.'" *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (quoting 5 Charles Alan Wright et al., *Federal Practice and Procedure* § 1297 (1990)).

On appeal, "*pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) and *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993)). Likewise, the liberal construction of pro se briefs does not extend to consideration of issues asserted for the first time on appeal. *Kruebbe v. Beevers*, 692 F. App'x 173, 175 (5th Cir. 2017) (per curiam) (quoting *XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 153 (5th Cir. 2008)); *see also Bye v. MGM Resorts Int'l, Inc.*, 49 F.4th 918, 926 (5th Cir. 2022) ("Neither the defendant nor the district court were required to read into the carefully stated complaint . . . a wholly different claim that was not pled.").

## II.  Yan's "reframing" argument does not limit the Court's scope of review.

Yan repeatedly suggests that reversal is warranted based on perceived inadequacies with the district court's depth and manner of analysis. He contends that the district court's characterization of his case as a domestic dispute *reframed* the case, preventing the court from reaching the ultimate merits. Br. at 47. This is evidenced, he claims, by the fact that the district court did not independently discuss

each claimed RICO predicate act and did not conduct an element-by-element analysis for each claim and defendant. Br. at 87. Yan's arguments ignore the standard of review. The district court was not obligated to accept, and specifically rejected, his myriad conclusory allegations and unwarranted inferences. ROA.2092 ("[H]is allegations are conclusory and utterly devoid of factual support."). Yan also ignores that the district court was required to address the jurisdictional basis for dismissal raised by the various defendants before proceeding to the ultimate merits of any pleaded claims. *United States v. Rodriguez*, 33 F.4th 807, 811 (5th Cir. 2022).

Moreover, Yan's reframing argument ignores that in answering whether the district court erred in dismissing the claims against the Barrows Appellees, the Court can affirm on any basis supported by the record. *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 622 (5th Cir. 2013). The Court reviews judgments, not opinions. *Escalante v. Lidge*, 34 F.4th 486, 494 (5th Cir. 2022); *Ward v. Sante Fe Ind. Sch. Dist.*, 393 F.3d 599, 603 (5th Cir. 2004). The Court is "'not restricted to ruling on the district court's reasoning, and may affirm a district court's grant of a motion to dismiss on a basis not mentioned in the district court's opinion.'" *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 486 (5th Cir. 2002) (quoting *In re Comshare, Inc. Sec. Litig.*, 183 F.3d 542, 548 (6th Cir. 1999)). This is true even if the district court "'relied upon a wrong ground or gave a wrong reason.'"

*Santander v. Salazar*, 133 F.4th 471, 479 (5th Cir. 2025) (quoting *Ortiz v. Am. Airlines, Inc.*, 5 F.4th 622, 630 (5th Cir. 2021)).

The Barrows Appellees raised multiple, independent grounds in their respective motions to dismiss. ROA.1249, 1414. The judgment may be affirmed on any basis supported by the record.

**III.  The district court properly considered jurisdictional grounds prior to separately determining the Complaint failed to state any plausible claim.**

The district court separately considered the sufficiency of the Complaint under Rules 12(b)(1) and 12(b)(6). ROA.2078-2095. The district court agreed that Yan's allegations triggered the attorney-immunity doctrine but sustained Yan's objections to applying immunity to Yan's federal statutory RICO and antitrust claims. ROA.2087. Accordingly, pursuant to Rule 12(b)(1), the district court dismissed *without prejudice* Yan's claims other than the RICO and Antitrust claims. ROA.2087. But the district court also independently reviewed the sufficiency of Yan's pleading under Rule 12(b)(6) and determined that "Yan's allegations against both the Attorney Defendants and State Bar Defendants fail to state a cognizable claim entitling Yan to relief." ROA.2089. Accordingly, Yan's RICO and antitrust claims were dismissed with prejudice. ROA.2089, 2091.

Though only the RICO and antitrust claims were dismissed with prejudice, the order and judgment dismissing the remaining claims without prejudice can be affirmed under Rule 12(b)(6), an independent ground urged below. *Gilbert v.*

*Donahoe*, 751 F.3d 303, 311 (5th Cir. 2014) (quoting *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012)). Because Yan has failed to show that the district court erred in determining he failed to state any plausible claim, Barrows Appellees respectfully submit that the Court should affirm the dismissal on that basis. *Matzen v. McLane*, 764 Fed. App'x 402, 402 (5th Cir. 2019) ("[W]e need not address those arguments [alleging error in 12(b)(1) analysis] because Matzen has failed to show the district court erred in dismissing his claims under Rule 12(b)(6)."); *Garza v. Lorenzo-Giguere*, 277 F. App'x 444, 446 (5th Cir. 2008). Nevertheless, because attorney immunity is jurisdictional, it is appropriate to consider first.

## IV.   Yan's factual allegations squarely implicate attorney immunity.

This Court has characterized the doctrine of attorney immunity as jurisdictional. *Troice v. Proskauer Rose, LLP*, 816 F.3d 341, 346 (5th Cir. 2016) (holding the attorney immunity defense is "properly characterized as true immunity from suit, not as a defense to liability"). Because it operates as a complete bar to the exercise of jurisdiction over the affected claims, it is appropriate to consider its application first. *McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 415 (5th Cir. 2023).

The attorney-immunity doctrine is derived from the principle that "attorneys are authorized to practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages" to non-clients. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). It is

"intended to ensure 'loyal, faithful, and aggressive representation by attorneys employed as advocates.'" *Id.* (quoting *Mitchell v. Chapman*, 10 S.W.3d 810, 812 (Tex. App.—Dallas 2000, pet. denied)). And, it operates to prevent the "inevitable conflict that would arise if [an attorney] were 'forced constantly to balance his own potential exposure against his client's best interest.'" *Id.* at 483 (quoting *Alpert v. Crain, Caton & James, PC*, 178 S.W.3d 398, 405 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)).

All of Yan's allegations directed at the Barrows Appellees are temporally confined within the scope of their representation of Yan's spouse in the state court divorce. ROA.1070-85, 1694. Yan's allegations include assertions that Barrows sought and obtained an unreasonable award of attorneys' fees, submitted an improper proposed order for consideration by the district court, improperly obtained ultimate payment through submission of a client's QDRO to U.S. Bank, among other allegations. ROA.1070-85. None of the factual allegations against the Barrows Appellees concern conduct beyond the scope of the adversarial litigation representation. The district court correctly concluded the Complaint squarely implicates the immunity doctrine. ROA.2088-89.

After the magistrate recommended dismissal based on attorney immunity, Yan argued for the first time that attorney immunity did not apply to federal statutory claims like RICO. ROA.1709-11. Yan relies on *Taylor v. Tolbert*, in which the Texas

Supreme Court refused to apply the doctrine of attorney immunity to a federal wiretap claim. 644 S.W.3d 637, 653 (Tex. 2022). The Court concluded it is "unlikely that a federal court would apply Texas's common-law attorney-immunity defense to the federal wiretap statute if presented with the question today." *Id.* at 656. While observing the applicability of the doctrine to the pleaded facts, the district court sustained Yan's objection. ROA.2089. Noting that Yan achieved a "pyrrhic victory" to the extent his claims survived the Rule 12(b)(1) analysis, the court proceeded to dismiss the balance of the claims for failure to state a claim. ROA.2090-92.

The district court's approach is analogous to *Guardino v. Hart*, in which this Court recognized the application of attorney immunity to the pleaded facts and affirmed the district court's dismissal of a RICO complaint for failure to state a claim, "to the extent they were not barred by . . . attorney immunity." No. 22-20278, 2023 WL 3818378, at *4–5 (5th Cir. 2023). Ultimately, whether analyzed under immunity or pleading standards, the alleged acts and omissions of an attorney in an adversarial litigation context are an insufficient basis for RICO liability. *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 525 (5th Cir. 2016). *Infra* 25-28.

The district court's approach is also sensible in view of the liberal construction afforded to pro se pleadings. Yan leverages his pro se status in support of his claimed entitlement to serial amendment and liberal construction. Br. at 60, 64. Attorney immunity forecloses such a liberal construction because the "underlying facts and

circumstances" he relies upon *are not* "a proper subject of relief." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, the Court should affirm attorney immunity applies to the factual allegations in the Complaint and forecloses the existence of any as-yet-unnamed alternative theories of liability.

As set forth below, it is ultimately unnecessary to decide whether immunity bars any causes of action actually identified in the Complaint because all are inadequately pleaded.

## V. The Court should affirm the dismissal of Yan's RICO claims for failure to state a claim.

Yan alleged that the Barrows Appellees were liable under 18 U.S.C. § 1962(a), (c), and (d). Barrows Appellees moved to dismiss the RICO claims under Rule 12(b)(6) asserting multiple grounds. ROA.1288-1295, 1454-1463. The dismissal of the RICO claims against the Barrows Appellees can be affirmed for each of these independent reasons. *Asadi*, 720 F.3d at 622.

### A. The RICO claims were properly dismissed because Yan failed to plead facts showing a pattern of racketeering activity.

Each of § 1962(a), (c), and (d) requires pleading and proof of a *pattern* of racketeering activity. *D&T Partners, L.L.C. v. Baymark Partners Mgmt., L.L.C.*, 98 F.4th 198, 205 (5th Cir. 2024) (quoting *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007)). Sufficiently pleading a pattern of racketeering activity requires more than the mere identification of two predicate acts. The RICO plaintiff must "show

both a relationship between the predicate offenses . . . and the threat of continuing activity." *Malvino v. Delluniversita*, 840 F.3d 223, 231 (5th Cir. 2016).

RICO continuity is a temporal concept. *D&T Partners*, 98 F.4th at 205 (citing *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240 (1989)). To effectuate Congress's intent to address "*continuing* racketeering activity," the Supreme Court has explained a plaintiff may satisfy the continuity requirement by showing "a closed period of repeated conduct" or "past conduct that by its nature projects into the future with a threat of repetition." *H.J. Inc.*, 492 U.S. at 240-241.

Among the grounds argued in support of their respective motions to dismiss, the Barrows Appellees argued Yan failed to plead continuity facts necessary to establish an actionable pattern of racketeering activity. ROA.1454-57, 1288-90. All of Yan's allegations against the Barrows Appellees are temporally confined within the context of his ongoing divorce proceedings. Payment pursuant to the QDRO, the alleged object of the conspiracy, has already occurred, and there is no cognizable risk of future harm to Yan or anyone else. ROA.1454-57, 1288-90.

1. **The Complaint does not plead sufficient facts to show closed-ended continuity.**

This Court employs "highly fact-intensive analyses" to determine whether continuity has been sufficiently pleaded. *D&T Partners*, 98 F.4th at 206. The test for closed-ended continuity focuses on the duration of the alleged scheme, the number of victims, and the objects of the scheme or schemes. *Id.* at 205–08. Relevant here,

closed-ended continuity is unlikely to exist when the alleged scheme is of short duration or affects a limited number of victims. *Id.* at 206 ("When drafting RICO, Congress sought to address '*long-term* unlawful conduct,' not fraudulent acts 'extending over a few weeks or months.'" (quoting *H.J. Inc.*, 492 U.S. at 242)); *Efron v. Embassy Suites, Inc.*, 223 F.3d 12, 19 (1st Cir. 2000) (holding that the complaint failed to allege a pattern of racketeering activity in part due to the presence of only three victims).

The Complaint fails the continuity test because the "scope and nature of the scheme [is] finite and focused on a singular objective" and the "alleged victims are limited in number." *See D&T Partners*, 98 F.4th at 202. Here, Yan is the singular alleged victim of any conduct attributable to the Barrows Appellees. While Yan strings together numerous conclusory allegations, attempting to contrive a pattern by reference to the back-and-forth email communications between counsel in his divorce proceeding (the alleged wire fraud), the entire "scheme" consists of a singular effort to obtain the QDRO and submit it to U.S. Bank for payment. But, "a single scheme to accomplish one discrete goal, directed at one individual with no potential to extend to other persons or entities is not the type of racketeering pattern RICO seeks to prohibit." *Id.* at 207 (quoting *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1516 (10th Cir. 1990)) (cleaned up).

Here, the allegations of unlawful conduct by the Barrows Appellees are confined to the few months spanning from June through August of 2022, all occurring during the course of Yan's divorce litigation. This Court has found continuity lacking when the entire alleged scheme was carried out during the scope of a single lawsuit. *See, e.g.*, *In re Burzynski*, 989 F.2d 733, 743 (5th Cir. 1993) ("*All* of the alleged predicate acts took place as part of the *Burzynski I* litigation, which has ended. . . . The conduct did not constitute or threaten long-term criminal activity.").

The dismissals of Yan's grievance filings do not supply continuity. In *D&T Partners*, the Court rejected arguments that the temporal scope of the alleged scheme was extended by the defendants' subsequent conduct aimed at concealing past wrongful conduct. *See D&T Partners*, 98 F.4th at 208 ("And such actions, 'even if themselves illegal . . . do nothing to extend the duration of the underlying scheme.'" (quoting *Jennings v. Auto Meter Prod., Inc.*, 495 F.3d 466, 474 (7th Cir. 2007))). Therefore, even if the Court credits Yan's conclusory allegations that the grievance process was a mechanism used to conceal past wrongs, the dismissal of Yan's grievances did not extend the underlying "scheme."

> **2. The Complaint does not plead sufficient facts to show open-ended continuity.**

In the absence of closed-ended continuity, a RICO plaintiff may plead a pattern of racketeering activity by showing that "a threat of continuing activity

extends indefinitely into the future." *Id.* This may be done by pleading that the predicate acts themselves are part of the defendants' ordinary practice in connection with its legitimate business purposes or of its participation in a broader, ongoing RICO enterprise. *Id.* (citing *H.J. Inc.*, 492 U.S. at 243).

In the Complaint, Yan wholly failed to plead facts showing that the Barrows Defendants use the alleged fraudulent acts "in similar business settings" or would continue to employ the fraud against him in the future. *Id.* at 209. Yan's only attempts to plead facts in support of continuity are mere conclusions. ROA.1068 ("The enterprise, *the Barrows Firm* retains profits for marketing . . . thereby expanding its business and allegedly soliciting more victims for its purported racketeering activities.").

On appeal, Yan argues he sufficiently alleged a pattern of racketeering activity because he attached an additional family court order to his Complaint or later in his proposed Fourth Amended Complaint. Br. at 36.[3] But, the Court need not consider the additional exhibits that were neither attached to nor referenced to the Complaint. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). At any rate, all of the "Pattern-Orders"—some of which are motions (not orders) or merely unsigned, *proposed* orders—are from other divorce proceedings,

---

[3] One family court order was attached to the Third Amended Complaint. ROA.1061. The additional family court orders were attached to Yan's Response to the State Bar's motion to dismiss. Br. at 27; ROA.1490-1519.

involving other attorneys, other parties, and other courts. ROA.2932-2961. None bears a date more recent than the year 2016. ROA.2932-2961. Yan pleaded no facts supporting any plausible inference that those exhibits were related to any unlawful act or bear any relationship to the Barrows Appellees.

Before the district court, Yan relied extensively on Exhibit 9 to the Complaint, a Tarrant County Associate Judge's Report from an unrelated 2014 divorce. ROA.1204. Yan pleaded that Exhibit 9 evidenced a "deeply entrenched, widespread, and statewide RICO conspiracy scandal." ROA.1085. But, the 2014 Report facially negates the attempted comparison to Yan's conjectural scheme. The order provides that the husband "shall be *allowed to withdraw* $12,000.00 from his 401(k)." ROA.1204 (emphasis added). Yan does not allege any of the facts giving rise to the 2014 Report, nor does he allege that any unlawful predicate act led to its issuance. The 2014 Report is connected to the alleged scheme only by Yan's conclusory say-so.

This Court has previously rejected attempts to establish a pattern of racketeering activity from isolated litigation conduct. *See, e.g.*, *In re Burzynski*, 989 F.2d at 743 (5th Cir. 1993); *Zastrow v. Hous. Auto Imports Greenway Ltd.*, 789 F.3d 553, 561 (5th Cir. 2015) (rejecting RICO claims premised on alleged predicate acts confined to the defense of a lawsuit). These holdings flow from the general principle that the "courts are reluctant to find a RICO violation when the complaint alleges

unlawful conduct in pursuit of a 'single effort, over a finite period of time.'" *D&T Partners*, 98 F.4th at 207 (quoting *Efron*, 223 F.3d at 21).

The Complaint deconstructs Yan's divorce proceedings in a tortured attempt to tease out a claimed pattern of unlawful conduct. At best, Yan alleged conduct occurring within a short window of time all aimed at the singular objective of securing payment of an interim award of attorneys' fees. The alleged scheme poses no threat of continuing activity. The RICO claims should be dismissed.

## B. Yan failed to plausibly plead the commission of any RICO predicate act.

Alternatively, the Court should affirm the dismissal of Yan's RICO claims because Yan failed to plead facts supporting a reasonable inference that any predicate crime was committed. Without a plausibly pleaded predicate criminal act, Yan's Section 1962(a), (c) and (d) fail.

Yan's multifarious allegations of purported predicate crimes include:

- Embezzling from an employee benefit plan in violation of 18 U.S.C. § 664 (ROA.1071);

- Making false statements or concealing facts in relation to documents required by ERISA in violation of 18 U.S.C. § 1027 (ROA.1079);

- Mail fraud in violation of 18 U.S.C. § 1341 (ROA.1078, 1094);

- Wire fraud in violation of 18 U.S.C. § 1343 (ROA.1075, 1077-78, 1093-95, 1097);

- Conspiring to commit mail or wire fraud in violation of 18 U.S.C. § 1349 (ROA.1093, 1095, 1097);

- Committing aggravated perjury in violation of Texas Penal Code § 37.03 (ROA.1075, 1077-78);

- Committing official oppression in violation of Texas Penal Code § 39.03(a)(2) (ROA.1076); and

- Knowingly violating 29 U.S.C. § 1056, which governs the assignability and alienability of pension plans (ROA.1079).

As an initial matter, several of these alleged crimes are not valid RICO predicates. These include 18 U.S.C. § 1027, 18 U.S.C. § 1349, 29 U.S.C. § 1056, Texas Penal Code § 37.03, and Texas Penal Code § 39.03(a)(2), which are not listed among the predicate "racketeering activities" defined by 18 U.S.C. § 1961(1). *See United States v. Martino*, 648 F.2d 367, 400 (5th Cir. 1981) ("[C]onspiracy to commit mail fraud is not included and is therefore not a predicate act."). The only valid predicate offenses, had they been sufficiently pleaded, are mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), and theft from an employee benefit plan (18 U.S.C. § 664). As set forth below, all of Yan's allegations in support of these claims are mere conclusions based on litigation conduct that cannot support RICO liability.

### 1. Complaints about adversarial litigation conduct are insufficient to state a RICO claim.

Adversarial litigation conduct is an improper foundation for a civil RICO claim. *See SnoWizard*, 833 F.3d at 525 ("In the absence of corruption, we agree . . . that 'prosecuting litigation activities as federal crimes would undermine the policies

of access and finality that animate our legal system [and] would arguably turn many state-law actions for malicious prosecutions into federal RICO actions.'" (quoting *United States v. Pendergraft*, 297 F.3d 1198, 1208 (11th Cir. 2002))).

Civil-RICO liability should not exist unless the pleadings allege actual criminal activity. *Id.* at 525 ("Only in *Feld* did the court allow litigation activity to sustain a civil-RICO action, but in that case the litigation activity included bribery of parties and witnesses." (citing *Feld Ent. Inc. v. Am. Soc'y for the Prevention of Cruelty to Animals*, 873 F. Supp. 2d 288, 307 (D.D.C. 2012))). Yan's allegations that Barrows is a "close friend of [DeAngelis]" and campaign contributor (ROA.1106) are mere conclusions and, in any event, insufficient to support any reasonable inference of criminal conduct or corruption.

### 2. Yan failed to meet the heightened pleading requirements for the mail or wire fraud predicates.

In support of the alleged mail and wire fraud claims, Yan tallies up the emails exchanged between counsel, isolates them from all context, concludes they contain falsehoods, and goes no further. Yan's conclusory suppositions do not meet Rule 9(b)'s heightened pleading standard for fraud allegations. *Van Velzer v. Amegy Bank*, 713 F. App'x 377, 378 (5th Cir. 2018) (holding that Rule 9(b) applies to mail fraud allegations). Plaintiff failed to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent" as required under Rule 9(b)'s heightened

pleading standard. *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009).

Intent to deceive is an essential element of both mail and wire fraud. *United States v. Perez-Gorda*, 115 F.4th 653, 656 (5th Cir. 2024). The emails between Barrows and Pigg reflect mere attorney advocacy concerning the DeAngelis order and subsequent QDRO. ROA.1077-1078, 1139, 1142. Critically, the emails were transmitted in August of 2022, months *after* the QDRO had been approved by Pigg, signed by district court judge, and submitted to US Bank. ROA.1139, 1142. They do not support any reasonable inference that Barrows acted with intent to deceive, either at the time of the transmission or months earlier when the QDRO was approved and signed by the district judge. Rather, the emails negate intent to deceive. Barrows sought to submit counsel's dispute to the family court for resolution. ROA.1142 ("We need to clarify with Judge DeAngelis a ruling for attorneys' fees in her AJ Report. Do you have dates and times that should be available via Zoom and/or In Person."). Within minutes of making that request, Yan's counsel relented and advised Barrows that the QDRO would be paid. ROA.1142.

The Complaint also alleges that Barrows committed wire or mail fraud by unspecified correspondence with U.S. Bank. ROA.1095 ("[B]etween June 2022 and August 2022, [Barrows] made multiple telecommunications to Plaintiff's 401K administrator . . . either through phone calls or emails."). But, Yan does not plead

any facts about the contents of those communications. ROA.1095 ("Through phone calls or emails and with successful deception, she committed multiple acts under 18 U.S.C. 1343 . . . ."). Thus, there is no factual basis from which the Court could draw any inference that Barrows acted with intent to deceive, which is necessary to support a claim for mail or wire fraud. *Perez-Gorda*, 115 F.4th at 656. The allegations fall woefully short of Rule 9's heightened pleading standard for fraud allegations.

### 3. Yan's Section 664 allegations conflates lawful conduct with a supposed predicate act of theft or embezzlement.

18 U.S.C. § 664 makes it a crime to embezzle, steal, or unlawfully convert assets of an employee benefit plan. But, the qualified domestic relations order is a lawful, statutorily authorized mechanism for directing retirement funds to an alternate payee. *See* 29 U.S.C. § 1056(d)(3). Texas law vests the Texas family court with jurisdiction to enter domestic relations orders. Tex. Fam. Code. § 8.351; *Id.* at § 9.101. Yan has also cited no authority for the proposition that the pursuit of a civil remedy in court constitutes theft, embezzlement, or conversion. But, the Court has rejected attempts to extrapolate RICO predicate crimes from the course of "discrete and otherwise lawful" acts such as "the defense of a lawsuit." *In re Burzynski*, 989 F.2d at 743.

Yan's arguments also simply ignore the fact that Pigg, his attorney and chosen agent in the divorce, signed the order. ROA.1202. Yan's vast and conclusory

criminal conspiracy allegations cannot unwind the consequences of his free choice of legal counsel:

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1979)). Yan's disagreement with the family court's order or his counsel's conduct does not convert opposing counsel's pursuit of a civil remedy into a criminal act.

And, despite Yan's complaint that the order was interlocutory (what Yan terms "unappealable"), Texas law affords processes to challenge an interim family court order by mandamus. *Herschberg v. Herschberg*, 994 S.W.2d 273, 276 (Tex. App.—Corpus Christi-Edinburg 1999, no pet.) (citing *Dancy v. Daggett*, 815 S.W.2d 548, 549 (Tex. 1991)). More than a month passed between Yan's alleged discovery of the QDRO and U.S. Bank's approval. ROA.1136, 1142. Instead of presenting the dispute to state court, a route only Barrows pursued [ROA.1142], Yan chose to collaterally attack the order by this lawsuit in which he concludes that everyone in the orbit of his divorce litigation is engaged in coordinated criminality.

Yan failed to plead sufficient factual matter to plausibly establish the commission of any RICO predicate act. This is an independent basis for affirming the dismissal of the RICO claims.

## VI. The attempted constitutional and Section 1983 claims fail because Barrows is a private actor.

In the Complaint, Yan alleged that Barrows violated various provisions of the United States and Texas Constitutions. ROA.1116-1118. As argued in Barrows motion to dismiss, ROA.1465-67, each of these claims fail as a matter of law because Barrows is a private actor, and Yan pleaded no facts supporting any allegation that she acted under color of state law for purposes of 42 U.S.C. § 1983 claims. This is an independent basis for affirming the dismissal of the Section 1983 claim against Barrows. *Supra* 15.

### A. No direct constitutional claims against private actors.

Both the Fourteenth Amendment of the United States Constitution and Article I of the Texas Constitution regulate state action, not the conduct of private parties. *Jewell v. City of Covington, Ga.*, 425 F.2d 459, 460 (5th Cir. 1970); *Johnson v. State Farm Mut. Ins. Co.*, 520 S.W.3d 92, 101 (Tex. App—Austin 2017, pet. denied) (citing *Republican Party of Tex. v. Dietz*, 940 S.W.2d 86, 91, 93 (Tex. 1997)). Yan alleges he was injured by Barrows' conduct while she was acting as private counsel for Yan's wife in divorce litigation. Yan does not allege that Barrows acted in any

other capacity. Therefore, to the extent Yan alleges direct constitutional claims against Barrows, they fail as a matter of law.

**B.      Barrows did not act under color of state law.**

To state a claim under Section 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person *acting under color of state law*." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). A private person acts "under color of state law" when they conspire with state actors to deprive a plaintiff of a federal right. *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004). The plaintiff asserting this theory must plead specific facts showing an agreement between the private person and public defendants to commit an illegal act. *Id.* (citing *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994)).

Private attorneys are not state actors and are generally not subject to suit under Section 1983. *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). An attorney's conduct may be fairly attributable to the state when the attorney acts together with or receives significant aid from a state official. *Dennis v. Sparks*, 449 U.S. 24, 27–29 (1980). This exception is invoked only by sufficient allegations of corruption involving a state actor to accomplish a deprivation of constitutional rights.

A plaintiff alleging state action via the conspiracy or corruption exceptions must plead the material, operative facts supporting the claim. *Lynch v. Cannatella*, 810 F.2d 1363, 1369–70 (5th Cir. 1987) ("Bald allegations that a conspiracy existed are insufficient."); *McAfee v. 5th Cir. Judges*, 884 F.2d 221, 222 (5th Cir. 1989) ("It is now well settled in this Circuit that 'mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy." (quoting *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986)). This accords with the broader requirements for conspiracy pleadings under Rule 12. *Twombly*, 550 U.S. at 556–57 ("Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.").

Indeed, this Court has rejected claims of state action by a private attorney even in cases where the attorney procures a ruling through misinformation. See *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 353 (5th Cir. 2003) ("If a judge reaches a decision based on misinformation that counsel provides, the issuance of the decision does not imply that counsel acted under color of state law."). Accordingly, the mere submission of an order or other document to a court, even if the submission can be shown to be false, does not become state action by a court's reliance on it. *Richard*, 355 F.3d at 353.

Yan wholly failed to plead any facts supporting the existence of a conspiratorial agreement or corruption between Barrows and any state actor. The apparent basis for Yan's Section 1983 claims is Barrows' status as a licensed attorney and "officer of the court." ROA.1089. But, the mere possession of a state license does not convert a private actor into a state actor. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999) ("In cases involving extensive state regulation of private activity, we have consistently held that '[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment.'" (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974))); *Johnson*, 520 S.W.3d at 101 ("A private party's actions should not be construed as state action simply because the private party is licensed by the state." (citing *Campos v. S. Tex. Beverage Co.*, 679 S.W.2d 739, 740 (Tex. App.—El Paso 1984, no writ)). Moreover, the use of the state's judicial processes during litigation does not transform a private attorney into a state actor. *Hill v. McClellan*, 490 F.2d 859, 860 (5th Cir. 1974) (per curiam), overruled on other grounds in *Sparks v. Duval County Ranch Co.*, 604 F.2d 976 (5th Cir. 1979).

C. **Yan also failed to plausibly plead any violation of constitutional rights.**

In addition to the legal bar presented by Barrows' status as a purely private actor, Yan's constitutional claims fail because he pleaded no facts showing any plausible violation of state or federal constitutional protections.

Yan simply repeats the conclusory allegation that he was deprived of liberty and property without due process of law. Based on his subjective disagreement with the reference to spousal support in the QDRO, Yan argues he was not given notice and opportunity to be heard regarding spousal support. ROA.1095. Yan ignores that he was present at the April 13, 2022 hearing when Associate Judge DeAngelis ordered Yan to withdraw funds from his retirement account and *to bear the cost of preparing the QDRO*. ROA.1198. A QDRO was subsequently prepared, agreed to by Yan's counsel, and entered by the presiding district court judge. ROA.1200-1202. Yan's constitutional claims are a plain attempt to avoid reckoning with the fact that the QDRO was submitted as an agreed order, with his own counsel's approval. ROA.1200-1202. But, "he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Link*, 370 U.S. at 633–34.

Yan has further failed to present any argument or authority that due process required the family court to hold an additional hearing prior to entering an agreed order. Thus, to the extent the lack of a second hearing is the alleged basis for Yan's constitutional claims, Yan has waived them. Even if the QDRO was not approved by his own counsel (and it was), Yan would still be required to show why due process demanded an additional hearing. *See id.* at 632 (explaining that the right to be heard "does not mean that every order entered without notice and a preliminary adversary hearing offends due process"). The district court properly dismissed Yan's

Fourteenth Amendment claims because Yan received all due process required by law. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996) ("Ordinarily all that due process requires in a civil case is proper notice and service of process and a court of competent jurisdiction.").

Article I, Section 13 of the Texas Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." Tex. Const. art. I, § 13. Yan failed to identify whether the claim is predicated on the excessive fines clause or the open courts clause. ROA.1117. Neither provision applies here based on the facts alleged. *See Celotex Corp. v. Tate*, 797 S.W.2d 197, 208 (Tex. App.—Corpus Christi-Edinburg 1990, writ dism'd by agreement) (excessive fines clause inapplicable to common law punitive damages as between two private civil litigants); *see also Yancy v. United Surgical Partners Intern., Inc.*, 236 S.W.3d 778, 783 (Tex. 2007) ("Proof of an open courts violation requires two elements: (1) a cognizable, common-law claim that is statutorily restricted, and (2) the restriction is unreasonable or arbitrary when balanced against the statute's purpose and basis.").

The Court should affirm the dismissal of the constitutional and Section 1983 claims because Barrows is not a state actor and Yan failed to plead facts supporting any claimed constitutional violation.

## VII. The district court properly dismissed any intended antitrust claim.

By conclusory and indiscriminate allegations, Yan attempted to bring a cause of action under the Sherman Antitrust Act. ROA.1102-1114. It remains unclear which of the defendants Yan claims violated antitrust law. Br. at 69-72. The heading of Yan's antitrust cause of action identifies only the State Bar. ROA.1102. His later proposed Fourth Amended Complaint only sought antitrust relief from the State Bar. ROA.2742.

Barrows moved to dismiss a possible antitrust claim pursuant to Rule 12(b)(6) because Yan failed to allege facts supporting any inference that Barrows actually formed, attempted to form, or conspired to form a monopoly. ROA.1464-65. Barrows moved to dismiss the antitrust claim out of an abundance of caution because Yan previously argued, in response to Ybarra's earlier motion to dismiss, that Ybarra had failed to challenge the supposed antitrust claim against her. ROA.1414. As set forth in Ybarra's reply, Yan did not plead an antitrust claim against Ybarra, and to the extent such a claim was intended, it was woefully deficient. ROA.1565. Indeed, Yan directed no antitrust allegations against Ybarra. ROA.1102-14. On appeal, Ybarra is wholly omitted from Yan's antitrust argument. Br. at 69-72.

To the extent Yan actually contends that any of Barrows Appellees violated anti-trust law, the dismissal should be affired for the reasons urged in Barrows' motion to dismiss and in Ybarra's reply. ROA.1464-65, 1565. *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit."); *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007) ("And if the court finds the complaint fails to state a claim, it may dismiss 'as long as the procedure employed is fair.'" (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998))). Yan filed four iterations of his complaint. ROA.31, 371, 716, 1053. As the district court correctly determined, Yan was given ample opportunity to plead his best case. ROA.2093.

On appeal, Yan argues that the district court failed to properly analyze his Sherman Act claim Br. at 69-70. But, the district court examined Yan's pleadings and concluded that "[n]either the Original Complaint nor any amendment thereto furnished a 'short and plain statement' showing Mr. Yan is 'entitled to relief' for racketeering or antitrust causes of action." ROA.2091-93. Yan points to no factual allegations supporting any reasonable inference that any one of Barrows Appellees, or other appellee, ever engaged in the kinds of anti-competitive predatory conduct necessary to support a claim under Section 2 of the Sherman Act.

Section 2 of the Sherman Act creates three distinct civil claims: (i) monopolization; (ii) attempt to monopolize; and (iii) conspiracy to monopolize. *N. Miss. Commc'ns Inc. v. Jones*, 792 F.2d 1330, 1335 (5th Cir. 1986). Because Yan alleged conspiracy and pleaded no facts tending to show that Barrows attempted to singularly monopolize the legal market, it appeared that Yan attempted to assert a conspiracy to monopolize claim. *See, e.g.*, *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 315–16 (5th Cir. 2000) (characterizing claim as a conspiracy to monopolize where plaintiff did not show that any one defendant engaged in an attempt to or succeeded in singularly monopolizing a market). But, in response to Barrows' motion to dismiss, Yan expressly disclaimed any intent to assert a claim for conspiracy to monopolize.[4] ROA.1617 ("Plaintiff did not assert 'a conspiracy to monopolize.'"). Instead, Yan explained, he pleaded that "Barrows' RICO predicate acts with its conspiracy also constitutes predatory practices under Antitrust." ROA.1617. As shown below, Yan fundamentally misapprehends the meaning of predatory practices for purposes of antitrust liability.

Predatory practices are those unjustified, anti-competitive practices with the potential to contribute significantly to monopoly power. *Taylor Pub. Co. v. Jostens*,

---

[4] A conspiracy to monopolize requires pleading and proof of: (i) the existence of specific intent to monopolize; (ii) the existence of a conspiracy to achieve that purpose; (iii) overt acts in furtherance of the conspiracy; and (iv) an effect on a substantial amount of interstate commerce. *N. Miss. Commc'ns Inc. v. Jones*, 792 F.2d 1330, 1335 (5th Cir. 1986).

216 F.3d 465, 474–76 (5th Cir. 2000). The Complaint makes no references to any such predatory practices on the part of Barrows or Ybarra. On appeal, Yan merely criticizes the district court's opinion rather than to explaining why the Complaint plausibly states an antitrust claim. Br. at 69-72. Yan makes no attempt to explain how an award of attorneys' fees in litigation has anti-competitive or exclusionary potential. The district court properly concluded that the allegations of the Complaint did not support any reasonable inference of antitrust liability. ROA.2093. The Court should affirm the dismissal of Yan's antitrust claims.

## VIII.  In the alternative, if necessary, *Younger* abstention applies.

Yan requested injunctive and declaratory relief calculated to interfere with the ongoing divorce litigation in the state district court. Among other attempts at interference, Yan sought injunctive relief to terminate Associate Judge DeAngelis' employment with Tarrant County, prohibiting Texas family courts from making orders compelling payment of attorneys' fees, to dissolve the Barrows Firm (then counsel for his adversary in the ongoing divorce), and to prohibit the Barrows Appellees from obtaining payment pursuant to court orders awarding attorneys' fees. ROA.1100-01, 1113, 1092. Accordingly, Barrows Appellees moved to dismiss Yan's claims for equitable relief pursuant to the *Younger* abstention doctrine because Yan's requests for injunctive relief were calculated to interfere with the ongoing state divorce proceeding. The magistrate judge determined that *Younger* abstention

applied (ROA.1687) and the district court adopted the magistrate's findings and conclusions, holding that, if not for the order dismissing claims pursuant to Rule 12(b)(1), the court would abstain under *Younger*. ROA.2083. In the alternative, if necessary, the Court should affirm the dismissal based on *Younger* abstention.

*Younger* permits abstention from the exercise of jurisdiction over claims for equitable relief when the "assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character." *La. Debating & Literary Ass'n v. City of New Orleans*, 42 F.3d 1483, 1489 (5th Cir. 1995) (quoting *Word of Faith World Outreach Ctr. Church, Inc. v. Morales*, 986 F.2d 962, 966 (5th Cir. 1993)). Application of *Younger* abstention is guided by a three-part test enunciated in *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982). *Younger* abstention applies when the (1) dispute involves ongoing state judicial proceedings; (2) an important state interest in the subject matter of that proceeding is implicated; and (3) the state proceedings afford adequate opportunity to raise constitutional claims. *Id.*; *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004). If those requirements are met, the action should be dismissed. *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973) ("*Younger v. Harris* contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts.").

Likewise, Yan's ongoing divorce implicates important state interests in child custody and family relations. ROA.1050 (alleging Yan "lost primary child custody" and "was also ordered to pay child support."). "Family relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979). The division of marital assets by a divorce decree is within the ambit of important state interests. *Estate of Merkel v. Pollard*, 354 F. App'x 88, 94 (5th Cir. 2009) ("[T]he importance of Texas' interest in its own domestic-relations law is obvious.").

Yan admitted that he did not assert any of the claims in this case in the state court proceeding. ROA.1420-21. But, "when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).

Yan wrongly contends that application of *Younger* abstention is foreclosed by *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013). Br. at 55. In *Sprint*, the Supreme Court clarified the limited scope of *Younger* abstention, explaining that the doctrine had been applied in cases involving: (1) ongoing state criminal prosecution; (2) ongoing state civil proceedings akin to criminal prosecutions; or (3) civil proceedings involving orders in furtherance of the state's ability to perform their judicial functions. *Id.* at 78.

Concerning the third category, the Court gave two examples. *Id.* (citing *Juidice v. Vail*, 430 U.S. 327 (1977) and *Pennzoil Co.*, 481 U.S. 1). *Juidice* applied *Younger* abstention where the plaintiffs sought an injunction against a state statutory scheme authorizing contempt orders. 430 U.S. 327, 330 (1977). *Pennzoil Co* applied *Younger* abstention because the plaintiff sought to enjoin a Texas judgment based on constitutional challenges to Texas supersedeas procedure and judgment lien provisions. 481 U.S. 1, 10 (1987). Both cases directly implicated the State's significant interest in "enforcing the orders and judgments of their courts." *Id.* at 13.

Here, Yan's far-reaching requests for injunctive relief satisfy *Sprint* because they would similarly interfere with the State's ability to perform its judicial functions and involve the federal judiciary in supervising the State judiciary's enforcement of its own orders. Yan sought to enjoin Texas courts from making attorneys' fee awards or interim domestic relations orders. ROA.1100-1101. He sought a mandatory injunction ordering Tarrant County to terminate the employment of Judge DeAngelis. ROA.1100-1101. Reinforcing the futility of amendment (*infra* 50-52), Yan's Proposed Fourth Amended Complaint further sought injunctions against the enforcement of state court writs [ROA.2782], enjoining Judge Evans, the presiding Judge of Texas 8th Judicial Administrative Region responsible for appointment of judges to preside over the divorce [ROA.2716], and Judge Harris, a judge appointed to preside over his divorce proceeding [ROA.2771-72, 2781]. The requested

injunctive relief is plainly calculated to interfere with Yan's divorce and child custody litigation, which was ongoing at the time of the dismissal order, and with the State's ability to carry out judicial functions in connection with it.

Yan's requests for injunctive and declaratory relief satisfy *Sprint* and *Middlesex*. In the alternative, if necessary, the Court should affirm the dismissal of Yan's claims for injunctive and declaratory relief under the *Younger* abstention doctrine.

**IX.** **The district court allowed Yan ample opportunity to plead his best case and did not abuse its discretion by refusing leave to amend for a fourth time.**

Yan argues the district court erred by refusing leave to file a fifth iteration of his complaint and by failing to treat all of his trial court pleadings as supplements or amendments. Br. at 64. For the latter proposition, Yan relies chiefly on pro se prisoner cases in which this Court has held it is appropriate to consider factual averments contained in filings or letters outside the four corners of the complaint prior to dismissing for failure to state a claim. Br. at 64. This flows from the Court's "policy to give the greatest latitude to *pro se* prisoner complaints in § 1983 actions." *Jacquez*, 801 F.2d at 793. But, the leniency afforded to pro se litigants is not without limits. Once "given adequate opportunity [to plead his best case], even a *pro se* complaint must contain specific facts supporting its conclusions." *Id.*

As set forth below, district court was not required to hold judgment in abeyance for Yan to incrementally roll out additional theories, update the timeline of his ongoing divorce proceeding, name new defendants, and file duplicative lawsuits.[5]

**A.      As the district court correctly held, Yan has pleaded his best case.**

The leniency afforded to pro se litigants is not without limits. Once "given adequate opportunity [to plead his best case], even a *pro se* complaint must contain specific facts supporting its conclusions." *Jacquez*, 801 F.2d at 793. Yan filed four iterations of his complaint. ROA.31, 371, 716, 1053. The district court concluded that Yan had been given ample opportunities to amend and had pleaded his best case. ROA.2093. Notwithstanding the amendments, the Complaint lacks sufficient factual allegations to support any reasonable inference that the Barrows Appellees are liable for the alleged misconduct. ROA.2093 ("[T]he Court cannot draw that reasonable inference based on Mr. Yan's pleadings."). Because Yan pleaded his best case, the dismissal should be affirmed because "remanding the case to allow another pleading would do nothing but prolong the inevitable." *Jacquez*, 801 F.2d at 793.

---

[5] In response to the Dismissal Order, Yan filed a new lawsuit against Barrows and the Barrows Firm. Yan's appeal challenging the dismissal of that lawsuit is pending before this Court as Case No. 25-10752.

**B. The district court did not abuse its discretion in denying leave to amend the complaint a fourth time.**

A district court has discretion to deny leave to amend when the record shows "undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party." *Mayeaux v. La. Health Serv. and Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000)). Rule 15's bias favoring leave is "tempered by the necessary power of a district court to manage a case." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 184 (5th Cir. 2018). The Court will not reverse an order denying leave to amend where, as here, the record reveals "ample and obvious" reasons for affirmance. *Farmers Texas Cty. Mut. Ins. Co. v. 1st Choice Accident and Injury, L.L.C.*, 168 F.4th 271, 278–79 (5th Cir. 2026).

Yan claims the district court imposed a categorical bar to amendment independent of Rule 15's liberal framework. Br. at 62-63. That contention is belied by the record. While true that the Court noted its previous determination that Yan had pleaded his "best case," the district court also addressed its multiple prior orders permitting amendment, Yan's unexplained delay in requesting leave to amend for a fourth time, and the futility of further amendment. ROA.2990-91. Each of these factors is germane to the Rule 15 framework, and each provides an independent basis for affirming the district court's exercise of discretion.

**1.      There is no entitlement to serial amendment.**

A district court does not abuse its discretion in refusing further amendments after giving a plaintiff multiple prior opportunities to amend. *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 602 n.2 (5th Cir. 2021); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002); *Price v. Pinnacle Brands Inc.*, 138 F.3d 602, 608 (5th Cir. 1998). Thus, this case is categorically different than *Association of American Physicians & Surgeons Foundation*, in which the district court applied a local rule to prevent even one amended pleading. *Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383, 395 (5th Cir. 2024). *Ricks* and *Bazrowx* also concern the propriety of dismissing a pro se complaint without affording any opportunity amend. *Ricks v. Khan*, 135 F.4th 296, 300–301 (5th Cir. 2025); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). Yan was permitted to file four iterations of his complaint. [ROA.1, 371, 716, 1053].

Yan's contention that he was denied leave to amend without first being apprised of deficiencies is without merit. His First Amended Complaint was filed after the State Bar and Tarrant County Defendants filed separate motions to dismiss. ROA.222, 256, 371. By the time of his Second Amended Complaint, DeAngelis had filed an additional motion to dismiss. ROA.450. Indeed, Yan expressly sought leave to file the Third Amended Complaint for the purpose of "alleg[ing] new essential facts to support previously asserted claims [and] new legal claims or theories

involving different elements." ROA.893. The district court permitted the amendment. ROA.10–11. The record supports the district court's determination that Yan had failed to cure pleading deficiencies despite multiple prior grants of leave.

### 2. Yan strategically delayed his request for amendment.

Yan's unexplained delay in seeking leave to file the Fourth Amended Complaint also supports the district court's denial of leave. *Farmers Texas Cty Mut. Ins. Co. v. 1st Choice Accident and Injury, L.L.C.*, 168 F.4th 271, 279 (5th Cir. 2026) ("'When parties delay seeking leave to amend for several months after a motion to dismiss is filed, we have held that district courts do not abuse their discretion in denying the request for leave.'") (quoting *Acad. Of Allergy & Asthma in Primary Care v. Quest Diagnostics, Inc.*, 998 F.3d 190, 202 (5th Cir. 2021)). Yan sought leave to amend in part to challenge additional state court orders in his ongoing divorce. ROA.2667. Yan argued the amendment was warranted because he did not discover the additional orders until he reviewed the state court docket in 2024. ROA.2665. But, the additional orders were not new, they all dated to 2022. ROA.2667. Aside from blaming Pigg and the broader membership of the State Bar for not disclosing the docket sheet to him [ROA.2666, 2668], Yan does not allege that he could not have obtained the public records at an earlier date through the exercise of diligence.

In any event, crediting Yan's implied assertion that he could not have learned the contents of the state court docket prior to August of 2024 (while this case was pending on appeal), Yan waited two months after the mandate and after full briefing on Pigg's Motion for Judgment on the Pleadings before seeking leave. "A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim." *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967). Yan's delay in seeking leave after remand is an independent basis for affirming the denial. *Texas Cty Mut. Ins. Co.*, 168 F.4th at 279 (5th Cir. 2026).

### 3. The proposed amendment, including the derivative ERISA theory, was futile.

The denial of leave to amend for a fourth time can also be affirmed based on futility. The additional family court orders can no more serve as the basis for imposition of liability against the Barrows Appellees than the orders challenged in the Third Amended Complaint. The same categorical bars to RICO and 1983 liability still apply.[6] *Supra* 20-37.

Yan's separate attempt to articulate an ERISA theory of liability against the Barrows Appellees is also futile. Yan sought leave to plead that the Barrows Appellees were knowing participants in U.S. Bank's supposed breach of fiduciary

---

[6] The proposed amendment did not state any antitrust claim against Barrows Appellees. ROA.2742.

duty. ROA.2764. But, the derivative knowing participation theory axiomatically fails because there was no underlying breach of fiduciary duty by U.S. Bank.

As briefed by U.S. Bank, the QDRO was qualified because it met each of the Plan's requirements. ROA.1772. The bank did not breach any fiduciary duty by following the Plan with respect to the QDRO. *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 300 (2009). On appeal, Yan does not seriously contend that U.S. Bank failed to follow the Plan. Instead, he questions whether U.S. Bank was even the right defendant, arguing, inexplicably, that the case should be remanded for the district court to consider whether Yan named the proper defendant. Br. at 93, 95.

Yan questions whether U.S. Bank should have looked beyond the order to consider how it came to be issued. Br. at 94. But, "ERISA does not require, or even permit, a [retirement plan] to look beneath the surface of the order." *Blue v. UAL Corp.*, 160 F.3d 383, 285 (7th Cir. 1998); *Kennedy*, 555 U.S. at 302 ("[A] QDRO enquiry is relatively discreet, given the specific and objective criteria for a domestic relations order that qualifies as a QDRO, [ ] requirements that amount to a statutory checklist working to 'spare an administrator from litigation-fomenting ambiguities.'" (quoting *Metropolitan Life Ins. Co. v. Wheaton*, 42 F.3d 1080, 1084 (7th Cir. 1994)). Likewise, this Court has held that it is not the role of the federal courts to "examin[e] the circumstances under which a potential beneficiary entered

and a state court approved a QDRO." *Matassarin v. Lynch*, 174 F.3d 549, 569 (5th Cir. 1999) ("If Matassarin believes that she mistakenly entered the QDRO or was fraudulently induced to do so, then the Kansas state court that approved that order is the entity to hear her complaints.").

Because Yan cannot establish any breach of fiduciary duty on the part of U.S. Bank, his attempt to amend his petition by asserting derivative knowing participation claims against the Barrows Appellees was futile.

## X.    Yan is not entitled to reassignment in the event of any remand.

Yan's request for reassignment in the event of remand is without merit. As previously set forth, there is no entitlement to remand in the first instance because the judgment dismissing Yan's claims against the Barrows Appellees should be affirmed. *Supra* 13-52. In any event, the record is devoid of any evidence supporting the request for extraordinary relief.

The Court recently clarified that reassignment "is an extraordinary power and should rarely be invoked." *M. D. by Stukenberg v. Abbott*, 119 F.4th 373, 385 (5th Cir. 2024) (quoting *United States v. Winters*, 174 F.3d 478, 487 (5th Cir. 1999)). In *Stukenberg*, the Court conducted a combined analysis under the two traditional inquiries used to determine entitlement to reassignment. The first approach is a three-part test considering:

> (1) 'whether the original judge would reasonably be expected upon remand to have substantial difficulty' in

> putting aside her previously expressed but inappropriate views, (2) 'whether reassignment is advisable to preserve the appearance of justice,' and (3) 'whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.'

*Id.* at 386 (quoting *Johnson v. Sawyer*, 120 F.3d 1307, 1333 (5th Cir. 1997)). Under the second, less formal, approach, the Court considers whether an objective observer would reasonably question the judge's impartiality. *Id.* (citing *Miller v. Sam Houston State Univ.*, 986 F.3d 880, 893 (5th Cir. 2021)).

In *Stukenberg*, the Court granted a request for reassignment based on a lengthy recitation of record evidence that the district judge "repeatedly exhibits a highly antagonistic demeanor toward the Defendants," "showed signs of being dug-in on her interpretation," made remarks implying bias, and exhibited a "sustained pattern . . . of disrespect." 119 F.4th at 387–394. In short, proof of entitlement to remand requires objective proof of impartiality or of conduct that undermines the appearance of justice. Yan's baseless and conclusory allegations of a statewide conspiracy is not an adequate basis for the extraordinary relief he requests. The record is wholly devoid of any evidence of bias, impartiality, or other conduct that would undermine the appearance of justice.

# CONCLUSION

The Barrows Appellees respectfully request the Court affirm the Judgment dismissing Yan's RICO and Antitrust claims against them with prejudice and dismissing Yan's remaining claims without prejudice.

Dated: July 22, 2026.                    Respectfully submitted,


                                         */s/ J. Nathaniel James*
                                         J. Nathaniel James
                                         State Bar No. 24078730
                                         njames@hfblaw.com
                                         **Harris, Finley & Bogle, P.C.**
                                         777 Main Street, Suite 1800
                                         Fort Worth, Texas 76102
                                         Telephone:  817-870-8700
                                         Facsimile:   817-332-6121

                                         **ATTORNEYS FOR
                                         DEFENDANTS/APPELLEES
                                         SAMANTHA YBARRA, LESLIE
                                         STARR BARROWS, AND THE
                                         BARROWS FIRM**

# CERTIFICATE OF SERVICE

The undersigned certifies that, on this 22 day of July 2026, a true and correct

copy of the foregoing instrument has been served on all parties and counsel of record

in compliance with the Fed. R. App. P. 25 (b) and (c) and transmitted to the Clerk of

the Court via the Court's electronic-filing system and to:

Conghua Yan                                          *Via U.S. Mail and email*
2140 E. Southlake Blvd, Suite L-439
Southlake, Texas 76092
Arnold200@gmail.com

Pro Se Appellant


Dated: July 22, 2026.                                */s/ J. Nathaniel James*
                                                      J. Nathaniel James

# CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies this Brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because the Brief contains 12,488 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), as computed by the word-processing system used to prepare this Brief.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because this Brief was prepared in proportionally spaced typeface using Microsoft Word for Microsoft 365 MSO in 14-point Times New Roman font (other than footnotes, which are in 12-point Times New Roman per 5th Cir. R. 32.1).

Dated: July 22, 2026.                    */s/J. Nathaniel James*
                                          J. Nathaniel James

3002762.6