# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

NO. 25-11370

CONGHUA YAN,
PLAINTIFF – APPELLANT

V.

WILLIAM A. PIGG, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE OF TEXAS,

DEFENDANT -APPELLEE

CONSOLIDATED WITH

_____

NO. 26-10286

_____

CONGHUA YAN,

PLAINTIFF – APPELLANT

V.

THE STATE BAR OF TEXAS, A PRIVATE COMPANY; THE BARROWS FIRM, A PRIVATE COMPANY; LESLIE STARR BARROWS, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS; WILLIAM ALBERT PIGG; IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE OF TEXAS; SAMANTHA YBARRA, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS; LUIS JESUS MARIN, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS, AND OFFICIAL CAPACITY AS ASSISTANT DISCIPLINARY COUNSEL FOR THE OFFICE OF THE CDC; DANIEL EULALIO MARTINEZ, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS, AND OFFICIAL CAPACITY AS ASSISTANT DISCIPLINARY

**COUNSEL FOR THE OFFICE OF THE CDC; RACHEL ANN CRAIG, IN INDIVIDUAL CAPACITY, AS MEMBER OF THE STATE BAR OF TEXAS, AND OFFICIAL CAPACITY AS ASSISTANT DISCIPLINARY COUNSEL FOR THE OFFICE OF THE CDC; LORI L. DEANGELIS, INDIVIDUAL CAPACITY AS ASSOCIATED JUDGE; U.S. BANK,**

**DEFENDANTS – APPELLEES.**

Respectfully Submitted

WILLIAM A. PIGG, PLLC

*/s/ William A. Pigg*
SBN 24057009
wapigg@pigglawfirm.com
10455 N. Central Expwy, Ste. 109
Dallas, Texas 75231
(469) 557-1182
Attorney for Defendant-Appellee
William Albert Pigg

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Local Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| | |
|---|---|
| Senior District Judge: | Honorable Terry R. Means |
| District Judge: | Honorable Mark T. Pittman |
| Magistrate Judge: | Honorable Jeffrey L. Cureton |
| Plaintiff-Appellant: | Conghua Yan |
| Defendant-Appellee: | The State Bar of Texas |
| Defendant-Appellee: | The Barrows Firm |
| Defendant-Appellee: | Leslie Starr Barrows |
| Defendant-Appellee: | William Albert Pigg |
| Defendant-Appellee: | Samantha Ybarra |
| Defendant-Appellee: | Luis Jesus Martin |
| Defendant-Appellee: | Daniel Eulalio Martinez |
| Defendant-Appellee: | Rachel Ann Craig |

Defendant-Appellee:                          Lori L. DeAngelis

Defendant-Appellee:                          Tarrant County

Defendant-Appellee:                          U.S. Bank

                                             */s/ William A. Pigg*
                                             Attorney of Record for
                                             Defendant/Appellee
                                             William Albert Pigg

# **STATEMENT REGARDING ORAL ARGUMENT**

The present case does not involve complex issues of law or fact such as would warrant Oral Argument. Therefore, no oral argument is necessary.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ............................................... i, ii

STATEMENT REGARDING ORAL ARGUMENT ........................................ iii

TABLE OF CONTENTS...................................................................... iv, v

TABLE OF AUTHORITIES ............................................................... vi, vii

JURISDICTIONAL STATEMENT ................................................... viii

STATEMENT OF ISSUES PRESENTED FOR REVIEW ............................. ix

STATEMENT OF THE CASE AND PROCEDURAL HISTORY ................. 1-8

SUMMARY OF THE ARGUMENT ............................................... 8-9

ARGUMENT AND AUTHORITIES ........................................... 9-16

    1. WHEN PIGG FILED HIS ANSWER TO YAN'S THIRD
       AMENDED COMPLAINT, THE PLEADINGS WERE CLOSED.
       BECAUSE YAN FAILED TO PLEAD SUFFICIENT FACTS TO
       SUSTAIN HIS CAUSES OF ACTION AGAINST PIGG, IT WAS
       CORRECT FOR THE DISTRICT COURT TO GRANT PIGG'S
       MOTION AND DISMISS YAN'S CLAIMS AGAINST PIGG,
       WITH PREJUDICE, PURSUANT TO FRCP 12(c).................. 9-11

    2. YAN'S RICO CLAIMS AGAINST PIGG DID NOT COMPORT
       WITH THE FACTUAL PREDICATE MANDATES SET FORTH
       IN WHAT IS COLLOQUIALLY KNOWN AS
       "*TWOMBLY/IQBAL*" BECAUSE YAN DID NOT SET FORTH
       FACTS SHOWING AT LEAST TWO INSTANCES OF
       PROHIBITED RACKETEERING ACTIVITY. THEREFORE, IT
       WAS NOT ERROR FOR THE DISTRICT COURT TO GRANT
       PIGG'S MOTION AND DISMISS YAN'S RICO CLAIM
       AGAINST PIGG, WITH PREJUDICE, PURSUANT TO FRCP
       12(c) ...................................................................... 11-13

3.  YAN PLEADED NO FACTS THAT WOULD SUPPORT AN ANTITRUST CLAIM AGAINST PIGG. THEREFORE, IT WAS NOT ERROR BY THE DISTRICT COURT TO GRANT PIGG'S MOTION AND DISMISS YAN'S ANTITRUST CLAIM AGAINST PIGG, WITH PREJUDICE, PURSUANT TO FRCP 12(c) .................................................................. 13-14

4.  AS YAN PLEADED IN HIS THIRD AMENDED COMPLAINT, AT ALL RELEVANT TIMES, PIGG WAS A PRIVATE ACTOR – NOT A STATE ACTOR. THEREFORE, IT WAS NOT ERROR FOR THE DISTRICT COURT TO GRANT PIGG'S MOTION AND DISMISS YAN'S CONSTITUTIONAL CLAIMS AGAINST PIGG, WITH PREJUDICE, PURSUANT TO FRCP 12(c)...... 14-15

5.  SIMILARLY, IT WAS NOT ERROR FOR THE DISTRICT COURT TO DISMISS YAN'S CLAIM AGAINST PIGG UNDER 42 U.S.C. § 1983, WITH PREJUDICE, PURSUANT TO FRCP 12(c) BECAUSE PIGG WAS A PRIVATE ACTOR AT ALL RELEVANT TIMES ............................................... 15-16

CONCLUSION .................................................................. 16-17

CERTIFICATE OF SERVICE ........................................................ 17

CERTIFICATE OF COMPLIANCE.................................................... 18

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal,* 556 U.S. 662, 669 (2009) ........................... iv, 9, 10, 11, 13, 16

*Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955 (2007) ........... iv, 9, 10, 11, 13, 16

*Shelley v. Kraemer,* 334 U.S. 1, 13 (1948) ....................................................... 14

*United States v. Phillips*, 664 F. 2d 971, 1011 (5th Cir. Unit B Dec. 1981), *cert. denied*, 457 U.S. 1136, 102 S. Ct. 1265, 73 L. Ed. 2d 354 (1982) ...................... 13

*Johnson v. State Farm Mut. Ins. Co.*, 520 S.W.3d 92, 101(Tex. App.—Austin 2017, pet. denied) ................................................................................................ 14

*Republican Party of Tex. v. Dietz*, 940 S.W.2d 86 91, 93 (Tex. 1997) ............... 14

## Constitutions

United States Constitution Amendment V ......................................................... 7
United States Constitution Amendment XIV ........................................... 7, 11, 14
Texas Constitution Art. 1, § 13 ......................................................................... 14
Texas Constitution Art. 1, § 19 ......................................................................... 14

## Statutes

18 U.S.C. § 4 ..................................................................................................... 12
18 U.S.C. § 664 ................................................................................................. 12
18 U.S.C. § 1027 ............................................................................................... 12
18 U.S.C. § 1341 ............................................................................................... 12
18 U.S.C. § 1343 ............................................................................................... 12
18 U.S.C. § 1349 ............................................................................................... 12
28 U.S.C. § 1291 ............................................................................................. viii
28 U.S.C. § 1331 ............................................................................................. viii
28 U.S.C. § 1343(a)(3) .................................................................................... viii
18 U.S.C. § 1962(d) .......................................................................................... 12
42 U.S.C. § 1983 .............................................................................. v, 7, 9, 11, 15, 16
Tex. Fam. Code §§ 160.001-160.763 ................................................................. 3

Tex. Fam. Code § 160.201(a)(1)(2)(3) ................................................................3

## **Rules**

FED. R. APP. P. 5(c)(1) ...........................................................................18
FED. R. APP. P. 32(f) .............................................................................18
FRCP 7(a) ..........................................................................................10
FRCP 8(a) ..........................................................................................10
FRCP 8(d)(1) ......................................................................................10
FRCP 12(b) ..........................................................................................6
FRCP 12(c) ................................................ iv, v, ix, 7, 8, 9, 11, 12, 13, 14, 15, 16
5th Cir. R. 28.2.1 .................................................................................i
5th Cir. R. 25.2.1 ...............................................................................17
5th Cir. R. 25.2.13 .............................................................................17

## **Treatises**

5A CHARLES A. WRIGHT & ARTHUR D. MILLER, *FEDERAL PRACTICE AND PROCEDURE* § 1367 at 512-12 (1990) ...................................................11

# JURISDICTIONAL STATEMENT

### A. District Court Jurisdiction

Yan asserted claims arising under Federal statutes and alleged violations of the United States Constitution. Therefore, the District Court had statutory jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

### B. Appellate Jurisdiction

Pursuant to 28 U.S.C. § 1291, this Court has Appellate Jurisdiction over the District Court's March 10, 2026 Final Judgment [ROA.26-10286.3064-3065].

Plaintiff-Appellant timely filed his Notice of Appeal on March 30, 2026.

## **STATEMENT OF THE ISSUE PRESENTED FOR REVIEW**

WHETHER YAN PLEADED FACTS IN HIS THIRD AMENDED COMPLAINT SUFFICIENT TO DEFEAT DEFENDANT-APPELLANT WILLIAM ALBERT PIGG'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(c).

<u>**STATEMENT OF THE CASE AND PROCEDURAL HISTORY**</u>

Defendant-Appellee William Albert Pigg (hereinafter "Pigg") represented Plaintiff-Appellant Conghua Yan, aka "Arnold Yan" (hereinafter "Yan"), in Yan's divorce proceeding from on or about November 17, 2021, until on or about September 19, 2022. Pigg was the second of Yan's four successive attorneys on Yan's divorce case.[1]

From the outset, Yan was adamant that the then judge of the 325th District Court in Tarrant County was corrupt, the Associate Judge (Defendant-Appellee herein Lori L. DeAngelis; hereinafter "Judge DeAngelis") was corrupt, the Texas State Bar is corrupt, the Tarrant County court system is corrupt and the then opposing counsel, Defendant-Appellee Leslie Starr Barrows and her associate Defendant-Appellee Samantha Ybarra (hereinafter, respectively, "Ms. Barrows" and "Ms. Ybarra"), are corrupt. During the term of Pigg's representation, he became convinced Yan was obsessed with these issues to an unhealthy degree. [ROA.2575, 2576].

Yan and his ex-wife have had a fraught relationship, to say the least. For

---

[1]Pigg does not know whether the attorneys who succeeded him were fired or, like Pigg, withdrew due to Yan's behavior. Whatever the reason(s), Yan did not obtain a Judgment of Divorce until September 30, 2024, at which hearing Yan appeared *pro se* and did not sign off on the judgment. Various aspects of the divorce judgment are currently pending in the Texas appellate courts and/or in the Texas Supreme Court.

example, from 2018 through the period of Pigg's representation, Yan contacted the police or CPS no fewer than 26 times regarding his then wife's alleged offenses. To Pigg's knowledge, none of the CPS cases were accepted and only one of the police calls resulted in any charges; that one exception being a Class C Misdemeanor. During Pigg's representation, he cautioned Mr. Yan several times about "crying wolf" and that the police and/or CPS should only be called in the event of a true emergency.[2]

During the term of Pigg's representation of Yan, Pigg believed that Yan's mental health was affected by the litigation as he repeatedly exhibited obsessive behavior and the mental effects of prolonged sleeplessness. Pigg tried to advise Yan to seek professional counseling to deal with the stress he appeared to be experiencing [ROA.2576] but Yan rebuffed Pigg's efforts on every occasion. For those reasons, Pigg's chief aim with the litigation was to arrive at a resolution both sides could live with as quickly as possible.

Further complicating matters was the legal status of Yan's then wife vis a vis the minor child, then aged 7. Yan is the child's biological father. The wife claimed she is the child's mother and wanted child support, possession and

---

[2]Yan and his ex-wife are still at it. In addition to Yan's various appeals on aspects of his divorce judgment, his ex-wife sued him in state court which Yan removed to this Court in Cause No. 4:25-cv-01247.

access, and managing conservatorship. However, the child was born by a gestational surrogate in the People's Republic of China; the mechanics of which entailed the wife securing an egg donor and having the egg implanted in a gestational surrogate inseminated with the Mr. Yan's sperm. [3]

Discovery showed that neither Yan nor his then wife knew the identities of the egg donor or of the gestational surrogate and that no written surrogacy agreement between Yan's wife, the egg donor, and the gestational surrogate was produced. Consequently, the only way for the wife to be the child's mother under the then current Texas Uniform Parentage Act[4] was if: (1) the wife gave birth to the child; or (2) the wife was adjudicated to be the child's mother; or (3) the wife adopted the child.[5] The wife did not give birth to the child, nor was she adjudicated to be the child's mother,[6] and she did not adopt the child during the term of Pigg's representation of Yan.

---

[3]Yan sought to suppress this information in the District Court by filing a Motion to Strike, Seal or Redact Facts concerning the child's genesis. Judge Pittman, the District Judge at the time (prior to Yan's successful Motion to Recuse), denied Yan's Motion. Yan appealed Judge Pittman's decision to this Court where it is currently pending decision in Cause Number 25-11370, which has been consolidated with this matter for briefing purposes. *See* Clerk's Order dated June 1, 2026, in Cause No. 25-11370.

[4] Tex.Fam.Code §§ 160.001-160.763.

[5] *Id.* at § 160.201(a)(1)(2)(3).

[6] The wife could not have been adjudicated as the child's mother as she had no genetic connection to the child.

3

Pigg prepared a Motion for Summary Judgment to the foregoing effect in June 2022 and sought Yan's authorization to file it, representing that if the Motion was granted, the contentious part of the litigation would be over as Yan would have obtained sole conservatorship of the child with no obligation to provide child support.

Despite the foregoing opportunity to resolve the divorce litigation, Yan wanted to delay filing the Motion for Summary Judgment until after the November 2022 elections when there would be a new Judge and Associate Judge in the 325th District Court.[7] At that time, Pigg agreed to Yan's request.

On September 5, 2022, Pigg received a settlement offer from Ms. Barrows which contained most of the things Yan professed to want, including, but not limited to the divorce itself, primary custody of the child with no child support obligation, and use and occupancy of the family home. [ROA.2578, 2579]. Pigg recommended that Yan accept the proposal after negotiation of the objectionable terms to terminate what was a rancorous and expensive litigation. [ROA.2578, 2579]. Yan summarily rejected the proposal stating he would never sign anything prepared by Ms. Barrows in the 325th District Court. [ROA.2577].

That was the final straw for Pigg as Yan's continued entrenchment in and

---

[7] The then Judge was retiring and Judge DeAngelis lost her bid for the seat in the primary.

adherence to his unfounded conspiracy theories became insuperable. Given what Pigg perceived to be Yan's intractable position and his continued unwillingness to follow Pigg's advice, Pigg withdrew from Yan's representation according to the terms of his contract with Yan. Predictably, as was so often the case with Yan during the term of Pigg's representation when Yan did not get what he wanted, Yan reacted badly, alleging that Pigg "betrayed" him. Nonetheless, Pigg withdrew according to the Texas Rules of Civil Procedure relative to attorney withdrawals and returned Yan's file materials to him.

The Court signed off on Pigg's withdrawal in September 2022, and Yan secured other counsel.[8]

As a consequence of Pigg's withdrawal, Yan filed a grievance against Pigg with the Texas State Bar in January 2023 which was summarily dismissed in July 2023.

Yan then filed the underlying lawsuit made subject herein. The gravamen of Yan's allegations therein was difficult to ascertain but he essentially alleged that Pigg conspired with Ms. Barrows and Judge DeAngelis to enter a fraudulent Qualified Domestic Relations Order resulting in Yan's then wife obtaining a portion of his retirement.

---

[8]*See* fn. 1.

The District Court gave Yan three opportunities to amend his Complaint. Accordingly, Yan filed a Third Amended Complaint to which Pigg timely filed an Answer. [ROA.1053-1134, 1254-1261]. At that point in time, as Yan agrees, the pleadings in the underlying matter were closed. [ROA.2633, 2636, at ¶ 9, 2638, ¶ 12].

Presumably to hedge his bets, Yan filed another grievance with the Bar against Pigg in November 2023, alleging, as in this action, that Pigg forged his signature on a "temporary restraining order."[9] Pigg duly responded and the Bar dismissed Yan's grievance in March 2024.

Judge Pittman entered a Final Judgment of Dismissal herein on April 23, 2024 [ROA.19]. Yan filed a timely notice of appeal and on September 29, 2025, this Court remanded the case to the District Court because Judge Pittman's Order of Dismissal included Pigg, whose rights and liabilities had not been adjudicated therein.[10]

---

[9]In actuality, the document to which Yan referred is entitled "Temporary Orders" – a 38-page document governing all interim aspects of Yan's divorce action; mostly pertaining to interim child custody, support, and visitation, as well as standard domestic relations restraining orders pertaining to disposition of property, orders against harassment or disparagement, etc.

[10] Pigg filed a timely Answer to Yan's Third Amended Complaint rather than a FRCP 12(b) Motion to Dismiss as did the other Defendants herein. Yan did not conduct any discovery prior to Judge Pittman's Final Judgment of Dismissal.

While the underlying case was pending, Yan filed a separate lawsuit against Pigg and the other Defendants-Appellants (4:24-cv-579; hereinafter "Lawsuit 2") again alleging, as in this matter, that Pigg violated his rights under 42 USC § 1983, and the 14th Amendment to the U.S. Constitution, as well as added complaints against Pigg for violations of his rights under the 5th Amendment to the U.S. Constitution and various unspecified violations of Texas and Minnesota state law. Pigg contends Yan filed Lawsuit 2 to circumvent the admonition of the District Court prohibiting him from filing any more amended Complaints in the underlying matter herein. Fortunately, the District Court dismissed Lawsuit 2. Predictably, Yan appealed to this Court where it is currently pending decision.[11]

In the autumn of 2025, Yan informed Pigg that he intended to file yet another Amended Complaint [ROA. 2582, 2585, 2601] - despite the District Court's previous admonition that Yan would not be allowed any further amendment. Consequently, Pigg filed a Motion for Judgment on the Pleadings pursuant to FRCP 12(c) which was granted by Senior District Judge Means on March 10, 2026. [ROA.2558-2572; ROA.26-10286.3064]. Yan timely appealed.

---

[11] *See* Cause No. 25-10752.

7

The foregoing shows that since Pigg withdrew as Yan's attorney, Yan has filed two Bar Complaints and two separate Federal lawsuits with a combined total of five amendments against him; the second of which Pigg contends is in defiance of the District Court's admonition that Yan was prohibited from filing any more Amended Complaints.

Yan has already had nine bites at the apple against Pigg. He has accused Pigg with baseless claims of perjury, forgery, and criminal conspiracy. Tellingly, Yan has stated that he does not care whether this Court rules in his favor [ROA.2580, 2581] which Pigg can only interpret as support for his opinion that Yan is merely engaging in a deliberate effort to harass Pigg or as further evidence of Yan's mental instability.

As will be discussed below, the District Court did not err in dismissing Yan's claims against Pigg, with prejudice, pursuant to FRCP 12(c).

Accordingly, this Court should AFFIRM the District Court's March 10, 2026 Final Judgment, dismissing Yan's claims against Pigg, with prejudice.

## **SUMMARY OF THE ARGUMENT**

The pleadings in the underlying matter were closed when Pigg filed his Motion for Judgment on the Pleadings. Accordingly, the only issue to be decided herein as to Pigg was whether Yan pleaded facts in his Third Amended Complaint sufficient to defeat Pigg's Motion. Quite simply, Yan did not.

Therefore, it was proper for the District Court to render Judgment in favor of Pigg and against Yan, dismissing Yan's case against Pigg, with prejudice, for the following reasons:

1. Yan's RICO claims against Pigg did not comport with the factual predicate mandates set forth in what is colloquially known as "*Twombly/Iqbal*", because Yan did not allege a pattern of Racketeering activity based on at least two such instances;

2. Yan pleaded no facts that would support an Antitrust claim against Pigg; and

3. Yan pleaded no facts that would support a violation of his Constitutional Rights or a claim under 42 U.S.C. § 1983 because Pigg was a private actor at all relevant times.

**<u>ARGUMENT AND AUTHORITIES</u>**

1. **When Pigg filed his Answer to Yan's Third Amended Complaint, the pleadings were closed. Because Yan failed to plead sufficient facts to sustain his causes of action against Pigg, it was correct for the District Court to grant Pigg's Motion and dismiss Yan's claims against Pigg, with prejudice, pursuant to FRCP 12(c).**

The only pleadings allowed under the Federal Rules of Civil Procedure are:

> (1) a complaint;
> (2) an answer to a complaint;
> (3) an answer to a counterclaim designated as a counterclaim;

(4) an answer to a crossclaim;
(5) a third-party complaint;
(6) an answer to a third-party complaint; and
(7) if the court orders one, a reply to an answer.

FRCP 7(a).

FRCP 8(a) requires a short and plain statement of the claim showing that the pleader is entitled to relief. FRCP 8(d)(1) requires each allegation to be simple, concise, and direct.

In interpreting the rules of pleading, the United States Supreme Court holds there must be sufficient facts in a complaint to state a claim to relief that is plausible on its face for it to avoid dismissal for failing to state a claim. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007). The Court, in a subsequent case expanding upon the *Twombly* pleading standard – *Ashcroft v. Iqbal,* 556 U.S. 662, 669 (2009) - held that:

> "Determining whether a complaint states a plausible claim for relief will …be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.... In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Our decision in Twombly illustrates the two-pronged approach."

Once the Answer to a Complaint is filed, the pleadings are closed unless a counterclaim, crossclaim or third-party complaint is filed. 5A, Wright and Miller, *Federal Practice and Procedure* § 1367 at 512-12 (1990). In this matter, no counterclaim, crossclaim, or third-party claim was filed. Therefore, the pleadings in this matter were closed when Pigg filed his Answer to Yan's Third Amended Complaint. Yan agrees. [ROA.2633, 2636, at ¶ 9, 2638, ¶ 12].

In his Third Amended Complaint, Yan alleged Pigg was involved in a pattern of Racketeering Activity in violation of the Federal RICO statutes [ROA1053, 1088-1102], that Pigg was a party to Antitrust activities [ROA.1053, 1102-1114], that Pigg violated his rights under the 14th Amendment to the U.S. Constitution [ROA.1053, 1118-1120], and that Pigg violated his Civil Rights under 42 U.S.C. § 1983 [ROA.1053, 1118-1120].

As will be discussed below, Yan did not state sufficient facts in his Third Amended Complaint to support any facially plausible claims against Pigg, and he was unable to cure his pleading defects because the pleadings were closed when Pigg filed his Motion. Thus, the District Court was correct to render Judgment on the Pleadings, dismissing Yan's claims against Pigg, with prejudice, pursuant to FRCP 12(c).

2. **Yan's RICO claims against Pigg did not comport with the factual predicate mandates set forth in what is colloquially known as "*Twombly/Iqbal*" because Yan did not set forth facts showing at**

**least two instances of prohibited Racketeering Activity. Therefore, it was not error by the District Court to grant Pigg's Motion and dismiss Yan's RICO claim against Pigg, with prejudice, pursuant to FRCP 12(c).**

Yan's First Claim for Relief in his Third Amended Complaint identifies Pigg as a conspirator in a host of "Racketeering" and "Other Activities" which include 18 U.S.C. § 1341, 18 U.S.C. § 1343, 18 U.S.C. § 664, 18 U.S.C. § 1349, 18 U.S.C. § 1027, and 18 U.S.C. § 4. [ROA.1053, 1088-1102].

Apparently, Yan believes that because Pigg is a member of the State Bar of Texas, the maintenance of Pigg's law license is paid for with proceeds derived from some form of unspecified Racketeering activities. [ROA.1090, at ¶ 149]. After weeding through Yan's disorganized and rambling allegations, it appears that Yan alleges Pigg violated 18 U.S.C. § 1343 (wire fraud) and 18 U.S.C. § 1962(d) (income derived from some generalized racketeering activity) – which Yan does not even identify in his laundry list of offenses identified at the beginning of his First Claim for Relief. [ROA.1088].

Yan then goes on to claim that Ms. Barrows drafted "all the [unspecified] actions that need to be taken by U.S. Bank" and that Pigg signed some unspecified "it" in violation of 18 U.S.C. 1343 [sic] and 18 U.S.C. § 1962(d) [ROA.1094-1095, at ¶ ¶ 163-165] and that by allegedly reading an e-mail sent by Ms. Barrows, Pigg agreed to participate in a conspiracy [ROA.1097, at ¶ 171].

Yan's allegations set forth above are not predicated on facts. They are merely non-specific legal conclusions based on outlandish allegations that somehow the State Bar of Texas enables criminal conspiracies to exist within its membership by means of fraudulent Qualified Domestic Relations Orders ("QDROs").

Yan's racketeering allegations in his Third Amended Complaint do not thus comport with the factual predicate mandates set forth in what is colloquially known as "*Twombly/Iqbal*" as cited above and even if they did, a RICO claim must be supported by at least two instances of Racketeering activity. *United States v. Phillips*, 664 F. 2d 971, 1011 (5th Cir. Unit B Dec. 1981), *cert. denied*, 457 U.S. 1136, 102 S. Ct. 1265, 73 L. Ed. 2d 354 (1982). Yan only alleged one such instance against Pigg. [ROA.1094-1095, at ¶ ¶ 163-165]. Thus, the District Court was correct to render Judgment on the Pleadings, dismissing Yan's RICO claim against Pigg, with prejudice, pursuant to FRCP 12(c).

**3. Yan pleaded no facts that would support an Antitrust claim against Pigg. Therefore, it was not error by the District Court to grant Pigg's Motion and dismiss Yan's Antitrust claim against Pigg, with prejudice, pursuant to FRCP 12(c).**

Yan identifies Pigg as a "Party" to his Antitrust claim in the Second Claim for Relief in his Third Amended Complaint. [ROA.1053, 1102, at ¶ 205]. However, nowhere in the body of his Antitrust allegations [ROA.1102-1114]

does Pigg's name even appear except in paragraph 226 wherein it is referenced that Pigg was awarded $25,000 in attorney fees at a hearing.[12] [ROA.1106]. Consequently, Yan did not plead any facts that would impose liability on Pigg for an Antitrust violation, and his claim therefor was properly dismissed, with prejudice, by the District Court pursuant to FRCP 12(c).

**4. As Yan pleaded in his Third Amended Complaint, at all relevant times, Pigg was a private actor – not a state actor. Therefore, it was not error by the District Court to grant Pigg's Motion and dismiss Yan's Constitutional claim against Pigg, with prejudice, pursuant to FRCP 12(c).**

In his Third Amended Complaint, Yan alleged Pigg violated his rights under the 14th Amendment to the U.S. Constitution and Art. 1, §§ 13 and 19 of the Texas Constitution. [ROA.1053, 1118-1120]. It is axiomatic that Constitutional claims only apply to state actors. *See e.g., Shelley v. Kraemer,* 334 U.S. 1, 13 (1948) ("It is State action of a particular character that is prohibited. Individual invasion of individual rights is not the subject-matter of the amendment."); *Johnson v. State Farm Mut. Ins. Co.*, 520 S.W.3d 92, 101(Tex. App.—Austin 2017, pet. denied) (citing *Republican Party of Tex. v. Dietz*, 940 S.W.2d 86 91, 93 (Tex. 1997).

---

[12] Yan conveniently neglected to inform the District Court that Pigg never sought to enforce the award as to him to help Yan alleviate his financial woes. No good deed goes unpunished.

Yan alleged Pigg violated his Federal and State Constitutional rights in his individual capacity. [ROA.1053, 1118, 1119, at ¶ 319]. Therefore, by Yan's own allegation, Pigg could not have violated Yan's Constitutional rights because he was acting in his personal capacity rather than as a state actor. Consequently, Yan did not plead any facts that would impose liability on Pigg for Constitutional violations, and his claims therefor were properly dismissed, with prejudice, by the District Court pursuant to FRCP 12(c).

5. **Similarly, it was not error for the District Court to dismiss Yan's claim against Pigg under 42 U.S.C. § 1983, with prejudice, pursuant to FRCP 12 (c) because Pigg was a private actor at all relevant times.**

42 U.S.C. § 1983 states the following, in relevant part:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, . . . "

As above, Yan alleged Pigg violated his rights under 42 U.S.C. § 1983 while acting in his individual capacity. [ROA. 1053, 1119, at ¶ 321]. As above, Section 1983 only applies to persons who act under color of state law. Therefore, as above, by Yan's own allegation, Pigg could not have violated Yan's rights under 42 U.S.C. § 1983 because he was acting in his personal capacity at all

15

relevant times rather than as a state actor. Consequently, Yan did not plead any facts that would impose liability on Pigg for a violation of 42 U.S.C. § 1983, and his claim therefor was properly dismissed, with prejudice, by the District Court pursuant to FRCP 12(c).

## CONCLUSION

The pleadings in the underlying matter were closed when Pigg filed his Motion for Judgment on the Pleadings. Quite simply, Yan did not plead facts sufficient to defeat Pigg's Motion for the following reasons:

1. Yan did not meet the *Twombly/Iqbal* factual predicates as he did not plead multiple instances of Racketeering Activity against Pigg;

2. Yan did not allege any facts that would support an Antitrust Claim against Pigg; and

3. Yan's allegations against Pigg for Constitutional violations and a violation under 42 U.S.C. § 1983 require State action and by Yan's own allegations, Pigg was acting at all relevant times in his individual capacity.

Based on the foregoing, it was appropriate for the District Court to grant Pigg's Motion and render Judgment in favor of Pigg and against Yan, dismissing the entirety of Yan's claims against Pigg, with prejudice.

Accordingly, this Court should AFFIRM the District Court's Judgment in favor of Pigg and against Yan, dismissing the entirety of Yan's claims against

Pigg, with prejudice, and for any and all other relief to which Pigg may be entitled at law or equity.

Respectfully submitted,

WILLIAM A. PIGG, PLLC

*/s/ William A. Pigg*
SBN 24057009
wapigg@pigglawfirm.com
10455 N. Central Expwy., Ste 109
Dallas, Texas 75231
(469) 557-1182
Attorney for Defendant/Appellee
William Albert Pigg

## <u>CERTIFICATE OF SERVICE</u>

I, William Pigg, hereby certify that on this, the 17th day of July 2026, the Appellee's Brief was served via electronic service to Plaintiff-Appellee.

I further certify that: (1) all privacy redactions have been made pursuant to 5th Cir. Rule 25.2.13; (2) the electronic submission is an exact copy of the paper documents pursuant to 5t$^h$ Cir. Rule 25.2.1; and (3) the document has been scanned for viruses with the most recent version of Norton Anti-Virus software and is free of viruses.

*/s/ William A. Pigg*
Attorney for Defendant-Appellee
William Albert Pigg

17

## <u>CERTIFICATE OF COMPLIANCE</u>

1. This document complies with the word limit of FED. R. APP. P. 5(c)(1) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f), this document contains 3735 words.

2. This brief has been prepared in proportionally spaced typeface using Word 10 in Times New Roman typeface and 14-point font size.

Dated: July 17, 2026

*/s/ William A. Pigg*
Attorney for Defendant-Appellee
William Albert Pigg
