No. 25-11370

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

CONGHUA YAN,

*Plaintiff-Appellant,*

*v.*

WILLIAM A. PIGG,

*Defendant-Appellee.*

*consolidated with*

No. 26-10286

CONGHUA YAN,

*Plaintiff-Appellant,*

*v.*

THE STATE BAR OF TEXAS, ET AL.,

*Defendants-Appellees.*

APPELLANT'S REPLY IN SUPPORT OF NARROWED MOTION FOR
JUDICIAL NOTICE AND ALTERNATIVE REQUEST FOR LIMITED
SUPPLEMENTATION OR LEAVE

Appellees ask the Court to convert the ordinary-record rule into a categorical

prohibition that published Fifth Circuit authority rejects. In *In re Halo Wireless,*

*Inc.*, the opponent made the same *Okoronkwo* argument: the requested materials

were outside the record and judicial notice would evade record-supplementation

rules. 684 F.3d 581, 597 (5th Cir. 2012). The Court held that authority to enlarge

the record exists, recognized its discretion to notice information from sources

whose accuracy cannot reasonably be questioned, and granted the motion. *Id.*

Appellant seeks narrower relief concerning one agency-maintained page and does not ask the Court to find any disputed statement true.

The narrowing is complete but not an abandonment. The challenged support-language order and a Pigg signature are already at ROA. 1200-1202. The original Third Amended Complaint email exhibits are already at ROA. 1139-1141. Appellant therefore withdraws only the redundant appendix copies at Tabs 2 through 4 and 6 through 8, not reliance on the corresponding record evidence. Tab 1 remains as the declaration verifying the attached copy of Tab 5.

Tab 5 is the Tarrant County Sheriff's Office case supplemental report at Appx. 016. Its face identifies the agency, the case or OCA number, a January 17, 2023 print date, the offense label, the subject matter, and a statement attributed to Pigg that he chose not to sign the order. Appellant asks the Court to notice only the report's existence, source, facial identifiers, subject matter, and the fact that the text records that attributed statement. Appellant does not ask the Court to accept the statement as true, find perjury, or adopt an investigative conclusion. Appellees identify no alteration, authenticity defect, or source-specific reason to doubt that the attached page is what Tab 1 declares it to be.

## I. Halo directly defeats Appellees' categorical Rule 10 and Okoronkwo theory.

Appellees rely on the ordinary rule that an appellate court does not decide a merits appeal from material never considered below. Appellant accepts that rule

and does not invoke Rule 10(e) to rewrite the district-court record. But the response omits the controlling qualification. *Halo* confronted the argument that judicial notice was an impermissible attempt to supplement the record under *United States v. Okoronkwo*, 46 F.3d 426, 435 (5th Cir. 1995). The Court answered that, although enlargement is not ordinary, the authority exists, and public orders and proceedings may be judicially noticed when their source cannot reasonably be questioned. 684 F.3d at 597. It then granted supplementation. *Id.*

The same principle appears in *United States v. Huntsberry*, which recognized appellate authority to notice facts not noticed below and to enlarge the record, while cautioning that judicial notice should not supply a missing element in the first instance. 956 F.3d 270, 285 n.7 (5th Cir. 2020). Appellant stays on the permissible side of that line. Tab 5 is not offered to establish jurisdiction, standing, exhaustion, liability, or a RICO predicate. It identifies an official investigative record concerning a transaction and contradiction already alleged and documented in the record.

Appellees' remaining authorities state the baseline but do not eliminate the exception. *Parker*, *Kemlon*, and *Board of Mississippi Levee Commissioners* prevent a party from smuggling disputed merits evidence into an appeal. They do not overrule *Halo* or convert Rule 10 into a jurisdictional bar against limited notice

of an official record's existence and facial contents. The Court can enforce both lines of authority by noticing only the nontruth facts precisely identified here.

## II. Tab 5 satisfies Rule 201 and every specificity requirement identified in Castille.

Federal Rule of Evidence 201 permits notice of a fact that can be accurately and readily determined from a source whose accuracy cannot reasonably be questioned, permits notice at any stage, and requires notice when the threshold is met and the necessary information is supplied. Fed. R. Evid. 201(b)(2), (c)(2), (d). *Castille v. Port Arthur Independent School District* identifies the necessary showing: a careful delineation of the fact, its purpose and relevance, authority for notice, and the source of indisputable accuracy. No. 24-40644, slip op. at 20-22 (5th Cir. Feb. 24, 2026).

This request supplies each item. First, the facts are exact: an identified Sheriff's Office report exists at Appx. 016; its face bears the agency and identifiers shown there; and its text contains the attributed statement identified in the motion. Second, the purpose is limited: the Court may understand the nature and chronology of the already-preserved dispute without deciding credibility or liability. Third, Rule 201, *Halo*, *United States v. Herrera-Ochoa*, 245 F.3d 495, 501 (5th Cir. 2001), and *Koch Project Solutions, L.L.C. v. Alliance Process Partners, L.L.C.*, No. 21-20093, slip op. at 20-21 (5th Cir. Nov. 11, 2022)

4

(unpublished), supply authority. Fourth, the source is a governmental custodian, not an advocacy document created for this appeal.

Texas law reinforces source verifiability. A completed report or investigation made by or for a governmental body is **a statutory category of public information**, subject to the law-enforcement exception and other confidentiality provisions. Tex. Gov't Code sections 552.022(a)(1), 552.108. That framework does not require the Court to order disclosure or decide what redactions apply. It establishes that the report is **an agency record** whose existence and facial contents can be checked through the custodian. The page's confidentiality notation is therefore a reason to limit the noticed facts, not a reason to pretend the governmental record is unverifiable.

*Castille* rejected a request covering 1,032 documents because the movant **did not identify** the contents, source, relevant facts, or reason the materials were indisputable. Slip op. at 21-22. This request is the opposite: one page, one custodian, specified facial facts, a defined nontruth use, and direct links to ROA. 1139-1141 and ROA. 1200-1202. The prejudice is also concrete. Appellees invoke the absence of this page from the record to argue that the documented contradiction should receive no recognition at all. Limited notice prevents that procedural rule from being used to erase the existence of a governmental record while leaving the truth of every disputed statement for proper fact development.

Tab 1 verifies the attached copy under 28 U.S.C. section 1746. If the Court requires official certification rather than Appellant's declaration, the narrower remedy is to permit a custodian-certified copy under Federal Rule of Evidence 902(4), or to carry the motion while Appellant obtains that copy. Denial is not required where a readily curable authentication step would satisfy any remaining concern. Appellees have also received the opportunity to be heard that Rule 201(e) guarantees and have filed a full response.

**III. Craig's anti-sandbagging rationale does not govern a pre-discovery Rule 12 dismissal that foreclosed amendment.**

*Craig v. Bisignano* **did not** announce a categorical exclusion for every document bearing a pre-judgment date. It declined discretionary notice where the claimant filed a **postjudgment** document to establish the missing jurisdictional fact of administrative exhaustion **after** the magistrate judge **specifically warned** her to submit that proof. 157 F.4th 773, 774-75 (5th Cir. 2025). The document itself was dated three months **before** judgment, the dismissal was without prejudice, and Craig remained free to ask the district court to reopen the case or to file a new action. *Id.* at 775.

This case presents the opposite posture. The district court dismissed the claims with prejudice under Rule 12(c), **before** discovery, **without** an evidentiary hearing, **without** any warning that Yan must obtain or submit Tab 5, and **without**

any finding concerning when the investigation closed, when the report became releasable, when Yan learned it existed, or when the Sheriff produced it. The parties' Rule 26(f) report expressly stated that no discovery beyond initial disclosures had been undertaken and proposed future deadlines for fact and expert discovery. ROA. 2596. The court nevertheless recommended dismissal with prejudice and denial of leave to amend. ROA. 2981.

Appellees therefore cannot convert Tab 5's January 17, 2023 print date into a finding of pre-judgment availability. That date establishes only when the agency printed the page. It does not establish when the investigation closed, when the report could lawfully be released, when Yan knew of the report, when he requested it, or when he received it. No factfinding occurred below on any link in that chain. Federal Rule of Evidence 201 permits notice of indisputable facts; it does **not** permit the Court to fill a silent record with disputed assumptions against the nonmovant at the pleading stage.

Nor would the limited notice requested cause cognizable prejudice. No completed discovery plan would be disrupted, no evidentiary record would be reopened, no jury finding would be displaced, and no element of liability would be established. Appellees received Tab 5 and a full opportunity to oppose notice. The request concerns one identified governmental page and expressly preserves every

dispute over truth, credibility, admissibility, and weight for ordinary factual development.

The Fifth Circuit's treatment of later pro se filings reinforces the distinction. *Howard v. King* held that, when deciding a Rule 12(b)(6) dismissal, the court was required to look beyond the formal pro se complaint and consider subsequently filed motions, memoranda, and affidavits as amendments that embellished the allegations. 707 F.2d 215, 220 (5th Cir. 1983). More recently, *Lozano v. Schubert* held that, at minimum, a later pro se reply containing new allegations should have been construed and accepted as a proposed amended complaint. 41 F.4th 485, 490-91 (5th Cir. 2022). These decisions do not automatically place Tab 5 in the appellate record, but they defeat Appellees' premise that rigid exclusion should preserve a pre-discovery dismissal with prejudice after amendment and factual development were foreclosed. At minimum, Tab 5 should be preserved for consideration on remand rather than treated as an impermissible cure of a knowingly omitted proof defect.

*Craig*'s **anti-sandbagging** rationale is therefore **absent**. Pre-judgment availability is unproven, no warning was ignored, no developed record is being reopened, and the requested notice supplies no missing jurisdictional or liability element. *Halo* remains the published Fifth Circuit answer to Appellees' categorical

*Okoronkwo* theory. The Court should grant the narrowed request, carry it with the merits, permit certification, or preserve Tab 5 for consideration on remand.

**IV. The nontruth purpose avoids hearsay, and ordinary evidentiary routes remain available on remand.**

A statement is hearsay only when offered to prove the truth of what it asserts. Fed. R. Evid. 801(c). *Lovelace v. Software Spectrum Inc.* took notice of public filings to determine what statements they contained, not to prove those statements true. 78 F.3d 1015, 1018 (5th Cir. 1996). *Koch Project* likewise noticed proceedings to elucidate the nature of claims and defenses while refusing to accept disputed assertions as true. Slip op. at 20-21. Appellant requests precisely that use.

The Court need not decide ultimate admissibility now. But the report is not inherently unusable evidence. In a civil case, a public office's factual findings from a legally authorized investigation may fall within Rule 803(8)(A)(iii), subject to trustworthiness. A statement made by Pigg and offered against him may be an opposing-party statement under Rule 801(d)(2)(A). Rule 805 permits layered statements when each layer has an applicable exception or exclusion, and Rule 902(4) provides self-authentication for a custodian-certified copy. These routes belong to evidentiary development on remand. They confirm why the proper appellate disposition is limited notice or preservation, not a merits finding either way.

9

Accordingly, denial of judicial notice should not produce any adverse merits inference. The ROA evidence remains before the Court, and Tab 5 may be authenticated, tested, and admitted or excluded under ordinary rules after remand. The motion is a request for accurate procedural context, not an invitation to try a disputed statement on appeal.

**V. Rule 27 authorizes the motion and reply; Rule 28.4 does not convert motion practice into an unauthorized supplemental brief.**

Federal Rule of Appellate Procedure 27(a)(2)(A) requires a motion to state its grounds, requested relief, and necessary legal argument. Rule 27(a)(2)(C) prohibits a separate supporting brief, and Rule 27(a)(4) authorizes a reply addressing the response. Appellant's explanation of relevance and the alternative relief requested here are therefore required motion practice, not an evasion of Fifth Circuit Rule 28.4. Rule 28.4 addresses supplemental merits briefs. It does not nullify Rule 27 or bar the legal argument necessary to decide a motion.

The response itself demonstrates the danger of Appellees' position. Its prayer asks not only that judicial notice be denied but that the Court affirm the final judgment. Resp. 4. To the extent that request seeks affirmative relief through motion practice, Rule 27(a)(3)(B) requires the title to alert the Court, and the response's title does not. The Court should disregard the merits request rather than

use it to expand a narrow evidentiary motion while accusing Appellant of supplemental briefing.

The requested relief is severable. The Court may disregard any explanation it considers unnecessary, grant notice only of the page's existence and identifiers, permit a custodian-certified copy, or carry the motion with the merits panel. If the Court concludes that Rule 28.4 is implicated, Appellant requests leave for the limited arguments necessary to decide this motion. If any other nonjurisdictional appellate rule is thought to prevent consideration, Rule 2 permits suspension for good cause and allows the Court to direct proceedings as justice requires. Fed. R. App. P. 2(a). One page, no merits finding, no delay, and a fully briefed opportunity to respond constitute good cause.

**REQUESTED RELIEF**

Appellant respectfully requests that the Court: (1) take judicial notice that the Tarrant County Sheriff's Office maintains the case supplemental report at Appx. 016; that the report bears the agency, date, case or OCA identifier, offense label, and subject matter shown on its face; and that its text contains the statement attributed to Pigg identified in the motion; (2) expressly decline to notice the truth of that statement, the offense label, or any investigative conclusion; (3) recognize that withdrawal of Tabs 2 through 4 and 6 through 8 does not abandon the corresponding evidence already at ROA. 1139-1141 and ROA. 1200-1202; and (4)

disregard Appellees' request for affirmance in this motion response. Alternatively, the Court should permit limited supplementation under *Halo* and *Gibson v. Blackburn*, 744 F.2d 403, 405 n.3 (5th Cir. 1984), allow filing of a custodian-certified copy, carry the motion with the merits, preserve Tab 5 for consideration on remand under *Lozano* and *Howard*, or grant leave under Fifth Circuit Rule 28.4.

Respectfully submitted,

*/s/ Conghua Yan*
Conghua Yan
Pro Se Appellant
2140 E. Southlake Blvd., Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com

## CERTIFICATE OF SERVICE

I certify that on July 23, 2026, I served this reply on all counsel of record through the Court's CM/ECF system or by other authorized means.

*/s/ Conghua Yan*
Conghua Yan

## CERTIFICATE OF COMPLIANCE

This reply contains 2385 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f), and complies with Federal Rules of Appellate Procedure 27(d)(1)(E), 27(d)(2)(C), 32(a)(5), and 32(a)(6). It was prepared in 14-point Times New Roman.

*/s/ Conghua Yan*
Conghua Yan