**No. 25-11370**

# In the United States Court of Appeals
FOR THE FIFTH CIRCUIT

Conghua Yan,
*Plaintiff - Appellant*

v.

William A. Pigg, in Individual Capacity, as Member of the State of Texas,
*Defendant - Appellee*

*consolidated with*

**No. 26-10286**

Conghua Yan,
*Plaintiff - Appellant*

v.

The State Bar of Texas, a private company; The Barrows Firm, a private company; Leslie Starr Barrows, in Individual Capacity, as Member of the State Bar of Texas; William Albert Pigg, in Individual Capacity, as Member of the State of Texas; Samantha Ybarra, in Individual Capacity, as Member of the State Bar of Texas; Luis Jesus Marin, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Daniel Eulalio Martinez, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Rachel Ann Craig, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Lori L. Deangelis, in individual capacity, as member of the State Bar of Texas and official capacity as Associated Judge; U.S. Bank,
*Defendants - Appellees*

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
4:23-CV-00758, Senior Judge Terry R. Means

## BRIEF OF DEFENDANT-APPELLEE U.S. BANK

TYLER J. HILL
MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, TX 75201
(214) 466-4160

MELISSA D. HILL
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6318

*Counsel for Defendant-Appellee*
U.S. BANK

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| **Defendant-Appellees:** | **Counsel for Defendant-Appellees:** |
|---|---|
| Leslie Barrows | Jon-William Nathaniel James and Caroline Cyrier, of Harris, Finley & Bogle, P.C. |
| Barrows Firm | Jon-William Nathaniel James and Caroline Cyrier, of Harris, Finley & Bogle, P.C. |
| Rachel Craig | Amanda Marie Kates, Royce Lemoine, and Michael Graham, of State Bar of Texas |
| Lori DeAngelis | Katherine E. Owens and Mallory Schuit, Tarrant County Criminal District Attorney |
| Luis Jesus Marin | Amanda Marie Kates, Royce Lemoine, and Michael Graham, of State Bar of Texas |
| Daniel Eulalio Martinez | Amanda Marie Kates, Royce Lemoine, and Michael Graham, of State Bar of Texas |
| William Pigg | William Pigg, of Pigg Law Firm |
| State Bar of Texas | Amanda Marie Kates, Royce Lemoine, and Michael Graham, of State Bar of Texas |

| | |
|---|---|
| U.S. Bank | Tyler Hill and Melissa Hill, of Morgan, Lewis & Bockius LLP |
| Samantha Ybarra | Jon-William Nathaniel James, Roland Johnson, and Caroline Cyrier, of Harris, Finley & Bogle, P.C. |

| **Plaintiff-Appellant:** | **Counsel for Plaintiff-Appellant:** |
|---|---|
| Conghua Yan | *Pro Se* |

Dated: August 5, 2026

s/ Melissa D. Hill
MELISSA D. HILL

*Counsel for U.S. Bank*

## STATEMENT REGARDING ORAL ARGUMENT

Defendant-Appellee U.S. Bank ("U.S. Bank") does not request oral argument on this appeal. This appeal involves the application of well-settled principles of law, and the relevant issues and applicable law have been thoroughly briefed and adjudicated by the U.S. District Court for the Northern District of Texas (the "District Court"). U.S. Bank submits that oral argument is unnecessary to aid the Court in rendering a decision in this matter.

If, however, the Court grants oral argument, U.S. Bank respectfully requests an opportunity to argue in response.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS ..................................................... i
STATEMENT REGARDING ORAL ARGUMENT ........................................... iii
TABLE OF AUTHORITIES ........................................................................ vi
ISSUES PRESENTED ................................................................................... 1
STATEMENT OF THE CASE ......................................................................... 2
I. U.S. Bank Administers An ERISA-Governed 401(k) Plan That Sets Forth Procedures For Reviewing Domestic Relations Orders. ...................... 2
II. Yan Commenced A Divorce Proceeding In State Court, Which Enters A Domestic Relations Order That Counsel Sends To U.S. Bank. ................. 4
III. U.S. Bank Reviewed The Domestic Relations Order In Accordance With The Plan's QDRO Procedures And Determined That It Qualified As A QDRO. ......................................................................................... 6
IV. Yan Filed A 434-Paragraph Third Amended Complaint That Named Eleven Defendants, And U.S. Bank Successfully Moved For Dismissal Under Rule 12(b)(6) ................................................................ 8
SUMMARY OF THE ARGUMENT ................................................................ 12
ARGUMENT ................................................................................................ 17
I. Standard Of Review ............................................................................... 17
II. The District Court Correctly Dismissed Yan's Claims Brought Under Criminal Statutes. ................................................................................ 17
III. The District Court Correctly Applied The Elements Of A Civil RICO Violation Dismissing Yan's RICO Claim. ............................................... 19
A. "Pattern of Racketeering Activity." .................................................. 20
B. "Connected to the Acquisition, Establishment, Conduct, or Control of an Enterprise." ................................................................ 22
IV. Yan Cannot Revive His Section 1983 Claim By Invoking Vague Talk Of "Conspiracy" On Appeal Wholly Absent From The Complaint. ........... 23
V. The District Court Correctly Ruled That Yan Failed To State A Claim For Fiduciary Breach Under ERISA. ....................................................... 28

**TABLE OF CONTENTS**
(continued)

**Page**

A. The Complaint Contains No Facts To Support Yan's Claim For Fiduciary Breach. ....28

VI. Yan's Other Arguments Do Not Warrant Reversal On Appeal. ....31

A. Yan's "Premise Substitution" Theory Is Not A Legal Doctrine. ....31

B. The District Court Accepted Yan's Well-Pleaded Allegations As True And Properly Considered Documents Incorporated By Reference In The Complaint And Central To The Case. ....32

C. Younger Abstention Does Not Provide A Basis For Reversal Because It Was Neither Invoked By U.S. Bank Nor Relied Upon By The District Court In Ordering Dismissal Of The Complaint. ....35

D. The District Court Properly Denied Yan Leave To File A Fourth Amended Complaint. ....37

CONCLUSION ....39

CERTIFICATE OF SERVICE ....40

CERTIFICATE OF COMPLIANCE ....41

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abraham v. Singh*,
480 F.3d 351 (5th Cir. 2007) ....................20, 22

*Adickes v. S.H. Kress & Co.*,
398 U.S. 144 (1970)....................25

*Armbrister v. McFarland*,
No. 18-CV-1211, 2018 WL 6004310 (N.D. Tex. Oct. 30, 2018) ................18, 24

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................17, 33

*Associated Builders, Inc. v. Ala. Power Co.*,
505 F.2d 97 (5th Cir. 1974) ....................34

*Bailey v. CIGNA Ins. Co.*,
87 F. App'x 347 (5th Cir. 2004) ....................34

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................17

*Bell v. Health-Mor, Inc.*,
549 F.2d 342 (5th Cir. 1977) ....................17

*Bickley v. Caremark RX, Inc.*,
461 F.3d 1325 (11th Cir. 2006) ....................34

*Boggs v. Boggs*,
520 U.S. 833 (1997)....................3

*Calhoun v. Att'y Gen. of Tex.*,
No. 20-cv-16, 2020 WL 6120475 (N.D. Tex. Sept. 30, 2020)....................18

*Cinel v. Connick*,
15 F.3d 1338 (5th Cir. 1994) ....................25

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Davis v. City of Alvarado*,
835 F. App'x 714 (5th Cir. 2020) .................................................. 22-23

*Delta Truck & Tractor, Inc. v. J.I. Case Co.*,
855 F.2d 241 (5th Cir. 1988) .......................................................... 19

*Dennis v. Parks*,
449 U.S. 24 (1980) ......................................................................... 25

*Fairley v. PM Mgmt.—San Antonio AL, L.L.C.*,
724 F. App'x 343 (5th Cir. 2018) ..................................................... 27

*Flagg Bros., Inc. v. Brooks*,
436 U.S. 149 (1978) ....................................................................... 24

*Harris v. Hubbert*,
588 F.2d 167 (5th Cir. 1979) .......................................................... 24

*Heinze v. Tesco Corp.*,
971 F.3d 475 (5th Cir. 2020) ..................................................... 17, 33

*In re Burzynski*,
989 F.2d 733 (5th Cir. 1993) .......................................................... 23

*In re Great Lakes Dredge & Dock Co.*,
624 F.3d 201 (5th Cir. 2010) ..................................................... 17, 33

*Jones v. Chevron Phillips Chem. Co. LP Health & Welfare Tr.*,
No. 14-CV-761, 2014 WL 7236398 (W.D. Tex. Dec. 17, 2014) ....................... 17

*Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*,
555 U.S. 285 (2009) .................................................................. 30-31

*Landavazo v. Toro Co.*,
301 F. App'x 333 (5th Cir. 2008) ..................................................... 37

*Lee v. Butts*,
No. 11-Civ-2358, 2012 WL 3115006 (S.D.N.Y. Aug. 1, 2012) ........................ 18

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Livadas v. Bradshaw*,
512 U.S. 107 (1994) .......... 24

*Lugar v. Edmondson Oil Co.*,
457 U.S. 922 (1982) .......... 25

*Mayeaux v. La. Health Serv. & Indem. Co.*,
376 F.3d 420 (5th Cir. 2004) .......... 38

*Meyers v. Tex. Health Res.*,
No. 09-CV-1402, 2009 WL 3756323 (N.D. Tex. Nov. 9, 2009) .......... 2

*Miletello v. R M R Mech., Inc.*,
921 F.3d 493 (5th Cir. 2019) .......... 3

*Priester v. Lowndes County*,
354 F.3d 414 (5th Cir. 2004) .......... 24, 28

*Ramey v. Davis*,
942 F.3d 241 (5th Cir. 2019) .......... 19

*Richard v. Hoechst Celanese Chem. Grp., Inc.*,
355 F.3d 345 (5th Cir. 2003) .......... 26-27

*Sappore v. Arlington Career Inst.*,
No. 09-CV-1671, 2010 WL 446076 (N.D. Tex. Feb. 8, 2010) .......... 18

*Slavin v. Curry*,
574 F.2d 1256 (5th Cir. 1978) .......... 27

*Smith v. EMC*,
393 F.3d 590 (5th Cir. 2004) .......... 37

*Sprint Commc'ns, Inc. v. Jacobs*,
571 U.S. 69 (2013) .......... 36

*Terra Nova Scis., LLC v. JOA Oil & Gas Hous., LLC*,
738 F. Supp. 2d 689 (S.D. Tex. 2010) .......... 37

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Thomas v. State*,
294 F. Supp. 3d 576 (N.D. Tex. 2018) ....................................................28

*United States ex rel. Gentry v. Encompass Health Rehab. Hosp. of Pearland, LLC*,
157 F.4th 758 (5th Cir. 2025) ....................................................38

*Villanueva v. McInnis*,
723 F.2d 414 (5th Cir. 1984) .................................................... 27-28

*Wampler v. Sw. Bell Tel. Co.*,
597 F.3d 741 (5th Cir. 2010) ....................................................17

*Wilson v. Kimberly-Clark Corp.*,
254 F. App'x 280 (5th Cir. 2007) ....................................................2, 33

*Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*,
90 F.3d 118 (5th Cir. 1996) ....................................................21, 23

*Younger v. Harris*,
401 U.S. 37 (1971).................................................... 16, 35-36

**CONSTITUTIONAL PROVISIONS & STATUTES**

18 U.S.C.
§ 1341....................................................*passim*
§ 1343....................................................*passim*

Civil Rights Act of 1871
42 U.S.C. § 1983....................................................*passim*

Employee Retirement Income Security Act
18 U.S.C. § 664....................................................*passim*
18 U.S.C. § 1027....................................................*passim*
29 U.S.C. § 1056....................................................*passim*
29 U.S.C. § 1104....................................................30

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

Racketeer Influenced and Corrupt Organizations Act
18 U.S.C. § 1962 .......... 19, 22-23
18 U.S.C. § 1964 .......... 19

Sarbanes-Oxley Act of 2002
18 U.S.C. § 1349 .......... *passim*

U.S. Const. amend. XIV .......... 14, 23

**RULES**

Fed. R. Civ. P.
12 .......... *passim*
15 .......... 37

## ISSUES PRESENTED

1. Did the District Court correctly rule that Yan failed to state a claim against U.S. Bank under criminal law statutes 18 U.S.C. §§ 664, 1027, 1341, 1343, and 1349, none of which provides a private cause of action?

2. Did the District Court correctly rule that Yan failed to state a civil claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO") against U.S. Bank because the Complaint does not allege that U.S. Bank engaged in a "pattern of racketeering activity" "connected to the acquisition, establishment, conduct, or control of an enterprise," which are prima facie elements of the claim?

3. Did the District Court correctly rule that Yan failed to state a Section 1983 claim against U.S. Bank, where the Complaint neither ascribes state action to U.S. Bank nor plausibly alleges that it acted in a conspiracy with state actors to deprive Yan of constitutional rights?

4. Did the District Court correctly rule that Yan failed to state a claim for fiduciary breach under the Employee Retirement Income Security Act of 1974 ("ERISA"), where the face of the Complaint confirms that U.S. Bank acted in conformity with the governing ERISA plan documents when it reviewed a domestic relations order, confirmed that it is a Qualified Domestic Relations Order ("QDRO"), and disbursed plan benefits pursuant to that QDRO?

## STATEMENT OF THE CASE

### I. U.S. Bank Administers An ERISA-Governed 401(k) Plan That Sets Forth Procedures For Reviewing Domestic Relations Orders.

The Plan is an ERISA defined contribution plan that provides 401(k) benefits to eligible employees. Electronic Record on Appeal ("ROA").1785.[1] U.S. Bank's Benefits Administration Committee serves as Administrator of the Plan. ROA.26-10286.1789 § 2.1.6.

Appendix C of the Plan governs QDROs and, relevant here, precludes the Plan from honoring any right to payment under a domestic relations order unless it constitutes a QDRO. ROA.26-10286.1877 § 1.1. A QDRO is an exception to ERISA's general prohibition on the assignment or alienation of employee benefits under covered plans. 29 U.S.C. § 1056(d)(3)(A). Specifically, a QDRO is a type of domestic relations order; a domestic relations order is "any judgment, decree, or order that concerns 'the provision of child support, alimony payments, or marital property rights to a spouse, former spouse, child, or other dependent of a participant' and is 'made pursuant to a State domestic relations law (including a community

---

[1] Although Yan failed to include the Plan among his numerous exhibits to the Complaint, the District Court was permitted to consider it when reviewing U.S. Bank's Motion to Dismiss. *See Wilson v. Kimberly-Clark Corp.*, 254 F. App'x 280, 284-85 (5th Cir. 2007) (district court properly considered an ERISA plan that the defendant attached to its motion to dismiss even though it was not enclosed with the complaint); *Meyers v. Tex. Health Res.*, No. 09-CV-1402, 2009 WL 3756323, at *6-7 (N.D. Tex. Nov. 9, 2009) (same).

property law).'" *Boggs v. Boggs*, 520 U.S. 833, 846 (1997) (quoting 29 U.S.C. § 1056(d)(3)(B)(ii)). A QDRO, in turn, "creates or recognizes an alternate payee's right to, or assigns to an alternate payee the right to, a portion of the benefits payable with respect to a participant under a plan." *Id.* (citing 29 U.S.C. § 1056(d)(3)(B)(i)). "Under a QDRO, the alternate payee is considered a beneficiary of the relevant plan" and "may be a 'spouse, former spouse, child, or other dependent of a participant.'" *Miletello v. R M R Mech., Inc.*, 921 F.3d 493, 495 (5th Cir. 2019) (quoting 29 U.S.C. § 1056(d)(3)(J), (d)(3)(K)).

To constitute a QDRO under the Plan, a domestic relations order must specify:

i. the name and mailing address of the Participant and the Alternate Payee;[2]

ii. the amount of the Participant's Plan account to be disbursed to each such Alternate Payee;

iii. the payment method for disbursing the funds; and

iv. that it applies to the Plan.

ROA.26-10286.1877 §§ 1.4.1-1.4.4.

To determine whether a domestic relations order satisfies these criteria, the Plan requires U.S. Bank to notify the Plan Participant and Alternate Payee of its

[2] A Plan Participant's spouse or former spouse, among others, qualifies as an "Alternate Payee." ROA.26-10286.1877 § 1.2.

receipt of the order and to provide the parties an opportunity to make comments or objections concerning whether the domestic relations order constitutes a QDRO. ROA.26-10286.1879 §§ 2.2.2, 2.2.3. Thereafter, U.S. Bank renders a decision as to whether the order is a QDRO, and that "determination shall be communicated in writing to the Participant and all persons claiming to be Alternate Payees[.]" ROA.26-10286.1879-80 §§ 2.2.4, 2.2.6. If the order is deemed to be a QDRO, "the Plan **shall** pay all amounts required to be paid pursuant to the domestic relations order to the Alternate Payee[.]" ROA.26-10286.1880 § 2.3 (emphasis added).

Plaintiff-Appellant Conghua Yan ("Yan"), who identifies as a "professional IT expert for the banking sector," maintained an account with the Plan and thus was subject to the Plan's QDRO provisions. ROA.26-10286.1059, 1076 ¶¶ 7, 93.

## II. Yan Commenced A Divorce Proceeding In State Court, Which Enters A Domestic Relations Order That Counsel Sends To U.S. Bank.

Yan was married to Fuyan Wang. ROA.26-10286.1071 ¶ 71. On October 15, 2021, Yan initiated divorce proceedings in the 325th District Court, Tarrant County, Texas (the "State Court") before Judge Judith G. Wells and Associate Judge Lori L. DeAngelis. ROA.26-10286.1073 ¶ 79. Leslie Starr Barrows ("Barrows") represented Ms. Wang in the divorce proceeding and William Albert Pigg ("Pigg") served as counsel for Yan. ROA.26-10286.1070, 1073 ¶¶ 70, 83.

According to the Complaint, on April 13, 2022, the State Court conducted a hearing at which it "ordered that Plaintiff needs to pay the fees for drafting a QDRO

and Plaintiff needs to directly pay Leslie Starr Barrows and William Albert Pigg $25,000 each from his out-of-state 401K account." ROA.26-10286.1075-76 ¶¶ 90, 93 (emphasis omitted). Yan asserts that, after the hearing, Barrows "contacted Plaintiff's 401K administrator, U.S. Bank" but does not provide any details regarding that alleged communication or confirm whether Barrows in fact spoke with (as opposed to merely "contacted") a U.S. Bank representative. ROA.26-10286.1076-77 ¶ 94.

On April 26, 2022, Barrows filed with the State Court a "garnishment court order" that Yan alleges was part of "a scheme and an artifice … to defraud and obtain money from Plaintiff's 401K account through false and fraudulent pretenses." ROA.26-10286.1077, 1093 ¶¶ 96, 162. The proposed garnishment order stated that "'[o]n April 13, 2022, the [State] Court heard Respondent's request for Spousal Support inter alia,' and 'Yan was ordered/required to pay spousal support,'" which, according to Yan, "were material deceptions" because there supposedly "was no 'request for Spousal Support' heard, and Plaintiff was not ordered to pay spousal support." ROA.26-10286.1093 ¶ 162.

Notwithstanding Yan's allegations that the proposed order was an "artifice," on May 26, 2022, Judge Wells entered an Order For Garnishment Of U.S. Bank 401(k) Savings Plan (the "Domestic Relations Order"). ROA.26-10286.1077-78, 1094 ¶¶ 97-98, 163. The face of the Domestic Relations Order stated that "this Court

intends this order to be a Domestic Relations Order," and that Yan was "required to pay spousal support to Fuyan Wang … in the balance of $25,000.00." ROA.26-10286.1905-06. To those ends, the Domestic Relations Order:

i. identified Yan as the "Participant" and Ms. Wang as the "Alternate Payee," and lists their mailing addresses and phone numbers;

ii. specified the amount ($25,000) to be disbursed by the Plan;

iii. ordered "that the retirement account at U.S. Bank pay to Fuyan Wang, $25,000.00 from the U.S. Bank 401(k) Savings Plan of Conghua Yan to satisfy this obligation"; and

iv. stated that it applies to the Plan.

ROA.26-10286.1905-06. The Domestic Relations Order provided the exact information enumerated in the Plan's QDRO provisions. After Judge Wells entered the Domestic Relations Order, counsel mailed it to U.S. Bank. ROA.26-10286.1078 ¶ 99.

## III. U.S. Bank Reviewed The Domestic Relations Order In Accordance With The Plan's QDRO Procedures And Determined That It Qualified As A QDRO.

Under the Plan's QDRO Procedures, the review process of a domestic relations order requires notifying the Plan Participant of its receipt of the order, providing the Plan Participant an opportunity to make comments or objections, issuing a determination regarding whether the order constitutes a QDRO, and

notifying the Plan participant and Alternate Payee of that determination. *Supra* Statement of the Case, § I. Consistent with that process, the Complaint acknowledges that in July 2022, U.S. Bank "notified" Yan of its receipt of the Domestic Relations Order (ROA.26-10286.1078 ¶ 100); Yan was permitted to submit to U.S. Bank an "objection letter to the U.S. Bank employment retirement fund" (ROA.26-10286.1078-79 ¶¶ 100-01); U.S. Bank thereafter "determined that they should treated [sic] the 'domestic relations order' as 'qualified,'" and notified Yan of its determination (ROA.26-10286.1130-31 ¶¶ 407, 409). The Complaint further acknowledges that throughout the review process, U.S. Bank regularly communicated with Yan—through "mails and emails"—regarding its examination of the Domestic Relations Order. ROA.26-10286.1130-31 ¶ 407.

The Complaint alleges that U.S. Bank's QDRO determination was the result of Barrows "[u]tilizing her status as an attorney and member of the State Bar of Texas" to "mislead" and "deceive" U.S. Bank into approving the Domestic Relations Order as a QDRO. ROA.26-10286.1079-80 ¶ 103. Yan, however, concedes that his then-attorney, Pigg, "consented to the U.S. Bank dispensing fund [sic]" pursuant to the QDRO. ROA.26-10286.1080 ¶ 104; *see also* ROA.26-10286.1142-44 (8/29/22 email from Pigg to Barrows stating, "US Bank approved the QDRO, so you'll be getting your money in due course").

After U.S. Bank approved the QDRO and disbursed the funds to Ms. Wang, there was apparently a dispute between Yan and Pigg that led Pigg to withdraw as Yan's counsel in the State Court action. ROA.26-10286.1081 ¶ 108. Yan then filed grievance actions with the Office of the Chief Disciplinary Counsel against Pigg as well as Barrows, all of which were dismissed and Yan's appeals thereof were denied in spring 2023. ROA.26-10286.1081-83 ¶¶ 110, 112-18.

## IV. Yan Filed A 434-Paragraph Third Amended Complaint That Named Eleven Defendants, And U.S. Bank Successfully Moved For Dismissal Under Rule 12(b)(6).

Yan filed this action in July 2023 and, upon amending his pleading three times within two months, determined to name U.S. Bank as the eleventh defendant in the 434-paragraph Complaint.[3] ROA.26-10286.1053. The Complaint alleges that Pigg and Barrows acted improperly in the State Court action, and that the State Bar of Texas and justices who compose it somehow orchestrated an elaborate "RICO conspiracy" against Yan and violated various criminal and civil statutes. ROA.26-10286.1072 ¶ 75. None of these brazen allegations relate to U.S. Bank. The only

[3] By filing this action in the U.S. District Court of the Northern District of Texas, Yan violated the Plan's Choice of Venue clause, which requires that "[a]ll litigation in any way related to the Plan (including **but not limited to** any and all claims brought under ERISA, such as claims for benefits and claims for breach of fiduciary duty) must be filed in the United States District Court for the District of Minnesota in Hennepin County." ROA.26-10286.1860 § 11.9 (emphasis added). U.S. Bank expressly reserves its right to seek dismissal of this action because it is improperly venued.

substantive action ascribed in the Complaint to U.S. Bank is that it reviewed the Domestic Relations Order in compliance with the Plan's QDRO procedures, determined that it qualified as a QDRO, and disbursed funds pursuant to it. ROA.26-10286.1079-80, 1130-31 ¶¶ 103-04, 407-09. Such allegations fall woefully short of stating a plausible claim against U.S. Bank.

On January 11, 2024, U.S. Bank moved for dismissal under Federal Rule of Civil Procedure 12(b)(6). ROA.26-10286.1746-47. On April 23, 2024, the District Court granted U.S. Bank's motion and ordered dismissal with prejudice because "none [of Yan's claims against U.S. Bank] come close to presenting a plausible claim that entitles Yan to relief." ROA.26-10286.2093. Specifically, the District Court:

- dismissed Yan's claims under 18 U.S.C. §§ 664, 1027, 1341, 1343, and 1349 because "[t]hose are criminal statutes and do not create civil causes of action";
- dismissed Yan's civil RICO claim because he "fails to show the required 'pattern of racketeering activity,' let alone that his allegations are 'connected to the acquisition, establishment, conduct, or control of an enterprise,'" both of which are prima facie elements;

- dismissed Yan's 42 U.S.C. § 1983 claim because he does not allege that U.S. Bank acted under the color of state law to deprive him of any constitutional rights; and
- dismissed Yan's ERISA fiduciary breach claim because he "never articulates any facts that would suggest U.S. Bank violated its fiduciary duty … or otherwise failed to comply with applicable laws."

ROA.26-10286.2093-94.

On these well-reasoned bases, the District Court granted U.S. Bank's Motion to Dismiss in its entirety, dismissing each one of Yan's claims against U.S. Bank with prejudice. ROA.26-10286.2093-95. Yan appealed and this Court ordered remand solely because "the district court did not adjudicate the rights and liabilities of Pigg," a co-Defendant who had answered the Complaint rather than moving to dismiss it like all other Defendants. ROA.26-10286.2188 (Case No. 24-10543; Dkt. 146). Following remand, Pigg filed a Motion for Judgment on the Pleadings (Dkt. 191), which the District Court granted in its entirety (Dkt. 224). ROA.26-10286.2558-59, 3064. Thus, all Defendants have now been dismissed from this suit.

Following remand, Yan additionally filed a motion for leave to file a fourth amended complaint. U.S. Bank opposed that request because Yan had failed to identify circumstances justifying leave to file yet another amended complaint and the "evidence" and arguments that animated the motion were previously raised by

Yan in other briefing rejected by the court. ROA.26-10286.2980. The District Court denied Plaintiff leave to file a fourth amended complaint, and a final judgment of dismissal was entered. ROA.26-10286.2981. Yan hereafter filed this appeal. ROA.26-10286.3070.

## SUMMARY OF THE ARGUMENT

This case arises from a divorce proceeding Yan commenced in October 2021. ROA.26-10286.1073 ¶ 79. Apparently dissatisfied with how it turned out, Yan filed this lawsuit against a slew of Defendants ranging from the counsel in his divorce action and the state court judges who presided over it, to the State Bar of Texas. ROA.26-10286.31-38. On September 25, 2023, Yan elected to amend his pleading for a third time to add an eleventh defendant, U.S. Bank, which sponsors and administers an ERISA-governed 401(k) Plan in which Yan participates. ROA.26-10286.1061 ¶ 18.

The Complaint is littered with wild allegations of malfeasance by Yan's and his spouse's divorce attorneys, a "decade-long and widespread pattern of RICO racketeering activity" "within the family court system" (ROA.26-10286.1056, 1058 ¶¶ 6-7, 18 (emphasis omitted)), and a "pattern of concealment" by the State Bar to cover up the alleged "RICO racketeering activities" (ROA.26-10286.1057 ¶ 15). The only substantive action ascribed to U.S. Bank, however, is that it reviewed the Domestic Relations Order from Yan's divorce and determined it qualified as a QDRO under the Plan's QDRO provisions. On that allegation alone, Yan purports to assert against U.S. Bank claims arising under criminal laws, the civil RICO statute, Section 1983, and for fiduciary breach. In the 434 paragraphs and nine

exhibits attached to the Complaint, Yan fails to state a single viable claim for relief for any of these causes of action.

U.S. Bank filed a Rule 12(b)(6) motion to dismiss on January 11, 2024. ROA.26-10286.1746. The District Court granted U.S. Bank's motion in its entirety and dismissed Yan's claims with prejudice because "none come close to presenting a plausible claim that entitles Yan to relief." ROA.26-10286.2093. On appeal, Yan offers no basis for reversing the District Court's well-reasoned decision.

**First**, Yan's claims under 18 U.S.C. §§ 664, 1027, 1341, 1343, and 1349 fail as a matter of law because those are criminal statutes that do not provide a private civil right of action. Yan does not offer, because he cannot, any argument on appeal to the contrary, and in fact abandons those claims by failing to brief argument in support of them. *Infra* Argument § II.

**Second**, Yan seeks to plead a civil RICO claim against U.S. Bank because it determined that the Domestic Relations Order is a QDRO. Civil RICO claims require, among other things, a showing that the defendant committed multiple predicate crimes that, together, constitute a "pattern of racketeering activity" "connected to the acquisition, establishment, conduct, or control of an enterprise." *Infra* Argument, § III. Yan pleaded none of those elements in the Complaint, and thus the District Court correctly dismissed the claim. On appeal, Yan claims that the District Court treated 18 U.S.C. § 664 as an independent cause of action instead of

a predicate offense in support of his RICO claim. Yan's assertion is contradicted by his own Complaint that identifies "18 U.S.C. § 664" under the "Nineth [sic] Claim for Relief," and in any event fails because the Complaint does not plausibly allege U.S. Bank committed any predicate racketeering act. *Infra* Argument § III.

**Third**, the District Court dismissed Yan's claim under 42 U.S.C. § 1983 ("Section 1983") for a supposed violation of the Fourteenth Amendment of the U.S. Constitution because he does not allege that U.S. Bank, a private entity, acted under the color of state law to deprive Yan of any constitutional right. Yan tries to side-step the District Court's ruling by claiming, **for the first time in his appellate brief**, that his Complaint alleged a conspiracy between U.S. Bank and co-Defendants, which, according to Yan, would free him from having to ascribe state action to U.S. Bank. The Complaint is barren of any allegations that 1) U.S. Bank entered into an agreement with state actors to commit an illegal act, or that 2) Yan suffered a deprivation of constitutional rights as a result, both of which are required to state a Section 1983 claim under a theory of conspiracy. Indeed, the Complaint does not even allege that his 401(k) Plan Administrator had any communications with the state court judges named in this action, let alone struck an agreement with them to commit an illegal act intended to deprive Yan of his constitutional rights. Absent any such allegations, or facts ascribing state action to U.S. Bank, the District Court's dismissal of Yan's Section 1983 claim must be affirmed. *Infra* Argument § IV.

**Fourth**, and finally, Yan nebulously alleges that U.S. Bank "breached its fiduciary duty under 29 U.S.C. § 1056(d)(3)(H)(i)." That statutory provision requires a plan administrator to "separately account" for funds "payable to the alternate payee" during its review of a putative QDRO. Yan was not the alternate payee (his spouse was) and, in any event, the Complaint does not allege that U.S. Bank ever failed to provide an accounting to the alternate payee (or to Yan) or otherwise violated 29 U.S.C. § 1056(d)(3)(H)(i), nor does he offer any basis for concluding that a violation of that statute could constitute a breach of fiduciary duty under ERISA. On appeal, Yan argues that the District Court incorrectly accepted as correct U.S. Bank's determination that the domestic relations order qualified as a QDRO. Yan is wrong again because the District Court was well positioned to draw that inference based on the plain language of the Plan's QDRO provisions, and the Complaint's allegations acknowledging those requirements were satisfied. Pursuant to the U.S. Supreme Court's Plan Document Rule—which holds that plan fiduciaries cannot be held liable under ERISA for acting in conformity with plan documents—Yan is foreclosed from stating a claim for breach of fiduciary duty. *Infra* Argument § V.

Yan's additional arguments on appeal are irrelevant to his claims against U.S. Bank and otherwise fail as a matter of law. He invokes what he calls "premise substitution" but that is not a recognized legal doctrine, let alone one that justifies

assigning error to the District Court. He incorrectly claims that the District Court failed to accept all allegations of the Complaint as true when reviewing U.S. Bank's motion to dismiss, failing himself to recognize that courts need not accept legal conclusions, unwarranted inferences, or allegations contradicted by documents properly before the Court; nor does Yan identify any properly pleaded allegation in the Complaint that the District Court failed to consider. He claims the District Court incorrectly relied on *Younger* abstention when the face of the Order confirms the District Court did no such thing. *Younger v. Harris*, 401 U.S. 37 (1971). Finally, he claims the District Court erred in denying him leave to file a fourth amended complaint, but that decision was correct because Yan's claims in his proposed amendment are futile. None of the arguments Yan lodges on appeal salvage his claims asserted against U.S. Bank. *Infra* Argument § VI.

For these reasons, as detailed herein, U.S. Bank respectfully requests the Court affirm the District Court's dismissal with prejudice of all claims asserted against U.S. Bank.

## ARGUMENT

### I. Standard Of Review.

The Court reviews a grant of a motion to dismiss de novo. *Wampler v. Sw. Bell Tel. Co.*, 597 F.3d 741, 744 (5th Cir. 2010). To survive a motion to dismiss, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, courts accept as true well-pleaded facts and construe the allegations in the light most favorable to the plaintiff, but they "do not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (quoting *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010)). Where, as here, the appellant has failed to allege "enough facts to state a claim to relief that is plausible on its face," the court will affirm dismissal. *See Twombly*, 550 U.S. at 570.

### II. The District Court Correctly Dismissed Yan's Claims Brought Under Criminal Statutes.

18 U.S.C. §§ 664, 1027, 1341, 1343, and 1349 are criminal statutes that do not provide a private cause of action.[4] Indeed, it is settled law that "[p]rivate citizens

---

[4] *See, e.g.*, *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977) (affirming dismissal under 18 U.S.C. § 1341 because no private right of action exists); *Jones v. Chevron Phillips Chem. Co. LP Health & Welfare Tr.*, No. 14-CV-761, 2014 WL 7236398, at *3 (W.D. Tex. Dec. 17, 2014) (granting motion to dismiss claims

do not have the right to bring a private action under a federal criminal statute," *Sappore v. Arlington Career Inst.*, No. 09-CV-1671, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010), and "cannot enforce criminal statutes in a civil action," *Armbrister v. McFarland*, No. 18-CV-1211, 2018 WL 6004310, at *4 (N.D. Tex. Oct. 30, 2018), *report and recommendation adopted*, No. 18-CV-1211, 2018 WL 5994992 (N.D. Tex. Nov. 15, 2018). The District Court agreed and dismissed these claims with prejudice, explaining: "Yan attempts to sue U.S. Bank under 18 U.S.C. §§ 664, 1027, 1341, 1343, and 1349. … Those are criminal statutes and do not create civil causes of action." *See* ROA.26-10286.2093.

On appeal, Yan does not dispute that these criminal statutes do not give rise to a private right of action. Rather, he contends that he never pleaded these claims as causes of action. *See* Appellant's Br. at 40, 59. The very face of the Complaint expressly enumerates 18 U.S.C. §§ 664, 1027, 1341, 1343, and 1349 under Yan's "Claim for Relief U.S[.] Bank." *See* ROA.26-10286.1129-32. Yan's misreading of his own pleading and baseless attack of the District Court do nothing to salvage these

brought under 18 U.S.C. §§ 664 and 1027 because they are criminal statutes that do not create a private right of action); *Lee v. Butts*, No. 11-Civ-2358, 2012 WL 3115006, at *4 (S.D.N.Y. Aug. 1, 2012) (dismissing 18 U.S.C. § 664 claim because it "is a federal penal statute and … courts have declined to permit attendant claims for civil liability"); *Calhoun v. Att'y Gen. of Tex.*, No. 20-cv-16, 2020 WL 6120475, at *4 (N.D. Tex. Sept. 30, 2020) (dismissing claim alleging a violation of 18 U.S.C. § 1349 because "the law is settled that there is no private right of action for violation of criminal statutes"), *report and recommendation adopted*, No. 20-CV-16, 2020 WL 6082901 (N.D. Tex. Oct. 15, 2020).

claims, and, in any event, he has waived them by failing to brief any argument in support on appeal. *See Ramey v. Davis*, 942 F.3d 241, 248 (5th Cir. 2019) ("[A] party waives any argument that it fails to brief on appeal." (citation omitted)). For these unrebutted reasons, the Court should affirm dismissal of Yan's claims asserted under 18 U.S.C. §§ 664, 1027, 1341, 1343, and 1349.

## III. The District Court Correctly Applied The Elements Of A Civil RICO Violation Dismissing Yan's RICO Claim.

The Complaint next purports to assert a claim against U.S. Bank under 18 U.S.C. § 1964, which provides a private right of action for individuals injured as a result of violations of the RICO statute (18 U.S.C. § 1962). "Reduced to its three essentials, a civil RICO claim must involve: (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988). In the Complaint, Yan merely claims that U.S. Bank disbursed spousal support funds pursuant to its review of the Domestic Relations Order. *See* ROA.26-10286.1079-80, 1130-31 ¶¶ 103, 407-09. As the District Court ruled, "a release of spousal support funds is not a RICO violation," and it dismissed with prejudice Yan's civil RICO claim because he "fail[ed] to show the required 'pattern of racketeering activity,' let alone that his allegations are 'connected to the acquisition, establishment, conduct, or control of an enterprise.'" *See* ROA.26-10286.2093-94.

Yan does not, because he cannot, dispute that the Complaint is barren of any plausible allegations satisfying the essential elements of a civil RICO claim against U.S. Bank. Instead, Yan now attempts to recharacterize both his Complaint and the District Court's ruling by arguing that the District Court improperly treated 18 U.S.C. § 664 as an independent cause of action instead of a RICO predicate offense and "recast" his theory as one involving money laundering. Appellant's Br. 86-91. Yan mischaracterizes his pleadings, and his RICO claim fails because the Complaint does not plausibly allege that U.S. Bank committed any predicate racketeering act, knowingly joined a RICO enterprise, or agreed to participate in a RICO conspiracy.

### A. "Pattern of Racketeering Activity."

Yan contends that the District Court overlooked his reliance on 18 U.S.C. § 664 as a RICO predicate offense. That argument misses the point. Whether § 664 is invoked as a standalone claim or a predicate offense, a civil RICO plaintiff must plead facts plausibly showing that the defendant committed racketeering acts that satisfy the statutory pattern requirement. A "pattern of racketeering activity" requires a showing that the defendant engaged in at least "two or more predicate criminal acts that are (1) related and (2) 'amount to or pose a threat of continued criminal activity.'" *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007) (citation omitted). "To establish a pattern of racketeering activity," "a plaintiff 'must show that the racketeering predicates are related, and that they amount to or pose a threat

of continued criminal activity.'" *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996) (emphasis and citation omitted). Yan does not plausibly allege that U.S. Bank committed any predicate criminal acts, let alone two or more related to a "continued criminal activity." Rather than alleging that U.S. Bank embezzled plan assets or knowingly participated in any criminal scheme, Yan alleges that U.S. Bank received a Domestic Relations Order, followed the Plan's established QDRO review procedures, communicated with Yan regarding his objections, determined that the order qualified under the Plan, and distributed benefits accordingly. ROA.26-10286.1078-79, 1130-31 ¶¶ 100-04, 407-09. Those allegations do not plausibly establish any predicate racketeering offense.

Nor does Yan's new emphasis on U.S. Bank's alleged receipt of his objection letters or what he now characterizes as an "Unresolved-Alternatives Letter" alter the analysis. Appellant's Brief at 92-93. At most, those allegations establish that U.S. Bank considered competing positions regarding the validity of the Domestic Relations Order before reaching its determination (which the face of the Complaint confirms was the correct one under the Plan's QDRO procedures). They do not plausibly support an inference that U.S. Bank knowingly agreed to embezzle plan assets or intentionally participated in criminal conduct.

If anything, the Complaint alleges that U.S. Bank was a victim—not a perpetrator—of a fraud. That supposed fraud was allegedly committed by "[t]hree

[co-]Defendants," which "used interstate mail, emails, and phone calls to defraud an employment retirement fund located in the state of Minnesota [i.e., the Plan], with the aim of conspiratorially dispensing the fund for their own use." *See* ROA.26-10286.1081 ¶ 107. None of these wild allegations asserted against **co-Defendants** supports an inference that **U.S. Bank** engaged in a "pattern of racketeering activity," and thus Yan's claim fails.

### B. "Connected to the Acquisition, Establishment, Conduct, or Control of an Enterprise."

Undeterred, Yan asserts that the District Court also erred by not "identify[ing] which alleged enterprise it was testing" when it ruled that a civil RICO claim requires a showing that the pattern of racketeering activity was connected to the acquisition, establishment, conduct, or control of an enterprise. Appellant's Br. at 91. Yan's argument fails here, too.

As the District Court correctly ruled, civil RICO claims require that the racketeering activity be "connected to the acquisition, establishment, conduct, or control of an enterprise." *See Davis v. City of Alvarado*, 835 F. App'x 714, 720 (5th Cir. 2020) (quoting *Abraham*, 480 F.3d at 355) ("Regardless of subsection, RICO claims under § 1962 have three common elements: '(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'"). Where, as here, the plaintiff alleged that defendants violated 18 U.S.C. § 1962(c) and (d) of the RICO statute, this Court held:

> Subsection 1962(c) prohibits persons employed by or associated with any enterprise from conducting or participating in the enterprise's affairs through a pattern of racketeering. Subsection 1962(d) prohibits a conspiracy to violate 18 U.S.C. § 1962(a), (b), or (c). Under both subsections, RICO claims require "1) a person who engages in 2) a pattern of racketeering activity, 3) connected to the acquisition, establishment, conduct, or control of an enterprise."

*Word of Faith World Outreach Ctr. Church, Inc.*, 90 F.3d at 121-22 (citation omitted). "Thus, RICO claims under all four subsections necessitate: '1) a person who engages in 2) a pattern of racketeering activity, 3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" *In re Burzynski*, 989 F.2d 733, 741 (5th Cir. 1993) (emphasis and citation omitted).

Yan's failure to allege in his Complaint those essential elements requires affirming the District Court's Order of Dismissal. *See Davis*, 835 F. App'x at 721 (affirming grant of a motion to dismiss a civil RICO claim because the plaintiff "has not plausibly alleged a pattern of racketeering activity"); *Burzynski*, 989 F.2d at 741 (affirming dismissal under Rule 12(b)(6) of a civil RICO claim pleaded under 18 U.S.C. § 1962(a), (b), (c), and (d) because the plaintiff failed to plead a "pattern of racketeering activity" (emphasis omitted)).

## IV. Yan Cannot Revive His Section 1983 Claim By Invoking Vague Talk Of "Conspiracy" On Appeal Wholly Absent From The Complaint.

"Fourteenth Amendment claims are brought as private causes of action under Section 1983, which applies to private parties only when they acted under the color of state law" to "deprive[] [the plaintiff] of a right secured by the Constitution[.]"

ROA.26-10286.1767-68 (citing *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978)). Yan's Complaint does not allege that U.S. Bank, a private entity, acted under the color of state law to deprive him of any constitutional right. In such instances, courts routinely grant motions to dismiss Section 1983 claims.[5] Accordingly, the District Court appropriately dismissed Yan's Section 1983 claim. *See* ROA.26-10286.2094.

Boxed in by his inability to ascribe state action to his 401(k) plan administrator, Yan deviates from the allegations in his Complaint and asserts on appeal that a supposed conspiracy among Defendants excuses his failure to allege that U.S. Bank acted under the color of state law. Specifically, in his brief, Yan attempts to amend his pleading to ascribe state action to U.S. Bank by ensnarling it in a wild conspiracy with Texas state court judges and his wife's divorce attorney, Ms. Barrows. Appellant's Br. at 88-90.

---

[5] *See Harris v. Hubbert*, 588 F.2d 167, 168 (5th Cir. 1979) (affirming dismissal under Rule 12(b)(6) of Fourteenth Amendment and Section 1983 claims because plaintiff failed to allege "state involvement in order to bring activities within the ambit of … the Fourteenth Amendment"); *Armbrister*, 2018 WL 6004310, at *4 ("Plaintiff makes no allegations that Defendants are state actors. She alleges no facts to support a finding that they are state actors or that the individual Defendants … engaged in anything but private conduct. … Accordingly, Plaintiff's claims under § 1983 should be dismissed for failure to state a claim."); *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (affirming dismissal under Rule 12(b)(6) of a Section 1983 claim because "the complaint does not allege an agreement between [a private citizen] and [state officials] to commit an illegal act, nor does it allege specific facts to show an agreement").

To state a Section 1983 claim under a theory of conspiracy, Yan would need to, among other things, plead facts showing that 1) U.S. Bank entered into an agreement with state actors to commit an illegal act, and 2) Yan suffered an "actual deprivation of constitutional rights." *See Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). In *Cinel*, this Court dismissed a Section 1983 claim precisely because the appellant failed to allege an "agree[ment] to undertake a scheme to deprive Appellant of his constitutional rights." *Id.* at 1343-44. So, too, here, where the Complaint lacks any allegations that U.S. Bank struck an agreement with the Texas state court judge Defendants or any state actor. While Yan baldly claims in his brief that U.S. Bank is "alleged as a § 1983 co-conspirator," tellingly, he provides no citation to the Complaint. Appellant's Br. at 24. Nor could he.

The cases Yan cites do not save this claim because, contrary to his assertions, they do not hold that every private party who relies upon or complies with a court order becomes a state actor. Rather, they require factual allegations demonstrating joint participation in unconstitutional conduct. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982) (requiring that a private person be "a willful participant in joint activity with the State or its agents" (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970))); *Dennis v. Parks*, 449 U.S. 24, 27-28 (1980) (finding that a private actor is a "willful participant in joint action with the State or its agents" because the defendant judge made "an official act [that] was the product of a corrupt conspiracy

involving bribery of the judge"). Here, Yan alleges no communications between U.S. Bank and the state court judges, no agreement between U.S. Bank and any state official, and no facts plausibly suggesting that U.S. Bank shared any unlawful objective with them.

In the Complaint, Yan does not even allege that U.S. Bank communicated with either of the State Court Judge Defendants (Judge DeAngelis or Judge Wells), let alone struck an agreement with them to commit an illegal act. Further, Ms. Barrows is not a "public defendant" but rather an attorney for a "private company," (ROA.26-10286.1059 ¶ 9) and, in any event, the Fifth Circuit has squarely rejected that "wrongful action by counsel qualifies as 'state action' under § 1983." *See Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 353 (5th Cir. 2003).

Nor does Yan's new emphasis on U.S. Bank's receipt of his objection letters, or what he characterizes as the "Unresolved-Alternatives Letter," plausibly plead a conspiratorial agreement. Appellant's Br. at 92-97. Those allegations show only that U.S. Bank considered competing positions during its QDRO review process before reaching its determination. They do not support a reasonable inference that U.S. Bank entered into an agreement with any state actor to violate Yan's constitutional rights.

To be clear, the only substantive action ascribed to U.S. Bank in the Complaint is that it reviewed the Domestic Relations Order entered by a Texas state court,

determined that it constitutes a QDRO, and disbursed $25,000 from Yan's retirement account to his wife, as the QDRO expressly required. *See* ROA.26-10286.1079-80, 1130-31 ¶¶ 103-04, 407-09. None of these unremarkable allegations supports an inference that U.S. Bank acted in a conspiracy. Indeed, it is settled law that a private actor's compliance with a court order (which, in this case, required disbursement of $25,000 for spousal support) does not constitute state action. *Richard*, 355 F.3d at 353. Even accepting as true Yan's conclusory assertion that the Domestic Relations Order that U.S. Bank complied with was somehow improper, "[Fifth Circuit] precedent establishes that even if a court wrongly decides a case, the fact that a private party complies with [a] wrong [court] decision does not constitute state action." *Id.* In *Fairley v. PM Mgmt.—San Antonio AL, L.L.C.*, 724 F. App'x 343 (5th Cir. 2018), this Court rejected the argument that the defendant was a state actor merely because it followed an allegedly incorrect state court order. *Id.* at 345.

And in any case, "it remains necessary to prove an actual deprivation of a constitutional right; a conspiracy to deprive is insufficient." *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984) (citing *Slavin v. Curry*, 574 F.2d 1256, 1261 (5th Cir. 1978), *modified on other grounds*, 583 F.2d 779 (1978)). Here, the Complaint contains no allegations that Yan was deprived of a constitutional privilege, or any legally protected right for that matter. His grievance over having to pay spousal support to his wife pursuant to a court order in no way suffices. "Without a

deprivation of a constitutional right or privilege, [U.S. Bank] has no liability under 1983." *Villanueva*, 723 F.2d at 418. Thus, Yan's bald reference in his brief to "conspiracy" cannot shield his Section 1983 claim from dismissal. His failure to allege any agreement between U.S. Bank and state actors to commit an illegal act, or a deprivation of any constitutional right, renders without effect his talk of "conspiracy" on appeal. *See Priester*, 354 F.3d at 420 (affirming dismissal of a Section 1983 claim under Rule 12(b)(6) where, as here, "the complaint does not allege an agreement between [a private actor] and [state actors] to commit an illegal act, nor does it allege specific facts to show an agreement"); *Thomas v. State*, 294 F. Supp. 3d 576, 611 (N.D. Tex. 2018) (dismissing a Section 1983 claim because the plaintiff failed to sufficiently allege that the defendants conspired with a state actor to commit an illegal act, and thus "failed to sufficiently allege that these defendants conspired with a state actor"), *report and recommendation adopted*, No. 17-CV-348, 2018 WL 1254926 (N.D. Tex. Mar. 12, 2018). The Court should affirm dismissal of Yan's Section 1983 claim.

## V. The District Court Correctly Ruled That Yan Failed To State A Claim For Fiduciary Breach Under ERISA.

### A. The Complaint Contains No Facts To Support Yan's Claim For Fiduciary Breach.

Yan alleges in the Complaint that U.S. Bank "breached its fiduciary duty under 29 U.S.C. § 1056(d)(3)(H)(i)." ROA.26-10286.1130 ¶ 406 (emphasis

omitted). That statute requires a plan administrator to "separately account" for funds "payable to the alternate payee" during review of a putative QDRO. *See* 29 U.S.C. § 1056(d)(3)(H)(i). The Complaint does not allege that U.S. Bank failed to "separately account for [segregated amounts]" or failed to conduct an accounting with respect to the Domestic Relations Order. Nor does Yan offer any factual or legal basis for contending that a violation of 29 U.S.C. § 1056(d)(3)(H)(i), even if adequately pleaded, amounts to a fiduciary breach under ERISA. Further, Yan is not identified as the alternate payee in the Domestic Relations Order and thus does not possess standing to allege a violation of 29 U.S.C. § 1056(d)(3)(H)(i). *See* ROA.26-10286.1905.

Accordingly, the District Court dismissed Yan's claim because he "never articulates any facts that would suggest U.S. Bank violated its fiduciary duty (under that statute [29 U.S.C. § 1056(d)(3)(H)(i)] or otherwise)." ROA.26-10286.2094.

On appeal, Yan argues that the District Court incorrectly accepted U.S. Bank's determination that the QDRO was qualified. Appellant's Brief at 94. The Complaint, however, does not allege that U.S. Bank failed to review the Domestic Relations Order before determining that it was a QDRO, or that U.S. Bank failed to comply with the Plan's procedures for making that determination. To the contrary, the allegations in the Complaint confirm that U.S. Bank adhered to the Plan's QDRO procedures in reviewing the Domestic Relations Order. *Supra* Statement of the

Case, § III. There is nothing improper about the District Court making determinations based on the allegations in the pleadings.

Yan also challenges U.S. Bank's reliance on *Kennedy v. Plan Administrator for DuPont Savings & Investment Plan*, 555 U.S. 285 (2009), claiming that "fiduciaries follow plan instruments only 'insofar as such documents and instruments are consistent with' ERISA" and that the District Court did not decide whether the Plan documents were compliant. Appellant's Br. at 94 (quoting 29 U.S.C. § 1104(a)(1)(D) & *Kennedy*, 555 U.S. at 300). Nowhere in the Complaint—or his appellate brief—does Plaintiff in any way allege, let alone show, that U.S. Bank's Plan documents are not compliant with ERISA (they are). Nor does *Kennedy* require courts to perform a threshold review of plan documents for ERISA compliance before applying the Plan Document rule.

The District Court held that the Complaint fails to "set forth any other facts that would suggest U.S. Bank violated a duty to Yan or otherwise failed to comply with applicable laws" and that "Yan's pleadings … never allege an independent fiduciary claim under [ERISA]." That is because the "Plan Document Rule," as set forth in *Kennedy*, squarely holds that fiduciaries cannot be held liable under ERISA for disbursing benefits "in conformity with the plan documents." *Kennedy*, 555 U.S. at 299-300. In *Kennedy*, the Supreme Court applied the Plan Document Rule to dismiss a fiduciary breach claim where the plan administrator adhered to the plan

documents in disbursing plan proceeds. *Id.* Such is the case here, where the allegations in the Complaint confirm that U.S. Bank followed the Plan's QDRO procedures. *Supra* Statement of the Case, § III.

The Plan Document Rule, therefore, eviscerates any attempt by Plaintiff to allege that U.S. Bank breached its fiduciary duties. The allegations pleaded in the Complaint, together with the documents incorporated in it, establish that U.S. Bank followed the Plan's QDRO provisions in reviewing the Domestic Relations Order, and thus Plaintiff's fiduciary breach claim—which is premised on those very allegations—fails as a matter of law.

## VI. Yan's Other Arguments Do Not Warrant Reversal On Appeal.

Yan asserts an array of additional contentions that are untethered to the law or the allegations in the Complaint. None save his appeal.

### A. Yan's "Premise Substitution" Theory Is Not A Legal Doctrine.

Yan repeatedly argues that the District Court "dismissed a substituted case" rather than the case he pleaded, and he refers to this purported error as "premise substitution." Appellant's Br. 43-68. "Premise substitution" is not a legal doctrine and provides no basis to order reversal.

At bottom, Yan argues that the District Court should have characterized this action as an ERISA case instead of a case challenging conduct arising out of his divorce proceedings. But the operative Complaint, not Yan's appellate brief, defines

the claims before the Court. The Complaint asserted approximately thirty causes of action against multiple defendants, including claims under RICO, the Sherman Act, 42 U.S.C. § 1983, and various criminal statutes. It did not plead an independent cause of action under ERISA against U.S. Bank or any Defendant. At most, the Complaint references ERISA as factual and legal background for other statutory claims. The District Court adjudicated those claims and correctly dismissed them. It rejected Yan's RICO claim because the Complaint fails to plead the essential elements of a civil RICO violation. It rejected his Section 1983 claim because the Complaint fails to allege state action or a plausible conspiracy. It rejected his fiduciary duty claim because the Complaint failed to plead facts establishing any breach of ERISA's fiduciary duties. That the District Court declined to accept Yan's characterization of those allegations—or his legal conclusions flowing from them—does not mean it substituted a different case for the one pleaded.

Ultimately, Yan's fictitious "premise substitution" theory asks this Court to disregard the operative Complaint. The law does not countenance such a result.

### B. The District Court Accepted Yan's Well-Pleaded Allegations As True And Properly Considered Documents Incorporated By Reference In The Complaint And Central To The Case.

Yan repeatedly argues that the District Court failed to accept the allegations of the Complaint as true and resolved disputed factual issues against him. Appellant's Br. 43-66. That argument misstates both the applicable Rule 12 standard

and what the District Court actually did.

To survive a motion to dismiss, a plaintiff must plead sufficient factual matter to state a plausible claim for relief. Although courts accept well-pleaded factual allegations as true at the Rule 12(b)(6) stage, they need not accept allegations that are conclusory or contradicted by documents properly before the Court. *See Iqbal*, 556 U.S. at 678. Yan nevertheless repeatedly characterizes the Domestic Relations Order as "false," "fabricated," or otherwise invalid and contends that the District Court was required to accept those characterizations as true. To the contrary, courts do not accept as true such "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze*, 971 F.3d at 479 (quoting *Great Lakes Dredge & Dock Co.*, 624 F.3d at 210).

Equally clear, in resolving U.S. Bank's Rule 12(b)(6) motion, the District Court properly considered documents incorporated by reference in the Complaint and documents central to Yan's claims. *See Wilson v. Kimberly-Clark Corp.*, 254 F. App'x 280, 284 (5th Cir. 2007). That included the governing Plan documents and the Domestic Relations Order on which Yan's claims against U.S. Bank necessarily depend. U.S. Bank attached those documents to its Motion to Dismiss because Yan failed to include them with the Complaint despite repeatedly relying upon them therein. The District Court was entitled to consider those documents without converting the motion into one for summary judgment.

The Domestic Relations Order was also properly before the District Court because it is referenced throughout the Complaint, and the District Court was entitled to review its contents in evaluating whether Yan plausibly stated claims against U.S. Bank. Indeed, the Complaint itself is predicated on U.S. Bank's receipt and review of that Domestic Relations Order under the Plan's QDRO procedures. Once the Order was properly before the Court, the District Court was not required to accept Yan's characterization of the document when the document itself spoke for its contents. *See Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true … especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint." (citation omitted)). Nor was the Court required to infer misconduct merely because Yan asserted that the Order should not have been treated as a QDRO. Whether Yan ultimately agreed with U.S. Bank's determination is not the relevant inquiry. The question under Rule 12(b)(6) is whether the Complaint plausibly alleges that U.S. Bank violated the law by following the Plan's procedures in reviewing the Order. It did not.

The same is true of the governing Plan documents. *Bailey v. CIGNA Ins. Co.*, 87 F. App'x 347, 348 (5th Cir. 2004) (district court properly considered ERISA plan documents not attached to the complaint when deciding a motion to dismiss where they were referred to in the complaint and central to the claims); *see also Bickley v.*

*Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006) (same). Yan's fiduciary duty claims depended upon the terms of the Plan governing U.S. Bank's review of domestic relations orders. Because those documents are central to the claims and their authenticity was not disputed, the District Court properly considered them in determining whether the Complaint plausibly alleged a breach of fiduciary duty. The Court did not resolve factual disputes; rather, it evaluated Yan's allegations against the documents on which those allegations necessarily relied.

Ultimately, Yan's argument reflects a misunderstanding of Rule 12(b)(6). The District Court accepted his factual allegations as true, but it was not required to accept his legal conclusions or his characterization of documents that were properly before the Court. Nor was it required to ignore the contents of the governing Plan documents and the Domestic Relations Order merely because Yan alleged that those documents should be interpreted differently. The District Court correctly applied the Rule 12 standard, and its Order of Dismissal should be affirmed.

### C. Younger Abstention Does Not Provide A Basis For Reversal Because It Was Neither Invoked By U.S. Bank Nor Relied Upon By The District Court In Ordering Dismissal Of The Complaint.

Yan argues that the District Court's Order should be reversed because the District Court made a single reference in a footnote to the abstention doctrine articulated in *Younger*, 401 U.S. at 43-44. That doctrine provides that federal courts must refrain from interfering in ongoing state criminal prosecutions or certain civil

or administrative proceedings. *Id*; *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). Yan's argument is misplaced because *Younger* abstention played no role in the District Court's dismissal of the claims asserted against U.S. Bank.

The District Court dismissed every claim asserted against U.S. Bank under Rule 12(b)(6) because the Complaint failed to state a plausible claim for relief. ROA.26-10286.2093-96. In doing so, the District Court separately analyzed Yan's claims under the criminal statutes, RICO, Section 1983, and ERISA fiduciary duty, concluding that each failed as a matter of law. ROA.26-10286.2093-96. None of those rulings relied upon *Younger* abstention.

Nevertheless, Yan cherry picks a footnote contained in the Order of Dismissal in which the District Court **observed in dicta** that abstention would be appropriate because "[t]he underlying dispute is still ongoing, the proceedings implicate Texas's strong family-law interests, and Yan has avenues to raise his challenges in Texas state court." ROA.26-10286.2085 n.3. That observation was not the basis for dismissing the claims against U.S. Bank and did not form any part of the District Court's analysis of or rationale for granting U.S. Bank's Rule 12(b)(6) motion. Indeed, U.S. Bank did not seek dismissal based on *Younger* abstention. U.S. Bank's motion to dismiss addressed only the legal sufficiency of the claims asserted against it absent any reference to *Younger* abstention, and the District Court granted that

motion solely because Yan failed to plead facts stating viable causes of action. ROA.26-10286.2093-96.

Yan's request that the Court order reversal because of a legal doctrine that neither U.S. Bank invoked nor the District Court relied upon fails.

### D. The District Court Properly Denied Yan Leave To File A Fourth Amended Complaint.

Finally, Yan argues that the District Court abused its discretion by denying him leave to file a proposed Fourth Amended Complaint following remand from his first appeal. Appellant's Br. 62-67, 85-92. That argument likewise provides no basis for reversing the Order of Dismissal with prejudice in favor of U.S. Bank.

Rule 15 does not require a district court to grant leave to amend where amendment would be futile. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004). "An amendment is futile if it would not survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Terra Nova Scis., LLC v. JOA Oil & Gas Hous., LLC*, 738 F. Supp. 2d 689, 701 (S.D. Tex. 2010) (citing *Landavazo v. Toro Co*., 301 F. App'x 333, 337 (5th Cir. 2008)). Here, that is precisely the conclusion reached by the District Court.

Yan asserts that his proposed Fourth Amended Complaint clarified or expanded allegations concerning U.S. Bank's review of the Domestic Relations Order. But that proposed pleading does not assert any new causes of action against U.S. Bank, each of which fails as a matter of law for the reasons stated above.

ROA.26-10286.2697. Nor did the proposed amendment remedy the fundamental defects previously correctly identified by the District Court. Most importantly, the proposed amendment did not plausibly allege that U.S. Bank committed any predicate racketeering acts, knowingly participated in a RICO enterprise, entered into an agreement with any state actor to violate Yan's constitutional rights, or breached any fiduciary duty imposed by ERISA. ROA.26-10286.2697. Instead, the proposed pleading continued to rely upon the same underlying premise advanced throughout this litigation. In fact, some of the "evidence" and arguments that animated Yan's motion for leave to file a fourth amended complaint were previously raised by Yan and correctly dismissed by the District Court in his Motion to Reconsider Interlocutory Orders. ROA.26-10286.2372-97. The District Court correctly denied Yan leave to repackage the same claims that had already been found legally deficient after multiple amendments. *See United States ex rel. Gentry v. Encompass Health Rehab. Hosp. of Pearland, LLC*, 157 F.4th 758, 765-66 (5th Cir. 2025) (affirming denial of leave to amend because the district court did not abuse its discretion in finding the proposed amendment was futile); *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (affirming denial of leave to amend because the district court did not abuse its discretion in finding substantial prejudice to the defendants if amendment were allowed).

Indeed, upon granting leave for Yan to file his Third Amended Complaint in September 2023, the District Court ordered: "Because the Court has granted Plaintiff multiple opportunities to file an amended complaint, **the Court will not grant additional motions for leave to file an amended complaint absent extraordinary circumstances**." ROA.26-10286.10-11 (emphasis added). Yan's proposed Fourth Amended Complaint offered no new factual allegations constituting "extraordinary circumstances." The District Court correctly denied further leave to amend and its Order dismissing U.S. Bank with prejudice should be affirmed.

## CONCLUSION

For these reasons, U.S. Bank respectfully asks the Court to affirm the rulings of the District Court dismissing with prejudice all claims asserted against U.S. Bank.

****

Dated: August 5, 2026

Respectfully submitted,
s/ Melissa D. Hill

TYLER J. HILL
MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, TX 75201
(214) 466-4160

MELISSA D. HILL
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6318

*Counsel for Defendant/Appellee*
U.S. BANK

## CERTIFICATE OF SERVICE

I certify that, on the date indicated herein, a true and correct copy of the foregoing was filed electronically and served on Pro Se Plaintiff Conghua Yan and counsel of record for all other parties through this Court's CM/ECF system.

Dated: August 5, 2026

s/ Melissa D. Hill
MELISSA D. HILL

*Counsel for U.S. Bank*

## **CERTIFICATE OF COMPLIANCE**

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 5th Cir. R. 32.1, this document contains 9,103 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and 5th Cir. R. 32.1 and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 MSO in Times New Roman size 14-point font.

Dated: August 5, 2026

s/ Melissa D. Hill
MELISSA D. HILL

*Counsel for U.S. Bank*