U.S. COURT OF APPEALS
RECEIVED
Aug 06, 2026
FIFTH CIRCUIT

**No. 25-11370**
**In the United States Court of Appeals**
**FOR THE FIFTH CIRCUIT**

Conghua Yan,
*Plaintiff - Appellant*
v.
William A. Pigg, in Individual Capacity, as Member of the State of Texas,
*Defendant - Appellee*
consolidated with
**No. 26-10286**
Conghua Yan,
Plaintiff-Appellant
v.
The State Bar of Texas, a private company; The Barrows Firm, a private company; Leslie Starr Barrows, in Individual Capacity, as Member of the State Bar of Texas; William Albert Pigg, in Individual Capacity, as Member of the State Bar of Texas; Samantha Ybarra, in Individual Capacity, as Member of the State Bar of Texas; Luis Jesus Marin, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Daniel Eulalio Martinez, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Rachel Ann Craig, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Lori L. DeAngelis, in Individual Capacity, as Member of the State Bar of Texas and Official Capacity as Associate Judge; Tarrant County; U.S. Bank,
Defendants-Appellees

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
4:23-CV-00758, Senior Judge Terry R. Means

# APPELLANT'S OPPOSED MOTION FOR LEAVE TO FILE AN ENLARGED CONSOLIDATED REPLY BRIEF OF UP TO 34,439 WORDS OR, ALTERNATIVELY, FIVE APPELLEE-SPECIFIC REPLY BRIEFS, AND TO RESET THE REPLY DEADLINE

Appellant Conghua Yan moves under Federal Rules of Appellate Procedure 26(b), 27, and 32(e), and Fifth Circuit Rules 27.1.13, 27.1.16, 31.4, and 32.4, for

an order: (1) permitting **one consolidated reply** brief containing **no more than 34,439** words, exclusive of Rule 32(f) material, or alternatively **five** appellee-specific reply briefs totaling no more than 32,500 words; (2) **suspending** the current August 26, 2026 reply deadline pending disposition of this motion; and (3) **resetting** the reply deadline to 21 days **after** entry of the order disposing of this motion.

U.S. Bank filed and served the last appellee brief on August 5, 2026. The consolidated reply is therefore presently due August 26, 2026. Yan files this motion 20 days before that deadline and more than the 10 days required by Fifth Circuit Rule 32.4.

**Rules 27 and 32 authorize enough space for one consolidated reply to answer the briefing the Court permitted.**

Rule 32(e) permits this Court, by order in a particular case, to accept a brief exceeding the ordinary length limit. Fifth Circuit Rule 27.1.16 authorizes action on motions to extend brief-length limits, and Rule 32.4 governs the timing of such motions. Those rules permit a case-specific ceiling that fits the actual briefing structure of this consolidated appeal.

The ordinary structure supplies a neutral benchmark. Rule 32 ordinarily allows **13,000** words for an appellant's principal brief and **6,500** words for a reply, for **19,500** total appellant words, while an appellee receives **13,000** words. The

appellant therefore receives total space equal to **1.5 times** one ordinary appellee brief because the appellant **must** both present the appeal and answer the response. A single 6,500-word reply **does not fit five** separately filed appellee briefs.

Rule 28(i) permits multiple appellees to join in one brief. The separately represented appellees instead filed **five** briefs. Consolidation requires Yan to answer those briefs in **one** reply, but it does not merge their party-specific, claim-specific, pleading-specific, and disposition-specific grounds into the burden created by one ordinary response.

**The Court has already enlarged briefing in this litigation when multiple parties and rulings made the ordinary limits inadequate.**

In the earlier appeal from this action, No. 24-10543, Yan requested one reply brief not exceeding 19,000 words because multiple appellees responded separately to several dismissal rulings. The Court granted the requested ceiling in full on November 22, 2024. After the present appeals were consolidated, Yan requested a 22,000-word opening ceiling. The Court set a 17,500-word ceiling on June 5, 2026, and Yan complied by filing a 17,485-word opening brief.

**The Court has also approved substantially enlarged limits in another multi-party appeal.**

| **Fifth Circuit matter** | **Enlargement granted** | **Relevance** |
|---|---|---|
| *Moore v. LaSalle Management*, No. 20-30739 | 30,000-word appellant ceiling granted March 26, 2021; increased to 35,000 words on April 12, 2021. (Dkts. 37, 40.) | The Court adjusted the principal-brief limit to the actual multi-party burden. |
| *Moore v. LaSalle Management*, No. 20-30739 | 35,000-word appellee ceiling granted August 5, 2021, and 15,000-word reply ceiling granted September 9, 2021. (Dkts. 106, 135.) | The Court adjusted both response and reply limits within the same appeal. |
| *Yan v. State Bar of Texas*, No. 24-10543 | 19,000-word reply ceiling granted November 22, 2024. | The Court granted nearly triple the ordinary reply limit in this same litigation. |

These docket orders are not offered as precedential holdings. They show that the Court has exercised Rule 32(e) discretion to fit principal, response, and reply limits to the actual briefing structure.

The present burden arose afterward. The appellees filed five separate briefs and developed alternative grounds and response-created issues that the opening brief could not answer before those positions existed. Appendix A identifies 54 such grounds or issues by appellee and brief page. Yan's opening brief cited 88 cases. Appendix B identifies 163 different cases cited by at least one appellee but not cited in the opening brief, nearly twice the opening brief's entire case count. The appendices do not concede that any ground is preserved, controlling,

complete, or sufficient to sustain any part of the judgment. They document the reply work created by the appellee briefing.

**The final aggregate response supports a 34,439-word reply ceiling.**

The State Bar appellees filed 5,698 words; Pigg filed 3,735 words; DeAngelis filed 3,592 words; the Barrows appellees filed 12,488 words; and U.S. Bank filed 9,103 words. **The aggregate response** is **34,616** words. Applying the ordinary **1.5-to-1** total-briefing benchmark yields **51,924** total appellant words. **Subtracting** Yan's **17,485**-word opening brief produces a **34,439**-word reply ceiling.

**The ordinary structure and this appeal differ in every material measure.**

| Measure | Ordinary Rule 32 structure | This consolidated appeal |
|---|---|---|
| **Principal briefing** | 13,000-word appellant brief and 13,000-word appellee brief. | Yan filed 17,485 words. Five appellee briefs total 34,616 words, 2.66 times the ordinary appellee ceiling. |
| **Case authorities** | Yan's opening brief cited 88 cases. | Appellees cited 163 different cases absent from the opening brief, 1.85 times the opening brief's entire case count. |
| **Reply** | Ordinary reply ceiling: 6,500 words. | Requested ceiling: 34,439 words. That equals the 51,924-word proportional total benchmark minus Yan's 17,485-word opening brief. |

The requested ceiling **does not exceed** that benchmark. It also does not convert aggregate words into an entitlement. It supplies **a neutral measure** for the Court's Rule 32(e) discretion in a case where **one** appellant **must** answer **five**

briefs. Each asserted ground **must** be tested against the claim, defendant, capacity, operative pleading, proposed pleading, remedy, dismissal type, and requested disposition it could actually reach. The Third Amended Complaint governs merits review. The materially different proposed Fourth Amended Complaint governs Rule 15 futility. Combining those lanes would shorten the brief only by making it inaccurate.

The ordinary 6,500-word ceiling would provide approximately 120 words for each of the 54 listed grounds or issues before any common standard of review, record explanation, authority analysis, or requested disposition. It would also leave the appellant with less than **one-fifth** of the aggregate response space. That compression would **force omission**, not disciplined editing.

**Meaningful briefing requires a practical opportunity to answer the material grounds.**

The Fifth Circuit recently held that claims an appellant had "not meaningfully briefed" were forfeited. *Thompson v. McGehee*, No. 25-10196, slip op. at 29 (5th Cir. July 17, 2026). Yan **must** therefore answer the appellees' material grounds with enough precision to preserve review. The Court **should not require** meaningful briefing **while limiting** the only ordinary reply to a fraction of the space used to present the grounds that require answers.

The requested space will not repeat the opening brief. The reply will state the common Rule 12 framework once, keep TAC merits separate from PFAC futility, attribute each ground to the appellee who actually raised it, identify the actor and claim affected, and confine each asserted defense to the disposition it could support. The additional words perform that claim-specific work.

**The reply should be due 21 days after the Court resolves this motion.**

The Court's order will determine the permitted ceiling and therefore the extent of the final conforming revision. After entry of the order, Yan must conform the reply to the authorized length; complete the response to U.S. Bank's August 5 brief; update and verify the table of contents and table of authorities; check record and case citations, pagination, cross-references, and requested dispositions; and certify compliance with the Court's order. A fixed 21-day period after entry of the order is definite, limited, and tied directly to the work the ruling will require.

Requiring filing before the motion is resolved would force Yan either to exceed the presently authorized 6,500-word limit or to remove material responses before learning what ceiling the Court will permit. Suspending the August 26 deadline and resetting it to 21 days after the order avoids that conflict without open-ended delay.

Fifth Circuit Rule 27.1.13 expressly authorizes motions to file reply or supplemental briefs "in addition to the single reply brief permitted by Fed. R. App.

P. 28(c).” If the Court declines one 34,439-word consolidated reply, Yan alternatively requests five appellee-specific replies, each capped at 6,500 words and limited to the corresponding appellee brief, for no more than 32,500 words aggregate.

A consolidated reply remains more efficient because common standards, authorities, and record background can be stated once rather than repeated across five briefs. The 32,500-word alternative also requests 1,939 fewer words than the principal request.

**Requested relief**

Yan respectfully requests leave to file one consolidated reply brief of no more than 34,439 words, exclusive of Rule 32(f) material. Alternatively, under Fifth Circuit Rule 27.1.13, Yan requests leave to file five appellee-specific reply briefs, each limited to the corresponding appellee brief and capped at 6,500 words, for no more than 32,500 words aggregate. Under either form, Yan requests suspension of the August 26, 2026 deadline and a new deadline 21 days after disposition of this motion.

Assuming arguendo, without conceding, that the Court sets a lower aggregate ceiling, Yan requests the same 21-day period to conform the reply or replies while preserving the separate issues, parties, pleading lanes, and requested dispositions.

Respectfully submitted,


*/s/ Conghua Yan*
Conghua Yan
2140 E. Southlake Boulevard, Suite L-439
Southlake, Texas 76092
Telephone: 214-228-1886
arnold200@gmail.com
Plaintiff-Appellant, Pro Se


## CERTIFICATE OF CONFERENCE

Yan contacted counsel for every appellee regarding enlargement and deadline relief. The State Bar Appellees previously expressly authorized Yan to represent them as **unopposed** to an enlarged joint reply brief and did not change that position after Yan's August 5, 2026 notice. DeAngelis is expressly **unopposed**. Pigg and the Barrows Appellees oppose. U.S. Bank does not oppose resetting the reply deadline but opposes the requested enlargement and other relief. Tarrant County did not separately object within the stated 24-hour period. The alternative Rule 27.1.13 request seeks no more aggregate words than the enlargement presented to counsel; no appellee separately stated a position on that alternative filing format.

## CERTIFICATE OF SERVICE

I certify that on August 6, 2026, I served this motion on all counsel of record through the Court's CM/ECF system.

## CERTIFICATE OF COMPLIANCE

This motion and its appendices contain 5,187 words, excluding Rule 32(f) material, as counted by the word-processing software used to prepare them. It was prepared in 14-point Times New Roman and complies with Federal Rule of Appellate Procedure 32(a)(5), (6), and (f).

*/s/ Conghua Yan*

## APPENDIX A
## ALTERNATIVE GROUNDS AND RESPONSE-CREATED ISSUES

This appendix identifies appellee-selected alternative grounds and response-created issues that the opening brief could not answer before appellees presented them. Listing a ground does not concede preservation, correctness, completeness, applicability, or sufficiency to sustain any claim, party, capacity, remedy, dismissal type, or disposition.

| No. | Appellee | Alternative ground or response-created issue | Brief page(s) |
|---|---|---|---|
| 1 | State Bar Appellees | Eleventh Amendment sovereign immunity bars the entity claims. | 21–27 |
| 2 | State Bar Appellees | Official immunity bars the claims against Marin, Martinez, and Craig. | 21–27 |
| 3 | State Bar Appellees | Texas Rule of Disciplinary Procedure 17.09 supplies unqualified immunity. | 27–28 |
| 4 | State Bar Appellees | The attached grievance records negate attribution of the dismissal decisions to the named State Bar actors. | 28–30 |
| 5 | State Bar Appellees | A grievance complainant has no cognizable interest in the prosecution or nonprosecution of another attorney. | 28–30 |
| 6 | State Bar Appellees | The complaint states no plausible RICO, antitrust, or Section 1983 claim against the State Bar actors. | 28–30 |
| 7 | State Bar Appellees | The appeal warrants damages under Federal Rule of Appellate Procedure 38. | 30–35 |
| 8 | Pigg | Closed pleadings and Rule 12(c) authorized judgment with prejudice. | 9–11 |
| 9 | Pigg | The RICO claim fails because Yan did not plead two predicate acts attributable to Pigg. | 11–13 |
| 10 | Pigg | The complaint pleads no facts supporting an antitrust claim against Pigg. | 13–14 |

| No. | Appellee | Alternative ground or response-created issue | Brief page(s) |
|---|---|---|---|
| 11 | Pigg | A private actor cannot be liable on a direct Fourteenth Amendment claim. | 14–15 |
| 12 | Pigg | Pigg was not a state actor and therefore cannot be liable under Section 1983. | 15–16 |
| 13 | DeAngelis | Yan abandoned Article III standing by failing to brief it adequately. | 9–10, 19 |
| 14 | DeAngelis | No adverse legal interests or case or controversy exists between a litigant and an adjudicative judge. | 10–12 |
| 15 | DeAngelis | An associate judge has the same judicial immunity as a district judge. | 12–17 |
| 16 | DeAngelis | The complaint does not plead a nonjudicial act or a clear absence of all jurisdiction. | 14–17 |
| 17 | DeAngelis | Younger abstention independently supports dismissal of claims affecting the divorce proceedings. | 17–19 |
| 18 | DeAngelis | Eleventh Amendment immunity bars official-capacity claims. | 17–19 |
| 19 | DeAngelis | The complaint fails to state a RICO claim against DeAngelis. | 17–19 |
| 20 | DeAngelis | The complaint fails to state a Section 1983 or other federal claim against DeAngelis. | 17–19 |
| 21 | DeAngelis | Qualified immunity bars the individual-capacity claims. | 17–19 |
| 22 | DeAngelis | Failure to answer every alternative ground in the opening brief waives opposition to those grounds. | 17–19 |
| 23 | Barrows Appellees | The Court may affirm on any record-supported ground, and the opening brief's reframing objection does not limit review. | 14–16 |

| No. | Appellee | Alternative ground or response-created issue | Brief page(s) |
|---|---|---|---|
| 24 | Barrows Appellees | The district court properly resolved jurisdictional grounds before Rule 12 merits grounds. | 16–17 |
| 25 | Barrows Appellees | Texas attorney immunity bars the claims based on litigation conduct. | 17–20 |
| 26 | Barrows Appellees | The complaint does not plead closed-ended RICO continuity. | 21–23 |
| 27 | Barrows Appellees | The complaint does not plead open-ended RICO continuity. | 23–26 |
| 28 | Barrows Appellees | Adversarial litigation conduct does not constitute a RICO predicate. | 27–28 |
| 29 | Barrows Appellees | Mail-fraud predicates are not pleaded with Rule 9(b) particularity. | 28–30 |
| 30 | Barrows Appellees | Wire-fraud predicates are not pleaded with Rule 9(b) particularity. | 28–30 |
| 31 | Barrows Appellees | The Section 664 theory improperly treats lawful QDRO conduct as theft, embezzlement, or conversion. | 30–32 |
| 32 | Barrows Appellees | No direct constitutional claim lies against a private attorney. | 32–33 |
| 33 | Barrows Appellees | The allegations do not establish joint action or action under color of state law. | 33–35 |
| 34 | Barrows Appellees | The complaint pleads no underlying constitutional deprivation. | 35–38 |
| 35 | Barrows Appellees | The intended Sherman Act claim fails for lack of the required Section 2 elements. | 38–41 |
| 36 | Barrows Appellees | Younger abstention applies under Sprint's third category. | 41–45 |
| 37 | Barrows Appellees | Yan already pleaded his best case. | 46–47 |
| 38 | Barrows Appellees | There is no entitlement to serial amendment. | 48–49 |

| No. | Appellee | Alternative ground or response-created issue | Brief page(s) |
|---|---|---|---|
| 39 | Barrows Appellees | Yan strategically delayed seeking amendment. | 49–50 |
| 40 | Barrows Appellees | The proposed amended complaint, including its ERISA theory, is futile. | 50–52 |
| 41 | Barrows Appellees | Reassignment is unavailable on any remand. | 52 |
| 42 | U.S. Bank | The criminal statutes identified in the complaint create no private civil cause of action. | 17–19 |
| 43 | U.S. Bank | The RICO claim fails for lack of a pattern of racketeering activity. | 19–22 |
| 44 | U.S. Bank | The alleged acts are not connected to acquisition, establishment, conduct, or control of an enterprise. | 22–23 |
| 45 | U.S. Bank | The complaint contains no pleaded Section 1983 conspiracy involving U.S. Bank. | 23–28 |
| 46 | U.S. Bank | Private plan administration is not state action. | 23–28 |
| 47 | U.S. Bank | The complaint pleads no facts establishing a fiduciary breach under ERISA. | 28–31 |
| 48 | U.S. Bank | The plan and QDRO documents incorporated into the complaint defeat the pleaded characterization. | 28–34 |
| 49 | U.S. Bank | The "premise substitution" objection is not a recognized legal doctrine. | 31–32 |
| 50 | U.S. Bank | The district court properly relied on incorporated documents central to the claims. | 32–35 |
| 51 | U.S. Bank | Younger cannot support reversal because U.S. Bank did not invoke it and the district court did not rely on it for U.S. Bank. | 35–37 |

| No. | Appellee | Alternative ground or response-created issue | Brief page(s) |
|---|---|---|---|
| 52 | U.S. Bank | The district court properly denied leave to file the proposed Fourth Amended Complaint. | 37–39 |
| 53 | U.S. Bank | The proposed amendment is futile as to U.S. Bank. | 37–39 |
| 54 | U.S. Bank | Plan documents and Kennedy require administration according to the written QDRO and plan terms. | 28–31 |

## APPENDIX B

## UNIQUE CASE AUTHORITIES CITED BY APPELLEES BUT NOT BY THE OPENING BRIEF

The comparison normalized duplicate citations to the same decision and lists each case once. The "Citing appellee(s)" column identifies the appellee briefs in which the case appears. The list does not concede that any case is controlling, correctly cited, applicable, preserved, or sufficient to support affirmance.

| No. | Case authority | Citing appellee(s) |
|---|---|---|
| 1 | *Abraham v. Singh*, 480 F.3d 351 (5th Cir. 2007) | Barrows, U.S. Bank |
| 2 | *Academy of Allergy & Asthma in Primary Care v. Quest Diagnostics, Inc.*, 998 F.3d 190 (5th Cir. 2021) | Barrows |
| 3 | *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) | U.S. Bank |
| 4 | *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170 (5th Cir. 2018) | Barrows |
| 5 | *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) | Barrows |
| 6 | *American Manufacturers Mutual Insurance Co. v. Sullivan*, 526 U.S. 40 (1999) | Barrows |
| 7 | *Armbrister v. McFarland*, No. 18-CV-1211, 2018 WL 6004310 (N.D. Tex. Oct. 30, 2018) | U.S. Bank |
| 8 | *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620 (5th Cir. 2013) | Barrows |

| No. | Case authority | Citing appellee(s) |
|---|---|---|
| 9 | *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) | Pigg, State Bar, DeAngelis, Barrows, U.S. Bank |
| 10 | *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97 (5th Cir. 1974) | U.S. Bank |
| 11 | *Austin Municipal Securities, Inc. v. National Ass'n of Securities Dealers, Inc.*, 757 F.2d 676 (5th Cir. 1985) | State Bar |
| 12 | *Bailey v. CIGNA Insurance Co.*, 87 F. App'x 347 (5th Cir. 2004) | U.S. Bank |
| 13 | *Bailey v. Willis*, No. 4:17-CV-276, 2018 WL 3321461 (E.D. Tex. Jan. 11, 2018), report and recommendation adopted, 2018 WL 2126476 (E.D. Tex. May 8, 2018) | DeAngelis |
| 14 | *Ballew v. Continental Airlines, Inc.*, 668 F.3d 777 (5th Cir. 2012) | Barrows |
| 15 | *Barrera-Montenegro v. United States*, 74 F.3d 657 (5th Cir. 1996) | State Bar |
| 16 | *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) | Pigg, State Bar, DeAngelis, Barrows, U.S. Bank |
| 17 | *Bell v. Health-Mor, Inc.*, 549 F.2d 342 (5th Cir. 1977) | U.S. Bank |
| 18 | *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325 (11th Cir. 2006) | U.S. Bank |
| 19 | *Blue v. UAL Corp.*, 160 F.3d 383 (7th Cir. 1998) | Barrows |
| 20 | *Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough*, 354 F.3d 348 (5th Cir. 2003) | State Bar |
| 21 | *Boyle v. United States*, 556 U.S. 938 (2009) | State Bar |
| 22 | *Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.*, 748 F.3d 631 (5th Cir. 2014) | Barrows |
| 23 | *Brinkmann v. Johnston*, 793 F.2d 111 (5th Cir. 1986) | Barrows |
| 24 | *In re Burzynski*, 989 F.2d 733 (5th Cir. 1993) | Barrows, U.S. Bank |

| No. | Case authority | Citing appellee(s) |
|---|---|---|
| 25 | *Bye v. MGM Resorts International, Inc.*, 49 F.4th 918 (5th Cir. 2022) | Barrows |
| 26 | *Calhoun v. Attorney General of Texas*, No. 20-CV-16, 2020 WL 6120475 (N.D. Tex. Sept. 30, 2020) | U.S. Bank |
| 27 | *Campos v. South Texas Beverage Co.*, 679 S.W.2d 739 (Tex. App.—El Paso 1984, no writ) | Barrows |
| 28 | *Celotex Corp. v. Tate*, 797 S.W.2d 197 (Tex. App.—Corpus Christi–Edinburg 1990, writ dism'd by agr.) | Barrows |
| 29 | *Cinel v. Connick*, 15 F.3d 1338 (5th Cir. 1994) | Barrows, U.S. Bank |
| 30 | *Coghlan v. Starkey*, 852 F.2d 806 (5th Cir. 1988) | State Bar |
| 31 | *Collins v. Garcia*, No. 3:18-CV-3299-N-BH, 2020 WL 4296376 (N.D. Tex. May 12, 2020) | DeAngelis |
| 32 | *In re Comshare, Inc. Securities Litigation*, 183 F.3d 542 (6th Cir. 1999) | Barrows |
| 33 | *D&T Partners, L.L.C. v. Baymark Partners Management, L.L.C.*, 98 F.4th 198 (5th Cir. 2024) | Barrows |
| 34 | *Dancy v. Daggett*, 815 S.W.2d 548 (Tex. 1991) | Barrows |
| 35 | *Davis v. City of Alvarado*, 835 F. App'x 714 (5th Cir. 2020) | U.S. Bank |
| 36 | *Davis v. Tarrant County*, 565 F.3d 214 (5th Cir. 2009) | DeAngelis |
| 37 | *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241 (5th Cir. 1988) | U.S. Bank |
| 38 | *Diddel v. Davis*, No. H-04-4811, 2006 WL 8444647 (S.D. Tex. Jan. 30, 2006) | State Bar |
| 39 | *Doe ex rel. Magee v. Covington County School District ex rel. Keys*, 675 F.3d 849 (5th Cir. 2012) | DeAngelis |
| 40 | *Efron v. Embassy Suites, Inc.*, 223 F.3d 12 (1st Cir. 2000) | Barrows |
| 41 | *Escalante v. Lidge*, 34 F.4th 486 (5th Cir. 2022) | Barrows |
| 42 | *Estate of Merkel v. Pollard*, 354 F. App'x 88 (5th Cir. 2009) | Barrows |
| 43 | *Fairley v. PM Management—San Antonio AL, L.L.C.*, 724 F. App'x 343 (5th Cir. 2018) | U.S. Bank |

| No. | Case authority | Citing appellee(s) |
|---|---|---|
| 44 | *Farmers Texas County Mutual Insurance Co. v. 1st Choice Accident and Injury, L.L.C.*, 168 F.4th 271 (5th Cir. 2026) | Barrows |
| 45 | *Feld Entertainment Inc. v. American Society for the Prevention of Cruelty to Animals*, 873 F. Supp. 2d 288 (D.D.C. 2012) | Barrows |
| 46 | *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1993) | State Bar |
| 47 | *Ferrer v. Chevron Corp.*, 484 F.3d 776 (5th Cir. 2007) | Barrows |
| 48 | *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149 (1978) | U.S. Bank |
| 49 | *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200 (5th Cir. 2009) | Barrows |
| 50 | *Freeman v. Continental Gin Co.*, 381 F.2d 459 (5th Cir. 1967) | Barrows |
| 51 | *Morales-Garza v. Lorenzo-Giguere*, 277 F. App'x 444 (5th Cir. 2008) | Barrows |
| 52 | *Gibson v. Berryhill*, 411 U.S. 564 (1973) | Barrows |
| 53 | *Gilbert v. Donahoe*, 751 F.3d 303 (5th Cir. 2014) | Barrows |
| 54 | *Grant v. Cuellar*, 59 F.3d 523 (5th Cir. 1995) | Barrows |
| 55 | *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201 (5th Cir. 2010) | Barrows, U.S. Bank |
| 56 | *Green v. State Bar of Texas*, 27 F.3d 1083 (5th Cir. 1994) | State Bar |
| 57 | *Guardino v. Hart*, No. 22-20278, 2023 WL 3818378 (5th Cir. June 5, 2023) | Barrows |
| 58 | *Gulf Guaranty Life Insurance Co. v. Connecticut General Life Insurance Co.*, 304 F.3d 476 (5th Cir. 2002) | Barrows |
| 59 | *Harris v. Hubbert*, 588 F.2d 167 (5th Cir. 1979) | U.S. Bank |
| 60 | *Harry v. Lauderdale County*, 212 F. App'x 344 (5th Cir. 2007) | DeAngelis |
| 61 | *Heinze v. Tesco Corp.*, 971 F.3d 475 (5th Cir. 2020) | Barrows, U.S. Bank |
| 62 | *Herrmann Holdings Ltd. v. Lucent Technologies Inc.*, 302 F.3d 552 (5th Cir. 2002) | Barrows |
| 63 | *Herschberg v. Herschberg*, 994 S.W.2d 273 (Tex. App.—Corpus Christi–Edinburg 1999, no pet.) | Barrows |

| No. | Case authority | Citing appellee(s) |
|---|---|---|
| 64 | *Hill v. McClellan*, 490 F.2d 859 (5th Cir. 1974) | Barrows |
| 65 | *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719 (5th Cir. 2018) | DeAngelis |
| 66 | *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345 (1974) | Barrows |
| 67 | *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986) | Barrows |
| 68 | *Jennings v. Auto Meter Products, Inc.*, 495 F.3d 466 (7th Cir. 2007) | Barrows |
| 69 | *Jewell v. City of Covington, Georgia*, 425 F.2d 459 (5th Cir. 1970) | Barrows |
| 70 | *Johnson v. Sawyer*, 120 F.3d 1307 (5th Cir. 1997) | Barrows |
| 71 | *Johnson v. State Farm Mut. Ins. Co.*, 520 S.W.3d 92 (Tex. App.—Austin 2017, pet. denied) | Pigg, Barrows |
| 72 | *Jones v. Chevron Phillips Chemical Co. LP Health & Welfare Trust*, No. 14-CV-761, 2014 WL 7236398 (W.D. Tex. Dec. 17, 2014) | U.S. Bank |
| 73 | *Juidice v. Vail*, 430 U.S. 327 (1977) | Barrows |
| 74 | *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994) | DeAngelis, Barrows |
| 75 | *Kruebbe v. Beevers*, 692 F. App'x 173 (5th Cir. 2017) | Barrows |
| 76 | *Landavazo v. Toro Co.*, 301 F. App'x 333 (5th Cir. 2008) | U.S. Bank |
| 77 | *Lane v. Halliburton*, 529 F.3d 548 (5th Cir. 2008) | State Bar |
| 78 | *Lauren C. ex rel. Tracey K. v. Lewisville Independent School District*, 904 F.3d 363 (5th Cir. 2018) | DeAngelis |
| 79 | *Lee v. Butts*, No. 11-CIV-2358, 2012 WL 3115006 (S.D.N.Y. Aug. 1, 2012) | U.S. Bank |
| 80 | *Linda R.S. v. Richard D.*, 410 U.S. 614 (1973) | State Bar |
| 81 | *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962) | Barrows |
| 82 | *Livadas v. Bradshaw*, 512 U.S. 107 (1994) | U.S. Bank |
| 83 | *Louisiana Debating & Literary Association v. City of New Orleans*, 42 F.3d 1483 (5th Cir. 1995) | Barrows |
| 84 | *Lozano v. Ocwen Federal Bank, FSB*, 489 F.3d 636 (5th Cir. 2007) | Barrows |
| 85 | *Lynch v. Cannatella*, 810 F.2d 1363 (5th Cir. 1987) | Barrows |

| No. | Case authority | Citing appellee(s) |
|---|---|---|
| 86 | *Machetta v. Moren*, 726 F. App'x 219 (5th Cir. 2018) | DeAngelis |
| 87 | *Malvino v. Delluniversita*, 840 F.3d 223 (5th Cir. 2016) | Barrows |
| 88 | *Mark v. Spears*, 722 F. App'x 362 (5th Cir. 2018) | DeAngelis |
| 89 | *Martinez v. State Bar of Texas*, 797 F. App'x 167 (5th Cir. 2020) | State Bar |
| 90 | *Matassarin v. Lynch*, 174 F.3d 549 (5th Cir. 1999) | Barrows |
| 91 | *Matzen v. McLane*, 764 F. App'x 402 (5th Cir. 2019) | Barrows |
| 92 | *Mayeaux v. Louisiana Health Service & Indemnity Co.*, 376 F.3d 420 (5th Cir. 2004) | Barrows, U.S. Bank |
| 93 | *McAfee v. Fifth Circuit Judges*, 884 F.2d 221 (5th Cir. 1989) | Barrows |
| 94 | *McLin v. Twenty-First Judicial District*, 79 F.4th 411 (5th Cir. 2023) | Barrows |
| 95 | *Medlin v. State Bar of Texas*, 579 F. Supp. 3d 957 (S.D. Tex. 2022) | State Bar |
| 96 | *Metropolitan Life Insurance Co. v. Wheaton*, 42 F.3d 1080 (7th Cir. 1994) | Barrows |
| 97 | *Meyers v. Texas Health Resources*, No. 09-CV-1402, 2009 WL 3756323 (N.D. Tex. Nov. 9, 2009) | U.S. Bank |
| 98 | *Miletello v. R M R Mechanical, Inc.*, 921 F.3d 493 (5th Cir. 2019) | U.S. Bank |
| 99 | *Miller v. Sam Houston State University*, 986 F.3d 880 (5th Cir. 2021) | Barrows |
| 100 | *Mills v. Criminal District Court No. 3*, 837 F.2d 677 (5th Cir. 1988) | Barrows |
| 101 | *Mireles v. Waco*, 502 U.S. 9 (1991) | DeAngelis |
| 102 | *Mitchell v. Chapman*, 10 S.W.3d 810 (Tex. App.—Dallas 2000, pet. denied) | Barrows |
| 103 | *Moore v. Sims*, 442 U.S. 415 (1979) | Barrows |
| 104 | *New York Life Insurance Co. v. Brown*, 84 F.3d 137 (5th Cir. 1996) | Barrows |
| 105 | *North Mississippi Communications Inc. v. Jones*, 792 F.2d 1330 (5th Cir. 1986) | Barrows |
| 106 | *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595 (5th Cir. 2021) | Barrows |
| 107 | *Ortiz v. American Airlines, Inc.*, 5 F.4th 622 (5th Cir. 2021) | Barrows |
| 108 | *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) | State Bar, DeAngelis |

| No. | Case authority | Citing appellee(s) |
|---|---|---|
| 109 | *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987) | Barrows |
| 110 | *Plotkin v. IP Axess Inc.*, 407 F.3d 690 (5th Cir. 2005) | Barrows |
| 111 | *Price v. Pinnacle Brands Inc.*, 138 F.3d 602 (5th Cir. 1998) | Barrows |
| 112 | *Priester v. Lowndes County*, 354 F.3d 414 (5th Cir. 2004) | Barrows, U.S. Bank |
| 113 | *R2 Investments LDC v. Phillips*, 401 F.3d 638 (5th Cir. 2005) | DeAngelis |
| 114 | *Ramey v. Davis*, 942 F.3d 241 (5th Cir. 2019) | U.S. Bank |
| 115 | *Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001) | DeAngelis |
| 116 | *Republican Party of Texas v. Dietz*, 940 S.W.2d 86 (Tex. 1997) | Pigg, Barrows |
| 117 | *Richard v. Hoechst Celanese Chemical Group, Inc.*, 355 F.3d 345 (5th Cir. 2003) | Barrows, U.S. Bank |
| 118 | *Rodgers v. 323rd District Court of Tarrant County*, 797 F. App'x 889 (5th Cir. 2020) | DeAngelis |
| 119 | *Ruiz v. Estelle*, 161 F.3d 814 (5th Cir. 1998) | DeAngelis |
| 120 | *Santander v. Salazar*, 133 F.4th 471 (5th Cir. 2025) | Barrows |
| 121 | *Sappore v. Arlington Career Institute*, No. 09-CV-1671, 2010 WL 446076 (N.D. Tex. Feb. 8, 2010) | U.S. Bank |
| 122 | *Shelley v. Kraemer*, 334 U.S. 1 (1948) | Pigg |
| 123 | *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507 (10th Cir. 1990) | Barrows |
| 124 | *Slavin v. Curry*, 574 F.2d 1256 (5th Cir. 1978) | U.S. Bank |
| 125 | *Smith v. Ayer*, 101 U.S. 320 (1879) | Barrows |
| 126 | *Smith v. EMC Corp.*, 393 F.3d 590 (5th Cir. 2004) | U.S. Bank |
| 127 | *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512 (5th Cir. 2016) | Barrows |
| 128 | *Spencer v. Kemna*, 523 U.S. 1 (1998) | DeAngelis |
| 129 | *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc.*, 200 F.3d 307 (5th Cir. 2000) | Barrows |

| No. | Case authority | Citing appellee(s) |
|---|---|---|
| 130 | *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863 (5th Cir. 2000) | Barrows |
| 131 | *Taylor Publishing Co. v. Jostens, Inc.*, 216 F.3d 465 (5th Cir. 2000) | Barrows |
| 132 | *Tel-Phonic Services, Inc. v. TBS International, Inc.*, 975 F.2d 1134 (5th Cir. 1992) | Barrows |
| 133 | *Terra Nova Sciences, LLC v. JOA Oil & Gas Houston, LLC*, 738 F. Supp. 2d 689 (S.D. Tex. 2010) | U.S. Bank |
| 134 | *Texas Association of Business v. Earle*, 388 F.3d 515 (5th Cir. 2004) | Barrows |
| 135 | *Thomas v. State*, 294 F. Supp. 3d 576 (N.D. Tex. 2018) | U.S. Bank |
| 136 | *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341 (5th Cir. 2016) | Barrows |
| 137 | *Turner v. Raynes*, 611 F.2d 92 (5th Cir. 1980) | DeAngelis |
| 138 | *United States ex rel. Gentry v. Encompass Health Rehab. Hosp. of Pearland, L.L.C.*, 157 F.4th 758 (5th Cir. 2025) | U.S. Bank |
| 139 | *United States v. Martino*, 648 F.2d 367 (5th Cir. 1981) | Barrows |
| 140 | *United States v. Pendergraft*, 297 F.3d 1198 (11th Cir. 2002) | Barrows |
| 141 | *United States v. Perez-Gorda*, 115 F.4th 653 (5th Cir. 2024) | Barrows |
| 142 | *United States v. Phillips*, 664 F.2d 971 (5th Cir. Unit B Dec. 1981) | Pigg |
| 143 | *United States v. Rodriguez*, 33 F.4th 807 (5th Cir. 2022) | Barrows |
| 144 | *United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994) | Barrows |
| 145 | *United States v. Winters*, 174 F.3d 478 (5th Cir. 1999) | Barrows |
| 146 | *Van Velzer v. Amegy Bank*, 713 F. App'x 377 (5th Cir. 2018) | Barrows |
| 147 | *Villanueva v. McInnis*, 723 F.2d 414 (5th Cir. 1984) | U.S. Bank |
| 148 | *Wampler v. Southwestern Bell Telephone Co.*, 597 F.3d 741 (5th Cir. 2010) | U.S. Bank |
| 149 | *Ward v. Santa Fe Independent School District*, 393 F.3d 599 (5th Cir. 2004) | Barrows |
| 150 | *Warnock v. Pecos County*, 88 F.3d 341 (5th Cir. 1996) | DeAngelis |
| 151 | *Washington v. Comm'n for Law. Discipline*, No. 1:23-CV-00526-JRN, 2024 WL 303880 (W.D. Tex. Jan. 25, 2024) | State Bar |

| No. | Case authority | Citing appellee(s) |
|---|---|---|
| 152 | *Webster v. Comm'n for Law. Discipline*, 704 S.W.3d 478 (Tex. 2024) | State Bar |
| 153 | *West v. Atkins*, 487 U.S. 42 (1988) | Barrows |
| 154 | *Wilson v. Kimberly-Clark Corp.*, 254 F. App'x 280 (5th Cir. 2007) | U.S. Bank |
| 155 | *Wood v. Parker County*, 463 F. App'x 360 (5th Cir. 2012) | DeAngelis |
| 156 | *Word of Faith World Outreach Center Church, Inc. v. Morales*, 986 F.2d 962 (5th Cir. 1993) | Barrows |
| 157 | *Word of Faith World Outreach Center Church, Inc. v. Sawyer*, 90 F.3d 118 (5th Cir. 1996) | U.S. Bank |
| 158 | *XL Specialty Insurance Co. v. Kiewit Offshore Services, Ltd.*, 513 F.3d 146 (5th Cir. 2008) | Barrows |
| 159 | *Yan v. State Bar of Texas*, No. 4:23-CV-00758-P, 2023 WL 8649817 (N.D. Tex. Dec. 13, 2023) | State Bar, DeAngelis |
| 160 | *Yan v. Taylor*, No. 4:23-CV-0288-P, 2024 WL 1173737 (N.D. Tex. Mar. 19, 2024) | DeAngelis |
| 161 | *Yancy v. United Surgical Partners International, Inc.*, 236 S.W.3d 778 (Tex. 2007) | Barrows |
| 162 | *Yohey v. Collins*, 985 F.2d 222 (5th Cir. 1993) | DeAngelis, Barrows |
| 163 | *Zastrow v. Houston Auto Imports Greenway Ltd.*, 789 F.3d 553 (5th Cir. 2015) | Barrows |