**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**
**No. 25-11370**

CONGHUA YAN, Plaintiff-Appellant,

v.

WILLIAM A. PIGG, in Individual Capacity, as Member of the State of Texas, Defendant-Appellee.

**consolidated with**
**No. 26-10286**

CONGHUA YAN, Plaintiff-Appellant,

v.

The State Bar of Texas, a private company; The Barrows Firm, a private company; Leslie Starr Barrows, in Individual Capacity, as Member of the State Bar of Texas; William Albert Pigg, in Individual Capacity, as Member of the State Bar of Texas; Samantha Ybarra, in Individual Capacity, as Member of the State Bar of Texas; Luis Jesus Marin, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Daniel Eulalio Martinez, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Rachel Ann Craig, in Individual Capacity, as Member of the State Bar of Texas, and Official Capacity as Assistant Disciplinary Counsel for the Office of the CDC; Lori L. DeAngelis, in Individual Capacity, as Member of the State Bar of Texas and Official Capacity as Associate Judge; Tarrant County; U.S. Bank, Defendants-Appellees.

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
USDC No. 4:23-CV-758

# STATUTORY ADDENDUM TO REPLY BRIEF
# FED. R. APP. P. 28(f)

Conghua Yan
2140 E. Southlake Boulevard, Suite L-439
Southlake, Texas 76092
Telephone: 214-228-1886
arnold200@gmail.com
Plaintiff-Appellant, Pro Se

## NOTE ON REPRODUCTION

This addendum supplements Appellant's Statutory Addendum to Opening Brief. Provisions already supplied to the Court in that addendum are not duplicated here; the cross-reference below identifies the opening-addendum pages. The provisions reproduced below are from official sources. Where only part of a provision is reproduced, omissions are marked with ellipses. Section 1056(d)(3)(B) is reproduced in the historical version applicable to domestic relations orders received by plan administrators before January 1, 2023.

**TABLE OF CONTENTS**

**STATUTORY ADDENDUM TO REPLY BRIEF FED. R. APP. P. 28(f)**........1

NOTE ON REPRODUCTION ........................................................................2

TABLE OF CONTENTS...........................................................................3

OPENING-BRIEF STATUTORY ADDENDUM CROSS-REFERENCE.............5

1. 28 U.S.C. § 2111 — Harmless Error ......................................................6

2. Federal Rule of Appellate Procedure 28(a)(8), (b), and (f) ..................................7

3. Federal Rule of Appellate Procedure 38 — Frivolous Appeal—Damages and Costs...........................................................................................8

4. Federal Rule of Civil Procedure 61 — Harmless Error........................................9

5. Texas Constitution article V, § 1 — Judicial Power Vested in Courts; Legislative Power Regarding Courts ..................................................................10

6. Texas Family Code, Subchapter D — Associate Judge for Juvenile Matters; § 201.301 — Applicability ......................................................................11

7. Texas Family Code § 201.308 — Powers of Associate Judge (Subchapter D: Juvenile Matters).......................................................................12

8. Texas Family Code § 201.316 — Judicial Action on Associate Judge's Proposed Order or Judgment (Subchapter D: Juvenile Matters)..........................................14

9. Texas Family Code § 201.317 — De Novo Hearing (Subchapter D: Juvenile Matters) ..........................................................................................15

10. Texas Rules of Disciplinary Procedure — Preamble; Rules 1.02 and 1.03(A) 17

11. Texas Government Code § 81.072(g) — Complainant and Witness Immunity ..........................................................................................18

12. 28 U.S.C. § 2283 — Stay of State Court Proceedings .....................................19

13. Fifth Circuit Rule 47.5.4 — Unpublished Opinions Issued on or After January 1, 1996 ......20

14. Federal Rule of Civil Procedure 9(b) — Fraud or Mistake; Conditions of Mind ......21

15. Texas Rule of Disciplinary Procedure 8.01 — Compulsory Discipline......22

16. 18 U.S.C. § 2 — Principals......23

17. 28 U.S.C. §§ 2201–2202 — Declaratory relief ......24

18. 29 U.S.C. § 1001(b) — ERISA policy ......25

19. 29 U.S.C. § 1056(d)(3)(B)–(D), (I) — Supplemental QDRO provisions and 2022 historical text......26

20. 29 U.S.C. § 1106(a)(1)(A)–(D) and § 1132(a)(1)(B) — Supplemental ERISA provisions......28

21. Federal Rules of Appellate Procedure 28(i) and 32 — Adoption and format...29

22. Federal Rules of Civil Procedure 8(a)(2), 12(c), 12(d), 41(b), 58(a), and 59(e) ......31

23. Former Texas Family Code §§ 6.502(a)(2), (4), and 6.708(c) ......33

24. Texas Family Code §§ 8.057(b), 8.351, and 8.352 (H.B. 867; effective Sept. 1, 2021) ......34

25. Texas Rule of Civil Procedure 245 — Assignment of Cases for Trial ......36

26. Texas Rules of Disciplinary Procedure 1.06(C) and 2.12–2.13 ......37

27. Texas Disciplinary Rules of Professional Conduct 1.05(b) and 4.01(a) ......39

**OPENING-BRIEF STATUTORY ADDENDUM CROSS-REFERENCE**

The following provisions cited in the Reply Brief were already reproduced in Appellant's Statutory Addendum to Opening Brief and are not repeated here. Page references below are to that opening-brief addendum. Section 1056(d)(3)(B)(ii) is excluded from this cross-reference because the opening addendum reproduced a later amendment; the pre-2023 text applicable to the challenged 2022 plan receipt is reproduced in Supplemental Item 19 below.

15 U.S.C. § 2: Opening Addendum 4.

18 U.S.C. § 664; §§ 1341, 1343: Opening Addendum 7–10.

18 U.S.C. §§ 1961, 1962, 1964: Opening Addendum 11–19.

29 U.S.C. § 1056(d)(1), (3)(A), (G), (H), (K): Opening Addendum 22–25.

29 U.S.C. § 1104(a)(1)(D); § 1109(a); § 1132(a)(2), (a)(3), (e)(1): Opening Addendum 26–27.

42 U.S.C. § 1983: Opening Addendum 29.

Fed. R. Civ. P. 12(b), 15(a)(2), 15(d), 54(b): Opening Addendum 33–36.

Tex. Fam. Code §§ 201.007, 201.017: Opening Addendum 41–44.

Tex. R. Disciplinary P. 17.09: Opening Addendum 46.

**1. 28 U.S.C. § 2111 — Harmless Error**

On the hearing of any appeal or writ of certiorari in any case, the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties.

**2. Federal Rule of Appellate Procedure 28(a)(8), (b), and (f)**

Rule 28. Briefs

(a) Appellant's Brief. The appellant's brief must contain, under appropriate headings and in the order indicated: . . .

(8) the argument, which must contain:

(A) appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues); . . .

(b) Appellee's Brief. The appellee's brief must conform to the requirements of Rule 28(a)(1)–(8) and (10), except that none of the following need appear unless the appellee is dissatisfied with the appellant's statement:

(1) the jurisdictional statement;

(2) the statement of the issues;

(3) the statement of the case;

(4) the statement of the standard of review. . . .

(f) Reproduction of Statutes, Rules, Regulations, etc. If the court's determination of the issues presented requires the study of statutes, rules, regulations, etc., the relevant parts must be set out in the brief or in an addendum at the end, or may be supplied to the court in pamphlet form.

### 3. Federal Rule of Appellate Procedure 38 — Frivolous Appeal—Damages and Costs

If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

### 4. Federal Rule of Civil Procedure 61 — Harmless Error

Unless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

**5. Texas Constitution article V, § 1 — Judicial Power Vested in Courts; Legislative Power Regarding Courts**

The judicial power of this State shall be vested in one Supreme Court, in one Court of Criminal Appeals, in Courts of Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law.

The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto.

**6. Texas Family Code, Subchapter D — Associate Judge for Juvenile Matters; § 201.301 — Applicability**

SUBCHAPTER D. ASSOCIATE JUDGE FOR JUVENILE MATTERS

Sec. 201.301. APPLICABILITY. This subchapter applies only to an associate judge appointed under this subchapter and does not apply to a juvenile court master appointed under Subchapter K, Chapter 54, Government Code.

**7. Texas Family Code § 201.308 — Powers of Associate Judge (Subchapter D: Juvenile Matters)**

(a) Except as limited by an order of referral, an associate judge may:

(1) conduct a hearing;

(2) hear evidence;

(3) compel production of relevant evidence;

(4) rule on the admissibility of evidence;

(5) issue a summons for:

(A) the appearance of witnesses; and

(B) the appearance of a parent who has failed to appear before an agency authorized to conduct an investigation of an allegation of abuse or neglect of a child after receiving proper notice;

(6) examine a witness;

(7) swear a witness for a hearing;

(8) make findings of fact on evidence;

(9) formulate conclusions of law;

(10) recommend an order to be rendered in a case;

(11) regulate proceedings in a hearing;

(12) order the attachment of a witness or party who fails to obey a subpoena;

(13) order the detention of a witness or party found guilty of contempt, pending approval by the referring court; and

(14) take action as necessary and proper for the efficient performance of the associate judge's duties.

(b) An associate judge may, in the interest of justice, refer a case back to the referring court regardless of whether a timely objection to the associate judge hearing the trial on the merits or presiding at a jury trial has been made by any party.

**8. Texas Family Code § 201.316 — Judicial Action on Associate Judge's Proposed Order or Judgment (Subchapter D: Juvenile Matters)**

Unless a party files a written request for a de novo hearing before the referring court, the referring court may:

(1) adopt, modify, or reject the associate judge's proposed order or judgment;

(2) hear additional evidence; or

(3) recommit the matter to the associate judge for further proceedings.

**9. Texas Family Code § 201.317 — De Novo Hearing (Subchapter D: Juvenile Matters)**

(a) A party may request a de novo hearing before the referring court by filing with the clerk of the referring court a written request not later than the third working day after the date the party receives notice of the substance of the associate judge's report as provided by Section 201.313.

(b) A request for a de novo hearing under this section must specify the issues that will be presented to the referring court. The de novo hearing is limited to the specified issues.

(c) Notice of a request for a de novo hearing before the referring court shall be given to the opposing attorney in the manner provided by Rule 21a, Texas Rules of Civil Procedure.

(d) If a request for a de novo hearing before the referring court is filed by a party, any other party may file a request for a de novo hearing before the referring court not later than the third working day after the date the initial request was filed.

(e) The referring court, after notice to the parties, shall hold a de novo hearing not later than the 30th day after the date the initial request for a de novo hearing was filed with the clerk of the referring court.

(f) In the de novo hearing before the referring court, the parties may present witnesses on the issues specified in the request for hearing. The referring court may also consider the record from the hearing before the associate judge, including the charge to and verdict returned by a jury, if the record was taken by a court reporter.

(g) The denial of relief to a party after a de novo hearing under this section or a party's waiver of the right to a de novo hearing before the referring court does not

affect the right of a party to file a motion for new trial, a motion for judgment notwithstanding the verdict, or other posttrial motions.

(h) A party may not demand a second jury in a de novo hearing before the referring court if the associate judge's proposed order or judgment resulted from a jury trial.

**10. Texas Rules of Disciplinary Procedure — Preamble; Rules 1.02 and 1.03(A)**

Preamble

The Supreme Court of Texas has the constitutional and statutory responsibility within the State for the lawyer discipline and disability system, and has inherent power to maintain appropriate standards of professional conduct and to dispose of individual cases of lawyer discipline and disability in a manner that does not discriminate by race, creed, color, sex, or national origin. To carry out this responsibility, the Court promulgates the following rules for lawyer discipline and disability proceedings. Subject to the inherent power of the Supreme Court of Texas, the responsibility for administering and supervising lawyer discipline and disability is delegated to the Board of Directors of the State Bar of Texas. Authority to adopt rules of procedure and administration not inconsistent with these rules is vested in the Board. This delegation is specifically limited to the rights, powers, and authority herein expressly delegated.

1.02. Objective of the Rules: These rules establish the procedures to be used in the professional disciplinary and disability system for attorneys in the State of Texas.

1.03. Construction of the Rules: These rules are to be broadly construed to ensure the operation, effectiveness, integrity, and continuation of the professional disciplinary and disability system. The following rules apply in the construction of these rules:

A. If any portion of these rules is held unconstitutional by any court, that determination does not affect the validity of the remaining rules.

**11. Texas Government Code § 81.072(g) — Complainant and Witness Immunity**

(g) A person may not maintain an action against a complainant or witness in a disciplinary proceeding based on a communication made by the complainant or witness to the commission, a grievance committee, or the chief disciplinary counsel. The immunity granted by this subsection is absolute and unqualified.

**12. 28 U.S.C. § 2283 — Stay of State Court Proceedings**

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

**13. Fifth Circuit Rule 47.5.4 — Unpublished Opinions Issued on or After January 1, 1996**

47.5.4 Unpublished Opinions Issued on or After January 1, 1996. Unpublished opinions issued on or after January 1, 1996, are not precedent, except under the doctrine of res judicata, collateral estoppel or law of the case (or similarly to show double jeopardy, notice, sanctionable conduct, entitlement to attorney's fees, or the like). An unpublished opinion may be cited pursuant to FED. R. APP. P. 32.1(a). The party citing to an unpublished judicial disposition should provide a citation to the disposition in a publicly accessible electronic database. If the disposition is not available in an electronic database, a copy of any unpublished opinion cited in any document being submitted to the court must be attached to each copy of the document, as required by FED. R. APP. P. 32.1(b). The first page of each unpublished opinion bears the following legend: This opinion is not designated for publication. See 5th Cir. R. 47.5.

## 14. Federal Rule of Civil Procedure 9(b) — Fraud or Mistake; Conditions of Mind

(b) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

## 15. Texas Rule of Disciplinary Procedure 8.01 — Compulsory Discipline

PART VIII. COMPULSORY DISCIPLINE

8.01. Generally: When an attorney licensed to practice law in Texas has been convicted of an Intentional Crime or has been placed on probation for an Intentional Crime with or without an adjudication of guilt, the Chief Disciplinary Counsel shall initiate a Disciplinary Action seeking compulsory discipline pursuant to this part. The completion or termination of any term of incarceration, probation, parole, or any similar court ordered supervised period does not bar action under Part VIII of these rules as hereinafter provided. Proceedings under this part are not exclusive in that an attorney may be disciplined as a result of the underlying facts as well as being disciplined upon the conviction or probation through deferred adjudication.

**16. 18 U.S.C. § 2 — Principals**

18 U.S.C. § 2. Principals.

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

**17. 28 U.S.C. §§ 2201–2202 — Declaratory relief**

28 U.S.C. § 2201(a) (relevant portion). In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2202. Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

**18. 29 U.S.C. § 1001(b) — ERISA policy**

(b) It is hereby declared to be the policy of this chapter to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts.

**19. 29 U.S.C. § 1056(d)(3)(B)–(D), (I) — Supplemental QDRO provisions and 2022 historical text**

29 U.S.C. § 1056(d)(3)(B) (version applicable to domestic relations orders received by plan administrators before Jan. 1, 2023). For purposes of this paragraph—

(i) the term "qualified domestic relations order" means a domestic relations order—

(I) which creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a plan, and

(II) with respect to which the requirements of subparagraphs (C) and (D) are met, and

(ii) the term "domestic relations order" means any judgment, decree, or order (including approval of a property settlement agreement) which—

(I) relates to the provision of child support, alimony payments, or marital property rights to a spouse, former spouse, child, or other dependent of a participant, and

(II) is made pursuant to a State domestic relations law (including a community property law).

29 U.S.C. § 1056(d)(3)(C). A domestic relations order meets the requirements of this subparagraph only if such order clearly specifies—

(i) the name and the last known mailing address (if any) of the participant and the name and mailing address of each alternate payee covered by the order,

(ii) the amount or percentage of the participant's benefits to be paid by the plan to each such alternate payee, or the manner in which such amount or percentage is to be determined,

(iii) the number of payments or period to which such order applies, and

(iv) each plan to which such order applies.

29 U.S.C. § 1056(d)(3)(D). A domestic relations order meets the requirements of this subparagraph only if such order—

(i) does not require a plan to provide any type or form of benefit, or any option, not otherwise provided under the plan,

(ii) does not require the plan to provide increased benefits (determined on the basis of actuarial value), and

(iii) does not require the payment of benefits to an alternate payee which are required to be paid to another alternate payee under another order previously determined to be a qualified domestic relations order.

. . .

29 U.S.C. § 1056(d)(3)(I). If a plan fiduciary acts in accordance with part 4 of this subtitle in—

(i) treating a domestic relations order as being (or not being) a qualified domestic relations order, or

(ii) taking action under subparagraph (H),

then the plan's obligation to the participant and each alternate payee shall be discharged to the extent of any payment made pursuant to such Act.

. . .

**20. 29 U.S.C. § 1106(a)(1)(A)–(D) and § 1132(a)(1)(B) — Supplemental ERISA provisions**

29 U.S.C. § 1106(a)(1)(A)–(D) (relevant part). Except as provided in section 1108 of this title:

(1) A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect—

(A) sale or exchange, or leasing, of any property between the plan and a party in interest;

(B) lending of money or other extension of credit between the plan and a party in interest;

(C) furnishing of goods, services, or facilities between the plan and a party in interest;

(D) transfer to, or use by or for the benefit of a party in interest, of any assets of the plan; or

. . .

29 U.S.C. § 1132(a) (relevant part). A civil action may be brought—

(1) by a participant or beneficiary—

. . .

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

. . .

**21. Federal Rules of Appellate Procedure 28(i) and 32 — Adoption and format**

Fed. R. App. P. 28(i). Briefs in a Case Involving Multiple Appellants or Appellees. In a case involving more than one appellant or appellee, including consolidated cases, any number of appellants or appellees may join in a brief, and any party may adopt by reference a part of another's brief. Parties may also join in reply briefs.

Fed. R. App. P. 32(a)(5). Typeface. Either a proportionally spaced or a monospaced face may be used.

(A) A proportionally spaced face must include serifs, but sans-serif type may be used in headings and captions. A proportionally spaced face must be 14-point or larger.

(B) A monospaced face may not contain more than 10½ characters per inch.

Fed. R. App. P. 32(a)(6). Type Styles. A brief must be set in a plain, roman style, although italics or boldface may be used for emphasis. Case names must be italicized or underlined.

Fed. R. App. P. 32(f). Items Excluded from Length. In computing any length limit, headings, footnotes, and quotations count toward the limit but the following items do not:

• cover page;

• disclosure statement;

• table of contents;

• table of citations;

• statement regarding oral argument;

• addendum containing statutes, rules, or regulations;

- certificates of counsel;
- signature block;
- proof of service; and
- any item specifically excluded by these rules or by local rule.

**22. Federal Rules of Civil Procedure 8(a)(2), 12(c), 12(d), 41(b), 58(a), and 59(e)**

Fed. R. Civ. P. 8(a)(2). Claim for Relief. A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.

Fed. R. Civ. P. 12(c). Motion for Judgment on the Pleadings. After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.

Fed. R. Civ. P. 12(d). Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 41(b) (relevant portion). Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 58(a). Separate Document. Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion:

(1) for judgment under Rule 50(b);

(2) to amend or make additional findings under Rule 52(b);

(3) for attorney's fees under Rule 54;

(4) for a new trial, or to alter or amend the judgment, under Rule 59; or

(5) for relief under Rule 60.

Fed. R. Civ. P. 59(e). Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

**23. Former Texas Family Code §§ 6.502(a)(2), (4), and 6.708(c)**

Former Tex. Fam. Code § 6.502(a) (version in effect in 2022. H.B. 2671, effective Sept. 1, 2023, later added subsection (a-1) without amending subsection (a); H.B. 2524, effective Sept. 1, 2025, later amended subsection (a)).

(a) While a suit for dissolution of a marriage is pending and on the motion of a party or on the court's own motion after notice and hearing, the court may render an appropriate order, including the granting of a temporary injunction for the preservation of the property and protection of the parties as deemed necessary and equitable and including an order directed to one or both parties: . . .

(2) requiring payments to be made for the support of either spouse; . . .

(4) ordering payment of reasonable attorney's fees and expenses; . . .

Former Tex. Fam. Code § 6.708(c). In a suit for dissolution of a marriage, the court may award reasonable attorney's fees and expenses. The court may order the fees and expenses and any postjudgment interest to be paid directly to the attorney, who may enforce the order in the attorney's own name by any means available for the enforcement of a judgment for debt.

**24. Texas Family Code §§ 8.057(b), 8.351, and 8.352 (H.B. 867; effective Sept. 1, 2021)**

H.B. 867 (87th Leg., R.S. 2021), enrolled text, §§ 1, 3, and 7 (effective Sept. 1, 2021): https://capitol.texas.gov/tlodocs/87R/billtext/html/HB00867F.htm

Tex. Fam. Code § 8.057(b) (as amended by H.B. 867). Notice of a motion to modify maintenance or to establish or modify a maintenance qualified domestic relations order under Subchapter H and the response to the motion, if any, are governed by the Texas Rules of Civil Procedure applicable to the filing of an original lawsuit. Notice must be given by service of citation, and a response must be in the form of an answer due on or before 10 a.m. of the first Monday after 20 days after the date of service. A court shall set a hearing on the motion in the manner provided by Rule 245, Texas Rules of Civil Procedure.

Sec. 8.351. JURISDICTION FOR QUALIFIED DOMESTIC RELATIONS ORDER.

(a) The court that rendered an order for the payment of maintenance, or the court that obtains jurisdiction to enforce a maintenance order, has continuing jurisdiction to render enforceable qualified domestic relations orders or similar orders permitting payment of pension, retirement plan, or other employee benefits to an alternate payee or other lawful payee to satisfy amounts due under the maintenance order. A maintenance order includes a temporary or final order for maintenance and arrears and interest with respect to that order.

(b) Unless prohibited by federal law, a suit seeking a qualified domestic relations order or similar order under this subchapter applies to a pension, retirement plan, or other employee benefit, regardless of whether the pension, retirement plan, or other employee benefit:

(1) is private, state, or federal;

(2) is subject to another qualified domestic relations order or similar order;

(3) is property that is the subject of a pending proceeding for dissolution of a marriage;

(4) is property disposed of in a previous decree for dissolution of a marriage; or

(5) is the subject of an agreement under Chapter 4.

(c) A court described by Subsection (a) retains jurisdiction to render a qualified domestic relations order or similar order under this subchapter until all maintenance due under the maintenance order, including arrearages and interest, has been paid.

Sec. 8.352. PROCEDURE.

(a) A party to a maintenance order may petition the court for a qualified domestic relations order or similar order in an original suit or in an action for enforcement of the maintenance order under this chapter.

(b) Each party whose rights may be affected by the petition is entitled to receive notice.

**25. Texas Rule of Civil Procedure 245 — Assignment of Cases for Trial**

The Court may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties; provided, however, that when a case previously has been set for trial, the Court may reset said contested case to a later date on any reasonable notice to the parties or by agreement of the parties. Noncontested cases may be tried or disposed of at any time whether set or not, and may be set at any time for any other time. A request for trial setting constitutes a representation that the requesting party reasonably and in good faith expects to be ready for trial by the date requested, but no additional representation concerning the completion of pretrial proceedings or of current readiness for trial shall be required in order to obtain a trial setting in a contested case.

**26. Texas Rules of Disciplinary Procedure 1.06(C) and 2.12–2.13**

Tex. R. Disciplinary P. 1.06(C). "Chief Disciplinary Counsel" means the person serving as Chief Disciplinary Counsel and any and all of his or her assistants.

Tex. R. Disciplinary P. 2.12. Investigation and Determination of Just Cause:

A. The Chief Disciplinary Counsel will investigate a Complaint to determine whether Just Cause exists.

1. General Rule: The Chief Disciplinary Counsel must make a Just Cause determination within 60 days of the date that the Respondent's response to the Complaint is due.

2. Exceptions: The Just Cause determination date is extended to 60 days after the latest of: a. the date of compliance specified in any investigatory subpoena issued by the Chief Disciplinary Counsel; b. the date of any enforcement order issued by a district court under (E); or c. the date that an investigatory hearing is completed.

B. During the investigation, the Chief Disciplinary Counsel, with the Committee chair's approval, may issue a subpoena that relates directly to a specific allegation of attorney misconduct for the production of documents, electronically stored information, or tangible things or to compel the attendance of a witness, including the Respondent, at an investigatory hearing. . . .

F. The Chief Disciplinary Counsel may set a Complaint for an investigatory hearing. The hearing will be set before an Investigatory Panel and is a nonadversarial proceeding that may be conducted by teleconference. The chair of the Investigatory Panel may administer oaths and may set forth procedures for eliciting evidence, including witness testimony. Witness examination may be conducted by the Chief Disciplinary Counsel, the Respondent, or the Panel. An investigatory hearing is

strictly confidential and any record may be released only for use in a disciplinary matter.

G. An investigatory hearing may result in a Sanction negotiated with the Respondent or in the Chief Disciplinary Counsel's dismissing the Complaint or finding Just Cause. The terms of a negotiated Sanction must be in a written judgment with findings of fact and conclusions of law. The judgment must be entered into the record by the chair of the Investigatory Panel and signed by the Chief Disciplinary Counsel and the Respondent.

Tex. R. Disciplinary P. 2.13. Summary Disposition Setting: Upon investigation, if the Chief Disciplinary Counsel determines that Just Cause does not exist to proceed on the Complaint, the Chief Disciplinary Counsel shall place the Complaint on a Summary Disposition Panel docket, which may be conducted by teleconference. At the Summary Disposition Panel docket, the Chief Disciplinary Counsel will present the Complaint together with any information, documents, evidence, and argument deemed necessary and appropriate by the Chief Disciplinary Counsel, without the presence of the Complainant or Respondent. The Summary Disposition Panel shall determine whether the Complaint should be dismissed or should proceed. If the Summary Disposition Panel dismisses the Complaint, both the Complainant and Respondent will be so notified. There is no appeal from a determination by the Summary Disposition Panel that the Complaint should be dismissed or should proceed. All Complaints presented to the Summary Disposition Panel and not dismissed will proceed in accordance with Rule 2.14 and Rule 2.15. The fact that a Complaint was placed on the Summary Disposition Panel Docket and not dismissed is wholly inadmissible for any purpose in the instant or any subsequent Disciplinary Proceeding or Disciplinary Action.

**27. Texas Disciplinary Rules of Professional Conduct 1.05(b) and 4.01(a)**

Tex. Disciplinary R. Prof'l Conduct 1.05(b). Except as permitted by paragraphs (c) and (d), or as required by paragraphs (e), and (f), a lawyer shall not knowingly:

(1) Reveal confidential information of a client or a former client to:

(i) a person that the client has instructed is not to receive the information; or

(ii) anyone else, other than the client, the client's representatives, or the members, associates, or employees of the lawyer's law firm.

(2) Use confidential information of a client to the disadvantage of the client unless the client consents after consultations.

(3) Use confidential information of a former client to the disadvantage of the former client after the representation is concluded unless the former client consents after consultation or the confidential information has become generally known.

(4) Use privileged information of a client for the advantage of the lawyer or of a third person, unless the client consents after consultation.

Tex. Disciplinary R. Prof'l Conduct 4.01(a). In the course of representing a client a lawyer shall not knowingly:

(a) make a false statement of material fact or law to a third person;