U.S. COURT OF APPEALS
RECEIVED
Nov 10, 2026
FIFTH CIRCUIT

November 10, 2026

Clerk of Court
United States Court of Appeals for the Fifth Circuit

**Re: Nos. 25-11370 c/w 26-10286**
**Conghua Yan v. William A. Pigg;**
**Conghua Yan v. State Bar of Texas, et al.**

**Supplemental Authority Under Federal Rule of Appellate Procedure 28(j)**

Dear Clerk:

Under Federal Rule of Appellate Procedure 28(j), Appellant submits *First Choice Women's Resource Centers, Inc. v. Davenport*, 146 S. Ct. 1114, 1125 (2026), which **recently came to his attention after briefing**. It addresses the injury-in-fact requirement of Article III standing.

*First Choice* held that an outstanding, non-self-executing government subpoena caused **a present** First Amendment injury before **judicial enforcement**. *Id.* at 1125. The injury arose from the existing burden, not merely the prospect of future enforcement. **In reviewing the dismissal for lack of standing, the Supreme Court treated the complaint's well-pleaded allegations as true.**

The proposed Fourth Amended Complaint (PFAC) alleges two distinct writs. The June 16, 2022 writ was **executed**, resulting in a $25,000 distribution from Yan's 401(k). The July 14, 2022 second writ was **served** on U.S. Bank but **remained unexecuted**. PFAC ¶ 67 (Doc. 210-1 at 18–19). Yan further alleges that **the second writ**, while **outstanding**, **restricted his access to or management of his remaining retirement benefits** and caused continuing economic harm. *Id.* ¶¶ 68–70; Opening Br. 35–36, 73.

Yan further alleges that **Defendant Pigg concealed the existence of these writs from Yan by denying that he had signed any order, despite court records showing three orders bearing Pigg's signature.**

*First Choice* concerned First Amendment **associational rights**, whereas Yan alleges a **Fourteenth Amendment property deprivation** implicating ERISA-protected benefits. The constitutional theories differ, but the Article III analogy is pertinent: **nonexecution alone does not negate a present injury**. Treating the PFAC's **specific second-writ allegations** as frivolous or merely hypothetical solely because the writ has not yielded another distribution would **disregard the alleged ongoing restraint and improperly conflate the existence of an injury with the ultimate merits of the claims**. Whether the writ is unlawful, or whether the other elements of Yan's claims are satisfied, remains a separate merits inquiry.

Appellant respectfully requests that the Court consider this authority when reviewing standing and the denial of leave to amend, without treating nonexecution as dispositive of the PFAC's alleged injury.

Respectfully submitted,


*/s/ Conghua Yan*
Conghua Yan, Appellant, Pro Se
2140 E. Southlake Boulevard, Suite L-439
Southlake, Texas 76092
214-228-1886 | arnold200@gmail.com


**Certificate of Word Count**

The body of this letter contains 291 words (space-delimited count), including citations, and complies with the 350-word limit in Federal Rule of Appellate Procedure 28(j).

**Certificate of Service**

I certify that on November 10, 2026, I served this letter on all counsel of record by email.

*/s/ Conghua Yan*
Conghua Yan